UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ,

                              Plaintiff,

        v.

TENNESSEE S. PALMER *and* A. VALLE,

                              Defendants.

No. 21-CV-8078 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, currently incarcerated in Clinton Correctional Facility, brings this pro se action under 42 U.S.C. § 1983, alleging that correction officers at Green Haven Correctional Facility violated his constitutional rights.  By order dated September 29, 2021, Judge Swain granted Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1]

I.  DISCUSSION

A.  Order of Service

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely on the Court and the U.S. Marshals Service to effect service.  *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); FED. R. CIV. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and complaint until the Court reviewed

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1).

the complaint and ordered that a summons be issued.  The Court therefore extends the time to serve until 90 days after the date that the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants.  The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.  Local Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action.  Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."  Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## II.  CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, along with an information package.

The Clerk of Court is further directed to issue summonses, complete the USM-285 forms with the addresses for Correction Officers Tennessee S. Palmer and A. Valle, and to deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:    October 6, 2021
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1.      Corrections Officer Tennessee S. Palmer
        Green Haven Correction Facility
        594 NY-216
        Stormville, N.Y. 12582

2.      Corrections Officer A. Valle
        Green Haven Correction Facility
        594 NY-216
        Stormville, N.Y. 12582