UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ,

                        Plaintiff,

    v.

TENNESSEE S. PALMER AND
ANTHONY VALLE,

                       Defendants.

No. 21-CV-8078 (KMK)

OPINION & ORDER

KENNETH M. KARAS, United States District Judge:

      Plaintiff, proceeding pro se, filed his Complaint on September 28, 2021, alleging Defendant officers Palmer and Valle (collectively, "Defendants") used excessive force in violation of his Eighth Amendment rights. (Compl. (Dkt. No. 2).) On October 16, 2021, Plaintiff filed a motion for damages and a supporting declaration, (*see* Dkt. Nos. 9, 10), which the Court denied as premature and annexed to the Complaint, (Dkt. No. 11). After requesting and receiving an extension, (Dkt. Nos. 14, 15), Defendants filed a Partial Motion to Dismiss on June 23, 2023. (Not. of Mot. (Dkt. No. 20); Mem. of Law in Supp. of Mot. ("Defs' Mem.") (Dkt. No. 21).)[1] Plaintiff filed his response on July 25, 2023. (Resp. to Mot. To Dismiss ("Pl's Resp.") (Dkt. No. 27).) The same day, Plaintiff also filed a Motion for Leave To Amend to

---

[1] Plaintiff filed a letter dated June 25, 2023, stating that a "Jailhouse Lawyer" "file[d] the original complaint," that he did not have "a copy of the original filed complaint," and that he was therefore researching how to amend. (Letter from Anthony Rodriguez to Court (June 25, 2023) (Dkt. No. 23).) In a subsequent letter, dated August 16, 2023, Plaintiff advised the Court that he received and reviewed a copy of the Complaint. (Letter from Anthony Rodriguez to Court (August 16, 2023) (Dkt. No. 30).) The Court does not construe these letters to suggest the Complaint was improperly filed, but they do support the Court's decision to treat the FAC, which Plaintiff filed himself, as the operative pleading.

which he attached a proposed amended complaint ("FAC").  (Mot. for Leave To Amend (Dkt. No. 25); Aff. of Anthony Rodriguez (Dkt. No. 26).)  On September 8, 2023, Defendants filed a response to that request.  (Mem. of Law in Opp. to Mot. ("Defs' Opp.") (Dkt. No. 31).)

Defendants move to dismiss only to the extent the Complaint alleges state law claims.  (Defs' Mem. 2–3.)[2]  In other words, they do not challenge Plaintiff's excessive force claim at this juncture.  Given the limited scope of Defendant's Motion, the Court grants Plaintiff's Motion to Amend and applies Defendant's Motion to the FAC.  For the reasons set forth below, Defendant's Motion is granted.

I.  Discussion

"Where a plaintiff seeks to amend [his] complaint while a motion to dismiss is pending, a court 'may either deny [the] pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading.'" *Env't Sols. Assocs. Grp., LLC v. Conopoco, Inc.*, No. 20-CV-10699, 2021 WL 2075586, at *1 (S.D.N.Y. May 24, 2021) (second alteration in original) (quoting *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 303 (2d Cir. 2020)).  As the Second Circuit has explained, this approach "promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." *Pettaway*, 955 F.3d at 303.

---

[2] In addition to monetary relief, Plaintiff initially sought an injunction directing officers at Green Haven to wear "Body Cams" and requesting changes to his "facility record."  (Compl. 5.)  Plaintiff was subsequently transferred to a different facility, and the Parties agree those claims for relief are now moot.  (Defs' Mem. 2; Pl's Resp. ¶ 4 (agreeing "the two forms of equitable relief sought . . . are moot".)  *See McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020) ("An inmate's transfer from a prison facility moots his claims for declaratory or injunctive relief against officials of the transferring facility.").

The Court takes the second path here and applies Defendants' Motion to the FAC. Although this creates one oddity, as explained below, it is the most efficient and equitable approach in this case.

A. Standard of Review

The Supreme Court has held that, while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations, alterations, and quotation marks omitted). Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*. (citation, alteration, and quotation marks omitted). Instead, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (citation and quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Where, as here, a plaintiff proceeds pro se, the "complaint[] must be construed liberally and interpreted to raise the strongest arguments that [it] suggest[s]." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (per curiam) (internal quotation marks and citation

3

omitted). However, "the liberal treatment afforded to pro se litigants does not exempt a pro se party from compliance with relevant rules of procedural and substantive law." *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013) (citation and quotation marks omitted); *see also Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them." (italics and internal quotation marks omitted)).

    B.  State Law Claims

Defendants argue that any state law claims, if the Complaint can be construed to state any, are barred by New York Corrections Law § 24. (Defs' Mem. 2–3.) Liberally construed, and drawing all reasonable inferences in Plaintiff's favor, the Court cannot identify any state law claims in the Complaint.

Regardless, any potential state law claims would be barred by § 24. Under that provision, "[n]o civil action shall be brought in any court of the state . . . against any officer or employee of [DOCCS] . . . in his or her personal capacity, for damages arising out of any act done or the failure to perform any act within the scope of employment and in the discharge of duties by such officer or employee." *McCray v. Lee*, No. 16-CV-1730, 2021 WL 4392280, at *11 (S.D.N.Y. Sept. 24, 2021) (alterations in original) (quoting N.Y. Corr. Law § 24); *see also Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) (holding that § 24 applies to claims in federal court). "Courts in the Second Circuit have long held that [§] 24 precludes a plaintiff from raising state law claims in federal court against state employees in their personal capacities for actions arising within the scope of their employment." *Davis v. McCready*, 283 F. Supp. 3d 108, 123–24 (S.D.N.Y. 2017) (collecting cases). Section 24 applies here, as the misconduct alleged "arose as a result of [Defendants] discharging their duties as correctional officers." *Boyd v. Selmer*, 842 F. Supp. 52, 57 (N.D.N.Y. 1994).

Plaintiff briefly states in opposition that § 24 does not "bar him from su[ing] Corrections employees under the Respondeat Superior Doctrine." (Pl's Resp. ¶ 2.) But Plaintiff has not plead an underlying state law claim giving rise to supervisory liability, nor does he allege that Defendants acted outside the scope of their employment.

C. Commissioner Martuscello

The main difference between the Complaint and the FAC is the addition of Acting DOCCS Commissioner Daniel F. Martuscello III as a Defendant. (*See* Pl's Mot. ¶ 2.) Aside from an expanded procedural history section, the substance of the FAC is substantially similar to the Complaint. (Compare Pl's Aff., *with* Compl., *and* Pl's Dec.) In opposing Plaintiff's Motion for Leave To Amend, Defendants argued that the request to add Commissioner Martuscello was futile for two reasons: (1) because the FAC contains no allegations as to Commissioner Martuscello's involvement in the incidents giving rise to Plaintiff's claims, and (2) because he was not yet Commissioner when those incidents occurred. (Defs' Opp. 3.) Given the Second Circuit's chosen choreography in this procedural posture, the Court construes the Government's opposition as a request to dismiss Commissioner Martuscello.

So construed, the Court grants that request. Plaintiff seeks to hold Commissioner Martuscello liable on a respondeat superior theory. (*See* Pl's Resp. ¶ 2.) Supervisory officials, however, "may not be held liable under [§] 1983 'for the conduct of a lower-echelon employee solely on the basis of respondeat superior.'" *Palmer v. City of New York*, 564 F. Supp. 3d 221, 252 (E.D.N.Y. 2021) (quoting *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 122 (2d Cir. 1991)). Instead, a plaintiff may only bring a claim against supervisory officials by alleging the "personal involvement of defendants in [the] alleged constitutional deprivations." *Hawthorne by Hawthorne v. County of Putnam*, 492 F. Supp. 3d 281, 293 (S.D.N.Y. 2020). Plaintiff does not allege in any of his papers that supervisory officials, not to mention the Acting Commissioner,

were personally involved in the events giving rise to his claims. The only officials mentioned in either the Complaint or the FAC are Officers Palmer and Valle, and unnamed clinic staff. (*See generally* Compl.; FAC.) More broadly, Plaintiff's papers do not contain allegations that "give any indication that a valid claim might be stated" against another yet-unnamed supervisor. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation marks omitted) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.1999)). Accordingly, Plaintiff's claims against Commissioner Martuscello are dismissed. *See Ying Li v. City of New York*, 246 F. Supp. 3d 578, 635 (E.D.N.Y. 2017) (dismissing claims against various city employees sua sponte because "there are no factual allegations in the Amended Complaint that support such a claim as to [those d]efendants"); *see also LeBarron v. Warren Cnty. Sheriff's Office*, No. 13-CV-1572, 2015 WL 2248749, at *5 (N.D.N.Y. May 13, 2015) (dismissing claims against county officials for "failure to allege facts plausibly suggesting the[ir] personal involvement").[3]

Although this particular amendment was unsuccessful, the Court is mindful that Plaintiff may not have had the information or materials necessary to craft the FAC to his liking. As explained below, the Court will therefore afford Plaintiff an additional opportunity to amend his complaint to the extent he seeks to allege a supervisory official was personally involved in his injuries.

## II.  Conclusion

For the foregoing reasons, both Motions are granted, and Plaintiff's claims against Commissioner Martuscello are dismissed without prejudice.

---

[3] Defendants also point out that Commissioner Martuscello was not yet Commissioner in 2021 when the events giving rise to this Action occurred. This is likely an additional reason to dismiss the Commissioner as a Defendant, although the cited authority does not directly support this proposition. *See Lebron v. Mrzyglod*, No. 14-CV-10290, 2017 WL 365493, at *10 (S.D.N.Y. Jan. 24, 2017) (stating claims against *former* commissioner were "without merit" because he was no longer serving in government).

Because this is the first adjudication of Plaintiff's claims, Plaintiff may file a second amended complaint within 30 days of the date of this Order. Plaintiff is advised that the amended complaint will replace, not supplement, the instant Complaint, and therefore must contain all of the claims, factual allegations, and exhibits that Plaintiff wishes the Court to consider. If Plaintiff fails to abide by the 30-day deadline, the Court will deem the FAC to be the operative complaint.

The Clerk of Court is respectfully directed to terminate the pending Motions, (Dkt. Nos. 20, 25).

SO ORDERED.

Dated:   December 12, 2023
         White Plains, New York

                                        _____
                                        KENNETH M. KARAS
                                        United States District Judge