UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Rodriguez,
                                    Plaintiff

_(In the space above enter the full name(s) of the plaintiff(s).)_

-against-

Tennessee S. Palmer, Correction Officer

And Anthony Valle, Correction Officer,
                          Defendants

_(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)_

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☒ Yes   ☐ No

(check one)

Hon. Judge Kenneth M. Karas

21 Civ. 8078 (KMK)

RECEIVED
JAN 17 2024
PRO SE OFFICE

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff      Name      Anthony Rodriguez
               ID #      93-49247
               Current Institution    Five Points Correctional Facility
               Address    State Rt. 96, P.O. Box 119
                          Romulus N.Y. 14541

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _Tennessee S. Palmer, C.O._    Shield # _____
Where Currently Employed _Green Haven Correctional Facility_
Address _594 NY-216_
_Stormville, NY. 12582_

Defendant No. 2    Name _Anthony Valle, C.O._    Shield # _____
Where Currently Employed _Green Haven Correctional Facility_
Address _594 NY-216_
_Stormville, N.Y. 12582_

Defendant No. 3    Name _____    Shield # _____
Where Currently Employed _____
Address _____

Defendant No. 4    Name _____    Shield # _____
Where Currently Employed _____
Address _____

Defendant No. 5    Name _____    Shield # _____
Where Currently Employed _____
Address _____

## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur? _Green Haven_
_Correctional Facility, 594 NY-216, Stormville, N.Y. 12582_

B.    Where in the institution did the events giving rise to your claim(s) occur? _Corcraft_
_Industry- Panel systems Shop_

C.    What date and approximate time did the events giving rise to your claim(s) occur? _____
_January 6, 2021 on or about 12:50 pm_

_Rev. 05/2010_                           4

PROCEDURAL HISTORY

1. Plaintiff Anthony Rodriguez, brings this action Pro Se under 42 U.S.C.A. §1983, which was first filed with this Court on or about September 28, 2023, for Eighth Amendment Excessive Force claims against Defendants, Correction Officer Tennessee S. Palmer and Correction Officer Anthony Walle, regarding an incident which occurred on January 6, 2021, at Green Haven Correctional Facility, 594 Rt. 216, P.O. Box 4000, Stormville, N.Y. 12582, (See Misbehavior Report-Exhibit A).

2. On February 3, 2021, Plantiff was found guilty during a Tier III Superintendent's hearing for a Misbehavior Report authored by Defendants Tennessee S. Palmer and Anthony Walle which charged Plaintiff with the following: 106.10 Disobey Direct Order, 100.13 Fighting, 100.10 Assault on Inmate and 113.10 Weapon, (See Hearing Disposition Sheet-Exhibit B).

3. On or about February 2021, Plaintiff filed an Administrative Appeal with D. Venetozzi, Director of Special Housing/Inmate Disciplinary Program. On March 29, 2021, this appeal was denied. On April 23, 2021, Plaintiff filed a Reconsideration Administrative Appeal with Mr. Anthony Rodriguez, Director of Special Housing/Inmate Disciplinary Program. This reconsideration of the appeal was denied on May 14, 2021. Plaintiff filed both of the appeal pleadings while being housed at Green Haven Correctional Facility on Keeplock Confinement status, (These documents were illegally disposed of by Clinton C.F. Correction Officers, See Grievance-Exhibit C).

4. On March 9, 2021, Plaintiff filed a facility grievance at Green Haven C.F. concerning the Excessive Force Claim. The grievance was denied by the Superintendent of Green Haven C.F. on April 29, 2021. Plaintiff then filed an Appeal to the C.O.R.C. on May 5, 2021, which was also denied on December 2, 2021, (See Exhibit D).

5. On June 18, 2021, Plaintiff filed an Article 78 with the Attorney General of N.Y. appealing the guilty disposition of Feb. 3, 2021 mentioned in #2 above. On November 26, 2021, the Attorney General of N.Y., Ordered that the guilty disposition of Feb. 3, 2021, be Dismissed and Expunged from Plaintiff's institutional record. Subsequently, Mr. Anthony Rodriguez, Director of Special Housing/Inmate Disciplinary Program, filed a Reversal Order with Central Office of D.O.C.C.S. and Green Haven C.F.'s Superintendent. Plaintiff filed the Article 78 while being housed at Clinton Correctional Facility, P.O. Box 2001, Dannemora, N.Y. 12929, while on keeplock confinement status, (See Exhibit E).

6. On or about September 28, 2021, the Original 42 U.S.C.A. §1983 concerning Plaintiff's Excessive Force claims constructed by a Law Library Clerk at Green Haven C.F. while Plaintiff was housed at Clinton C.F. on keeplock confinement status. Plaintiff later discoved through a F.O.I.L. request, that the Law Library Clerk in question was transferred to Great Meadow Correctional Facility, P.O. Box 51, 11739 State Rt. 22, Comstock, N.Y. 12821, where the §1983 was actually filed from, (See Exhibit F).

7. On or about June 23, 2023, Plaintiff submitted a request to the Clerk of the Court of the Southern District of New York for a copy of the original complaint filed. Plaintiff was not forwarded the original complaint filed at issue here by the Law Library Clerk from Green Haven C.F. who assisted Plaintiff with the construction of §1983 when plaintiff was on keeplock status and transferred to Clinton Correctional Facility. Subsequently, plaintiff submitted a request for a thirty day Extension of Time on June 25, 2023, to U.S. District Court Judge Hon. Kenneth M. Karas. Then, on July 13, 2023, plaintiff paid for the copies he requested from the clerk of the court and then sometime after plaintiff received the original complaint and the envelope it was sent to the Court for filing, (see Exhibit F).

8. On August 15, 2023, plaintiff wrote the Court explaining that he no longer needed the requested extension of time because he received the original complaint, (See Exhibit F).

9. On or about October 2021, Plaintiff received the Order of Service dated October 6, 2021, from the Clerk of the Court of the U.S. District and Southern District Court of New York. Plaintiff also received U.S. District Judge Hon. Kenneth M. Karas and Magistrate Judge Hon. Judith C. McCarthy's Individual Rules and Practice, Declaration Form and Notice of Motion. Furthermore, Plaintiff received the Order Granting I.F.P. Application in the Prisoner Case from Chief Judge Hon. Laura T. Swain and the Prisoner Authorization Form stamped "Received September 28, 2021," (See Exhibit G).

10. On November 12, 2021, Plaintiff filed the Declaration and Notice of Motion with the U.S. District Court, Southern District of New York. On or about November 25, 2021, the Declaration and Notice of Motion was returned to the Plaintiff from the U.S. District Court, Southern District of N.Y., designating both documents as premature and were annexed to Plaintiff's complaint, so Ordered by U.S. District Judge Hon. Kenneth M. Karas on November 19, 2021. The Declaration was stamped "Received on Nov. 15, 2021 and Memo Endorsed," (See <u>Exhibit H</u>).

11. On April 12, 2023, the Attorney General of N.Y. requested an Extension of Time and admitted to a default by failing to respond within the alloted time. Plaintiff did not know a default occurred because he did not possess the initial complaint filed. The A.G.'s request for an Extension of Time was granted on April 12, 2023, (See <u>Exhibit I</u>).

12. On May 12, 2023, the Attorney General of N.Y. submitted a request for Dismissal of Plaintiff's Complaint and a Notice of Appearance, introducing Assistant Attorney General Jeb Harben as Council for the Defendants - Tennessee S. Palmer and Anthony Valle, (See <u>Exhibit J</u>).

13. Defendant's filed a Partial Motion to Dismiss on June 23, 2023. Plaintiff filed his response on July 25, 2023. The same day, Plaintiff also filed a Motion for Leave to Amend to which he attached a proposed amended complaint. On Sept. 8, 2023, Defendants filed a response to that request. Finally, U.S. District Court, Southern District of N.Y. Judge Hon. Kenneth M. Karas, issued an Opinion and Order dated December 12, 2023,

giving Plaintiff 30 days to file a second amended complaint to replace the instant complaint (FAC). If Plaintiff fails to abide by the 30-day deadline, the Court will deem the FAC to be the operative complaint.

Dated: January _4_, 2024

Respectfully Submitted

Anthony Rodriguez
93A9247
Plaintiff Pro Se


To:  Letetia James, Attorney General of N.Y.
Attn: Jeb Harben, Assistant Attorney General
      Office of the Attorney General
      Dept. of Law, The Capitol
      Albany, N.Y. 12224-0341

FACTS

14. On January 6, 2021, I, Anthony Rodriguez 93A9247, (Plaintiff Herein), did witness C.O. Tennessee S. Palmer, yelling at inmate, T. Haywood 09A2545, to go back to his assigned program area of the Corcraft Industry at Green Haven Correctional Facility. Inmate Haywood, tried to explain to C.O. Palmer, he was instructed to empty all wood-scrap bins and ready that garbage for disposal. C.O. Palmer then became irate because inmate Haywood was not moving fast enough. At this time, C.O. Palmer pulled out his mace canister and threatened to spray inmate Haywood if he didn't comply. C.O. Valle, began inching slowly towards the exchange transpiring between the two individuals. When inmate Haywood put his hands up in a surrendering gesture, C.O. Palmer discharged the mace canister. Plaintiff was standing about five feet away from this incident at his work station. Plaintiff and a few other inmates began saying how C.O. Palmer's action were uncalled for and Plaintiff also informed the C.O.'s that he could not be around discharged pepper spray because of a medical condition. As Plaintiff began to move away from the area, C.O. Palmer sprayed him in the face. Plaintiff also believes C.O. Valle sprayed him several times. Plaintiff was affected by the pepper spray immediately and became very disoriented. Plaintiff began violently sneezing, coughing uncontrollably, nauseous and his eyesight began becoming more and more blurry.

15. Plaintiff was jolted awake, after blacking out, when C.O. Palmer jumped on Plaintiff's chest with his knees and he sprayed

Plaintiff again while C.O. Palmer was yelling: "Stop resisting!"
Plaintiff began complaining of chest pains he was now experiencing
and not being able to breath properly which made the pain worse.
C.O. Palmer remained on top of Plaintiff, pinning him down facing
the floor.

16. Shortly thereafter, Plaintiff was handcuffed, yanked to
his feet and then violently shoved against a wall by another C.O.
Plaintiff kept complaining of chest pains, trouble breathing and
the loss of his eyesight. Plaintiff was forced to then walk
stumblingly while being dragged along, still handcuffed, to the
facility infirmary. Plaintiff being handcuffed behind his back,
was constantly told he should not have been fighting while his
his arms were being painfully lifted upwards. Plaintiff was never
in a fight for all this to occur and had no idea who he was
supposedly fighting at that moment.

17. During the Clinic Staff's ministrations, Plaintiff began
experiencing increasing heart problems but a Sgt. and Lt. kept
interrupting the Clinic Staff to ask me what happened. The
blackouts and heart problems Plaintiff was experiencing then,
are a result of this altercation, stemming from a stroke
Plaintiff had back in 2012 while at Green Haven. The resurgence
of these medical problemss were caused due to Correction Officers
Palmer and Valle's violent conduct and the pepper spray Plaintiff
was subjected to. After the nurses completed cleaning and bandaging
all the bloody wounds throughout my body due to C.O. Palmer's
violent conduct, I was rushed to Vassar Hospital for further
medical assistance because Plaintiff was experiencing increased

increased heart problems, (See Exhibit K).

18. When Plaintiff returned to Green Haven C.F., Plaintiff was placed in an isolation room on the second floor of the infirmary for the night. Plaintiff was given no explanation as to why this was required. The very next day 6/7/2021, Plaintiff was issued a MIsbehavior Report for - Fighting, Assault on inmatee, Disobeying Direct Order and Weapon use. Inmate T. Haywood 09A2545, was the individual Plaintiff was now being accused of having the altercation with, (See Exhibit A).

19. Wholeheartedly, Plaintiff believes the Misbehavior Report was fabricated to cover-up C.O. Palmer and C,O, Valle's misconduct, unprofessionalism and criminal acts. Furthermore, C.O. Palmer admitted he did not see Plaintiff nor inmate Haywood fighting during his testimony at inmate Haywood's disciplinary hearing, (See - Green Haven C.F.'s Hearing Tape #D-34, inmate T. Haywood 09A2545 - Tier III hearing).

20. These events are true to the best of Plaintiff's recollection. They (Correctional Staff) are also claiming that camera footage does not exist of any part of the incident. Some kind of Body Camera footage should exist of any portion of this occurance but strangely it does not. The Hearing Officer in Plaintiff's Tier III disciplinary hearing denied Plaintiff the right to call an improtant witness to verify no documentation existed to prove an incident had occurred other than the made-up Misbehavior Report. Plaintiff was also denied important exculpatory material to present a proper defense and denied the Plaintiff a fair and impartial hearing when the hearing was not

conducted properly by not starting the hearing on time nor did the hearing officer finish the hearing on time. Plaintiff logged all the objections needed to be considered by the hearing officer but they were all ignored and Plaintiff was found guilty of all charges, (See Exhibit B and Green Haven C.F.'s Hearing Tape #D-24, Inmate A. Rodriguez 93A9247 - Tier III Hearing).

In Conclusion, none of the contentions brought against the Plaintiff within the Misbehavior Report, the fabricated Unusual Incident Report and the Tier III disciplinary hearing were truthful or proper in any form or fashion. Plaintiff should not have been attacked nor brutally treated by Correctional Staff involved in this incident. Moreover, it is an unmistakable fact that the Defendants acted outside scope of their employment when Plaintiff was victimized during the unprovoked assault complained of in the instant case.

In 1974, it was also clear that this prohibition against excessive force applied to the use of tear gas. The leading cases stated then, and still state now, that where the actions of a prisoner pose no danger to the safety of guards, or other prisoners, or the general security of the prison, and where there is no need to move physically a recalcitrant prisoner, the use of tear gas on inmates constitutes a form of corporal punishment that violates the eighth amendment. Landman v. Royster, 333 F.Supp. 621, 649 (E.D. Va. 1971), also, Landman v. Peyton, 370 F.2d 135 (1966), absolute power is corrupting, whether it lies in the hands of prison guards, or other men. id. at 140. It is the responsibility of the courts to ensure that unnecessarily violent prison

practices do not pass unchecked. Although prison officials must
have have some discretion over the application of punitive
measures to protect themselves and other inmates, carte blanche
use of tear gas has never been, and should never be, included in
those protective or disciplinary measures. Were we to permit such
a practice the door would be opened to routine infliction of
excessive and unnecessary corporal punishment.

**Saucier v. Katz**, 533 U.S. 194, 201 states: "The right the
official is alleged to have violated must have been 'clearly
established' in a more particularized, and hence more relevent,
sense: The contours of the right must sufficiently clear that a
reasonable official would understand that what he is doing
violates that right."  In resolving the issue of qualified
immunity, the court must view the evidence in the light most
favorable to plaintiff and resolve all material factual disputes
in favor of plaintiff. **Martinez v. Stanford, 323 F.3d 1178**.

With respect to excessive force claims, the "inquiry... is
whether force was applied in a good-faith effort to maintain or
restore discipline, or maliciously and sadistically to cause harm."
**Hudson v. McMillian, 503 U.S. 1, at 7**, The malicious and sadistic
use of force to cause harm always violates contemporary standards
of decency, whether or not significant injury is evidence. id. at 9.
No reasonable officer would have believed that spraying an inmate
with two full canisters of pepper spray in the face, nor shooting
an argumentative inmate in the face, was force "applied in a good-
faith effort to maintain or restore discipline..." id. at 7.

In **Ramirez v. Scribner**, 2008 WL 4792541, Correctional

Officials were not entitled to qualified immunity on a prisoner's claim of excessive force. Prisoner alleged and presented evidence that he was not threatening or attacking either the Correctional Officials or another inmate, and that pepper spray was unnecessarily applied when prisoner was only attempting to speak with two Correctional Officials..." These facts were sufficient to show that Correctional Officials violated prisoner's rights under the Eighth Amendment because no reasonable Officer would have believed that spraying an inmate with two full canisters of pepper spray...was "force applied in good-faith effort to maintain or restore discipline."   U.S.C.A. Const. Amend. 8; 42 U.S.C.A. §1983; Rivera v. State of New York, 34 N.Y.3d 383, 390 (2019).

In the instant case, Plaintiff's contentions are parallel to those mentioned above. Correctional Officials unnecessarily applied pepper spray over 10 times while plaintiff only wanted to extricate himself from the altercation transpiring between inmate T. Haywood and C.O. Palmer.

I declare under penalty of perjury that the foregoing is true and correct.

Wherefore, plaintiff respectfully submits this complaint for this Honorable Court's review.

Respectfully,

Anthony Rodriguez
93A9247
Plaintiff Pro Se

D.    Facts:    *See Attached*

III.    Injuries:

If you sustained injuries related to the events alleged above, describe then and state what medical treatment, if any, you required and received. Black out, Allergic Reaction, bruised chest Cavity, Distended Clavicle, Extreme Shoulder Pain (Right Side, Minor Cardiac arrest, Cuts and bruises on both arms and Lower legs.

IV.    Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes ✓    No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_Green Haven Correctional Facility, P.o. Box 2000,_
_Stormville, N.Y. 12582_

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes ✓    No ___    Do Not Know ___

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ✓    No ___    Do Not Know ___

If YES, which claim(s)?  _Excessive Use of Force_

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ✓    No ___

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ___    No ___

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance? _Green Haven C.F. I.G.R.C., Superintendent's Appeal and C.O.R.C._

1.    Which claim(s) in this complaint did you grieve?  _Excessive Use of Force_

2.    What was the result, if any?  _All Grievances and Appeals were_
_denied_

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. _After the C.O.R.C. decision the_
_42 U.S.C. §1983 was filed_

_____

_____

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: _____

_____

-14-

2. If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____

_____

_____

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____

_____

_____

_____

_____

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). Award Compensatory Damages — Pain and Suffering and Mental Anguish of $150,000.⁰⁰, Punitive Damages due to Defendant's reckless, Callous, evil motives and intent to violate Plaintiff's person and Federal Rights, Human Rights — $50,000.⁰⁰, Violations protected under 42 U.S.C. §1983, 28 U.S.C.

_____

_____

_____

_____

_____

**Previous lawsuits:**

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes __✓__ No. _____

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff ___Anthony Rodriguez_____

Defendants ___The State Of New York_____

2.  Court (if federal court, name the district; if state court, name the county). ___Court of Claims, State Of New York, Box 7344, Capitol Station, Albany, NY 12224___

3.  Docket or Index number ___Claim No. 137995 / OAG No. 22-013753-L1___

4.  Name of Judge assigned to your case ___Hon. Judge W. Brooks De Bow___

5.  Approximate date of filing lawsuit. ___July 19, 2022___

6.  Is the case still pending? Yes __✓__ No ____

If NO, give the approximate date of disposition _____

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____
_____
_____

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No __✓__

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2.  Court (if federal court, name the district; if state court, name the county) _____

3.  Docket or Index number _____

4.  Name of Judge assigned to your case _____

5.  Approximate date of filing lawsuit _____

6.  Is the case still pending? Yes _____ No _____

If NO, give the approximate date of disposition _____

## AFFIDAVIT OF SERVICE

State of New York )
County of Seneca  )ss.:

I, _Anthony Rodriguez, Plaintiff_ , being duly sworn deposes and says:

1. That on _1/5/24_ , I did in fact place the designated copies of the following papers in the Mailbox at Five Points Corr. Fac.

   a. _Complaint and Exhibits_

   b. _____

   c. _____

2. Said papers were addressed to the following parties:

**Original and Duplicate(s)**
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

**Copy** Letitia James, Attorney General        **Copy**
Attn.: Jeb Harben, Assistant A.G.
Office of the Attorney General
Department of Law, The Capitol
Albany, N.Y. 12224-0341

Very Truly Yours,

_[signature]_

Five Points Corr. Fac.
State Route 96, P.O. Box 119
Romulus, New York 14541

Sworn to before me this

_4_ day of _Jan_ , 2024

_[signature]_

NOTARY PUBLIC
Jonathan M. Hall
Notary Public, State of New York
Registration No. 01HA6241732
Qualified in Monroe County
Commission Expires July 16, 2027

-20-

# EXHIBIT



FORM 2171B (4/09)
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

Green Haven _____ **Correctional Facility**

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Rodriguez, A | 93A9247 | -139 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| Panel Systems | 01/6/21 | Approx 12.50p |

3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES

06.10 Direct Order     113.10 weapon
100.13 Fighting
Assault on inmate

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

On the above date and approximate time I COA obs erved Inmate Rodriguez Din # 93A9247 and Inmate groud Din # 09A2545 Fighting and swinging objects at each er. I gave a Direct order to stop fighting and drop the weapon Both Inmates did not comply. After several direct orders to stop fighting I applied one application of oc pepper spray consisting of two one second burst to the face of inmate Rodriguez. Both Inmates continued to strike each other with the objects. I gave several direct orders to stop fighting and applied an additional four applications of oc pepper spray consisting of two one second burst to Inmate Rodriguez face which did not achieve the desired effect. Officer T.Palmer applied a body hold on the upper body of Inmate Rodriguez and gave a direct order to drop the weapon and forced him to the ground. Inmate then became compliant. Mechanical restraints applied and Inmate was taken to the clinic for medical evaluation.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 01/6/21 | A Valle | A.V.M | C.O |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)     SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)     FIRMAS:  1. T. Palmer

2. _____     3. _____

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INMATE ____ 1/7/21 ____

FECHA Y HORA DADO AL RECLUSO _____     NAME AND TITLE OF SERVER

NOMBRE Y TÍTULO DEL QUE ENTREGA

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

### NOTICE ♦ AVISO

REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal comportamiento, puede escribirle al Diputado del Superintendente para Seguridad o su representante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

# EXHIBIT



01/07/2021                    NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION          PAGE  ①
DCF034                        SUPERINTENDENT  HEARING DISPOSITION RENDERED

              GRN HAVN GEN                              TAPE NUMBER  D-24

DIN: 93A9247 NAME: RODRIGUEZ, ANTHONY                   LOCATION: OF-11-39S

INCIDENT DATE & TIME:_____ 01/06/2021  12:50 PM    TIER 3

REVIEW DATE:                01/07/2021         BY: LT  VANCOOTEN, A M

DELIVERY DATE & TIME:       01/07/21    09:00 AM BY: CO  RODRIGUEZ, J A

HEARING START DATE & TIME:  1/26,20 1:30___ BY: E. Conley, SORC

HEARING END DATE & TIME:    2/3,20 2:30___ BY: E Corley, SORC
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y (N)

| CHARGE NUMBER | DESCRIPTION OF CHARGES | REPORTED BY | DISPOSITION |
|---|---|---|---|
| 100.10 | ASSAULT ON INMATE | CO  VALLE, A | G |
| 100.13 | FIGHTING | | 6 |
| 113.10 | WEAPON | | 6 |
| 106.10 | REFUSING DIRECT ORDER | | 6 |

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.
SANCTION DATES BELOW ARE SUBJECT TO REVIEW/CHANGE, AND WILL BE CONSECUTIVELY ADDED TO
ANY SIMILAR CURRENT SANCTION. IN ADDITION, WHENEVER A CONFINEMENT PENALTY IS BEING
SERVED AND A MORE RESTRICTIVE CONFINEMENT PENALTY IS IMPOSED AS A RESULT OF ANOTHER
HEARING, THE MORE RESTRICTIVE PENALTY SHALL BEGIN TO BE SERVED IMMEDIATELY, AND ANY
TIME OWED ON THE LESS RESTRICTIVE PENALTY SHALL BE SERVED AFTER COMPLETION OF THE
MORE RESTRICTIVE PENALTY PERIOD.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| B400 | Pre Hearing KL | 28 | 1/6/21 | 2/3/21 | | | |
| B000 | K.L. | 180 | 2/3/21 | 8/2/21 | | | |
| E000 | Packages | 180 | 2/3/21 | 8/2/21 | | | |
| F000 | Commissary | 180 | 2/3/21 | 8/2/21 | | | |
| V000 | Confiscate | 180 | | | | | |

# EXHIBIT



TO: Superintendent McIntosh
From: Anthony Rodriguez 93A9247 U4-8-38
Date: 5/16/23

On 5/9/23 I was placed in the Upper H SHU. My property was packed up that night. When I finally was given the items allowed in this unit on 5/15/23 I was missing the following personal items:

Legal work stored in several black storage folders
Fan
Lamp
Storage Container
T.V. & Cable
Small Cooking Pot & Spatula
2 Green Sweatpants w/pockets
2 Polo Style Shirts
10 New Hanes White Boxer Shorts
10 New Hanes Black socks

Personal Cards & letters from loved ones
$25.00 worth of food
Several black storage folders
Various non-legal & legal work
Various Cosmetic items
Personal Family Photos
Plastic Bucket
2 Cups

I had the Commissary receipts from Clinton C.F. to verify some of the items purchased, I-64's from when I arrived at this facility to prove that I owned some of the above items and invoices I received through Clinton's package room. Now all these items are gone (probably thrown away). I have the 5/9/23 I-64 of the items taken out of C-1-39 cell (my current location then) but the items listed above are not listed on the I-64 the box. I am not leaving Active Legal Cases material behind is marked along with "incarcerated individual did not have opportunity to check boxes. The Officer's signature is illegible as well. There is a camera & mic directly in front of C-1-39 so the malfeasance that occurred can be seen & heard.

I now believe my life is in serious danger. These actions of throwing out personal photos, letters, items and legal work are a precursor to physical abuse that could lead to me being crippled or result in my untimely death.

Obviously, when I file a facility claim, I will be denied because I won't have documentary proof since all my paperwork has been thrown out during this 5/9/23 pick-up of C-1-39. Furthermore, a food package arrived at Clinton C.F. sometime before 5/13/23 and it is still being held in the package room. The catalog company Mr. Lakish Nash purchased it from confirmed it's arrival here before 5/13/23. The package room should have sent the package back to the company because I cannot receive the package. Now the perishable food items have spoiled. I'm filing a facility claim but the Invoice is with the package and I can only use the phone once a week on Saturday. I have forwarded this letter to my attorneys:

Julie E. Cohen, esq. - Maura Barry Grinalds, esq.
Ashley P. Girdis, esq. - Hope B. O'Leary, esq.
Isaiah O. Strong, esq. - One Manhattan West, NY NY 10001
Elliot Slosar, esq. - Exoneration Project, 311 N. Aberdeen Street 3rd Floor, Chicago, IL 60607

I don't deserve this treatment and any cruel treatment being planned to ~~be~~ subject me to in the near future. I will also in form my family & friends who have been calling Clinton C.F. to inquire as to my well-being. It is with great hope & expectations that you can assist me with these serious matters. I humbly await your reply. Thank you for your time, patience and assistance in this matter.

Respectfully,

-2-

# EXHIBIT



TO: I.G.R.C.

From: Anthony Rodriguez 9349249 F/-157

Date: 3/6/21

Subj: Unnecessary & Excessive Use of Force

On 1/6/21, I was written up for an incident which occurred. An argument was occurring near between C.O. Palmer & an inmate. C.O. Palmer sprayed this inmate. Afterwhich I stated that was uncalled for & tried to inform C.O. Palmer I can't be in direct vicinity of Pepper spray due to my medical conditions. C.O. Palmer then sprayed me. I black out at the moment but felt arms around my upper body, I was slammed to the ground and was jolted awake by C.O. Palmer dropping his knees on my upper body. I immediately saying I couldn't breath and I'm experiencing chest Pains. Every thing was a blur from that moment on because I couldn't see anything. My clavicle is protruding and I'm having constant pain in my chest & clavicle & neck areas. Medical Provider is refusing to help because of the above reasons.

I'm afraid of retaliation from all correction staff as well as O.S.I. I'm reluctant to write this but conduct such as this must stop.

Action Requested

1) disciplinary action & permanent notation in personal file.

2.) No retaliation of any kind for the filing of this grievance.

Respectfully,

| NEW YORK STATE | Corrections and Community Supervision | | INMATE GRIEVANCE PROGRAM |
|---|---|---|---|
| DATE FILED | GRIEVANCE NO. | | |
| 3.9.21 | GH-0295-21 | | |
| POLICY DESIGNATION | FACILITY | | |
| I | Green Haven Correctional Facility | | |
| CLASS CODE | TITLE OF GRIEVANCE | | SUPERINTENDENT |
| 49 | Assault/Sprayed with Pepper Spray | | |
| | SUPERINTENDENT'S SIGNATURE | DATE | |
| | | 4/29/81 | |
| GRIEVANT | DIN | HOUSING UNIT | |
| Rodriguez, Anthony | 93A9247 | F1-139 | |

The grievant complains being sprayed with "pepper spray" 1/6/21.

According to the investigation the grievant received a Tier 3 Misbehavior Report for incident 1/6/21 for charges of 100.10 Assault on Inmate, 100.13 Fighting, 113.10 Weapon, and 106.10 Direct Order. That disciplinary hearing was completed 2/3/21 and appeal was affirming by Central Officer on 3/29/21. There is a fully investigated and documented UI for incident 1/6/21.

The grievant was interviewed by Sgt. J. R. The grievant alleges he was never in a fight and the ticket was fabricated. The grievant alleges he was assaulted. Disciplinary has an appeal mechanism (Directive# 4932) that the grievant utilized as stated above. The grievant was found guilty.

The Officer named in this complaint (CO T. P.) has provided a written, signed statement. This Officer states that at no time did he use excessive force upon the grievant.

According to the investigation the grievant's allegations could not be substantiated.

*** Grievance is denied.

**APPEAL STATEMENT**

If you wish to refer the above decision to the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please state why you are appealing this decision to C.O.R.C.

*See Attached*

| GRIEVANT'S SIGNATURE | DATE |
|---|---|
| | May 5, 2021 |

| GRIEVANCE CLERK'S SIGNATURE | DATE |
|---|---|
| | |

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

Grievance Appeal Statement
_____

Grievance No.: GH-0295-21
_____

On 1/14/21, Tier 3 assistant Mr. VanBlargan was told by Correctional Staff that that U.I. Report, To-Froms and Camera Footage (Body Cams) did not exist. Mr. VanBlargan made note of these answers to his inquiries for the documents he sought on the Tier Assistance Form. The U.I. report did not exist until 1/22/21 and is invalid because it was not signed nor endorsed by the Superintendent or his designees.

A disciplinary hearing and all it's appeal processes are not the proper vehicles to address C.O. misconduct. When a C.O. assaults an "inmate" the Inmate Grievance Program must be utilized. My grievance is about C.O. excessive use of force and assault on an "inmate" not about the fabricated misbehavior report.

Sgt. J.R.'s investigation and report only further shows a cover-up of the heinous act committed by C.O. T.P. by trying to place focus on a misbehavior report in order to justify C.O. T.P.'s unprofessional and heinous actions.

The misbehavior report does not have anything to do with this grievance and trying to place focus on the events of that fictitious report and nothing pertaining to this grievance is arbitrary and capricious. This also further sheds lights on the attempted cover-up being perpetrated.

Furthermore, whatever statement C.O. T.P. provided is just another way Correctional Staff utilize to cover-up, justify and undermine the inexcusable, unnecessary, abusive, criminal, unprofessional and heinous treatment of the incarcerated.

Dated: *May 5, 2021*

Respectfully Submitted,

A. Rodriguez 93A9247

cc: File

This document has been electronically signed by Shelley M. Mallozzi

| NEW YORK STATE Corrections and Community Supervision | | CENTRAL OFFICE REVIEW COMMITTEE | |
|---|---|---|---|
| | | INCARCERATED GRIEVANCE PROGRAM | |
| KATHY HOCHUL Governor | ANTHONY J. ANNUCCI Acting Commissioner | | |

| Grievance Number | Desig/Code | Associated Cases | |
|---|---|---|---|
| GH-0295-21 | 1/49 | | |
| Date Filed | | | Hearing Date |
| 03/09/21 | | | 12/02/21 |

| Facility |
|---|
| Green Haven Correctional Facility |

| Title of Grievance |
|---|
| Assault By CO/OC Spray Used |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant was involved in an appropriately documented Unusual Incident (UI) and Use of Force (UOF) on 1/6/21 resulting from an altercation with another incarcerated individual. The grievant was decontaminated following the use of chemical agents. In addition, the grievant was examined by medical staff following the incident for abrasions to the arms and legs and redness to the eyes. They were sent to the outside hospital for additional evaluation. CORC further notes that staff involved in the UI/UOF deny assaulting the grievant and indicate that only the force necessary to gain their compliance was used. In addition, CO P... denies falsifying the 1/6/21 misbehavior report. CORC has not been presented with sufficient evidence of malfeasance by staff and advises the grievant to address security concerns to area supervisory staff, at that time, for the most expeditious means of resolution.

CORC notes that the grievant was issued a Tier III misbehavior report for their actions on 1/6/21, which was upheld upon appeal by the Office of Special Housing/Incarcerated Individual Disciplinary Programs on 3/29/21. CORC asserts that there is no provision in Directive #4040 for the grievance program to be used as an additional or secondary appeal mechanism for a misbehavior report. In addition, CORC advises the grievant that incarcerated individuals are solely responsible for their actions while in the Department's custody.

CORC notes that the grievance program is not intended to support an adversary process and that no reprisals of any kind shall be taken against an incarcerated individual or employee for good faith utilization of this grievance procedure. An incarcerated individual may pursue a complaint that a reprisal occurred through the grievance mechanism. Further, no copies of grievance documents may go into an employee's file without their direct written consent in accordance with Directive #4040, § 701.6 (k) (1).

With regard to the grievant's appeal, CORC notes that the investigation was conducted in accordance with Directive #4040 and their concerns have been appropriately addressed. CORC further notes that they have since been transferred.

RAL/smm

-----------------------------------------------------------------------------

Rodriguez 93Aa347

# EXHIBIT



SUPREME COURT OF STATE OF NEW YORK
COUNTY OF ALBANY : SPECIAL TERM

---------------------------------------------

In the Matter of the Application of
ANTHONY RODRIGUEZ,
                    Petitioner,

                                                    VERIFIED PETITION

For a Judgment Pursuant to Article 78              Index # 6200-21
of the Civil Practice Law and Rules,


        -against-


D. VENETTOZZI, Director, Special Housing/
Inmate Discipline,
                    Respondent.

---------------------------------------------

        The petition of Anthony Rodriguez, specifically alleges:

        1. This is a special proceeding pursuant to Article 78 of the

Civil Practice Law and Rules.

        2. Pursuant to CPLR §§ 7804 and 506(b), venue of this proceed-

ing is Albany County because this action was concluded at N.Y.S.

Department of Corrections and Community Supervision, State Office

Building #2, Albany, New York 12226-2050.

        3. This petition challenges an administrative appeal determination,

rendered by Respondent D. Venettozzi, Director of Inmate Discipline for

the New York State Department of Corrections, on the date of March 29th,

2021. ( SEE: Appendix - Exhibit "1" )

        4. As an initial matter, an appendix of exhibits has been annexed

to this Verified Petition for convenience and clarification of all the

issues put forth herein.

## PRELIMINARY STATEMENT

5. This appeal stems from a misbehavior report written on 1/6/21, issued on 1/7/21, under hearing tape # D-24, at Green Haven Correctional Facility, and the hearing was commenced on 1/21/21 and concluded on 2/3/21. ( SEE: Appendix of Exhibits annexed )

### GROUNDS FOR APPEAL ( CAUSES OF ACTION)

6. The misbehavior report is defective, in that charge 113.10 - Weapon, is not detailed, no description and/or specific nature of a weapon is given in the written report (i.e. razor, knife, etc.), the hearing officer having erroneously relied upon the U.I. (Unusual Incident) Report - which was falsified when created on 1/22/21 - in direct violation of petitioner's regulatory rights pursuant to 7 N.Y.C.R.R. § Chapter 5. ( See: Appendix).

7. There was no evidence number present on the misbehavior report, nor on the U.I. Report, further supporting the overall defective nature of the misbehavior report. (See: Chapter 5 of Title 7)(NYCRR)

8. The hearing officer began the hearing without the petitioner being offered completed tier 3 assistance, though such assistance was begun on 1/14/21, the petitioner's hearing assistant did not finally complete his tier assistance until 1/28/21 - though the petitioner's hearing started on 1/21/21, and he should not have had his hearing start until after tier assistance was complete. (See: Appendix)

9. Petitioner's due process rights were violated when the hearing officer commenced his hearing before tier assistance was completed, in violation of 7 NYCRR, Chapter 5, see also: Wolff v. McDonnel, 418 US 539. Thus, as a matter of law, the petitioner's hearing was invalid.

10. Petitioner's due process rights were violated when documents he requested to prepare a defense were not provided, as Tier 3 Assistant VanBlargan was told that the U.I. Report did not exist as of the date of 1/14/21. (Note: The To/Froms and Camera Footage, did not exist as of 1/14/21 either) The U.I. report was actually created and printed on 1/22/21 - a document falsified after the fact, and thereafter given to petitioner on 1/28/21 - the same day it was submitted to hearing assistant VanBlargan, and to/froms or camera footage do not exist at the present as noted on the tier assistance form.

11. Petitioner was denied a copy of the misbehavior report of the inmate also implicated in the aforementioned misbehavior, inmate Haywood, though petitioner required access to inmate Haywood's misbehavior report to clarify and determine whether one was duplicative of the other, also in violation of 7 NYCRR, Chapter 5 and petitioner's due process rights, since each misbehavior report written must be written in a manner that describes the individual actions of the inmate it was issued to therein.

12. The hearing officer was not fair and impartial, because he relied on a false U.I. Report, and a U.I. Report cannot correct a misbehavior report. (Note: The hearing officer also wrote that U.I. Report was written on 1/6/21, even in his disposition paperwork, after hearing assistant VanBlargan was told the U.I. Report did not exist on 1/14/21, and Tier Assistant VanBlargan clearly noted this fact on the tier assistance form, though petitioner never gave incriminating testimony to warrant a guilty disposition, and no substantial evidence existed in and of itself to find on to warrant a guilty disposition).

13. Since no substantial evidence supported a guilty disposition, the matter should now be dismissed and annulled. See: Matter of Cintron v. Kirkpatrick, 43 NY3d 182 (3rd Dept. 2016).

-3-

14. Furthermore, the hearing officer denied the Petitioner the right to call his Tier Assistant as a witness, when ~~Tier Assistant Van~~ Blargan would have testified that the Unusual Incident Report, To/Froms, and Camera Footage did not exist as of January 14, 2021.

15. As noted, the hearing officer erroneously wrote on his 2/3/21 disposition: "[T]he Unusual Incident Report was written on January 6, 2021".

16. In this instance, the hearing officer made an attempt to cover up a false document. and violating the Petitioner's due process rights and his regulatory right to a fair and impartial hearing.

17. On the Witness Interview Notice Form (#2176), the Hearing Officer (H.O.) also erroneously stated that the information requested was already part of the record, when in point of fact, the correct information was not part of the record.

18. Tier Assistant VanBlargan should have been called as a witness to clarify this discrepancy, and verify the errors herein. See: Nance v. Annucci, 46 NYS3d 717; Cody v. Goord, 794 NYS2d 149.

19. The hearing officer violated the Petitioner's due process rights by never properly procuring hearing extensions, wherein a two (2) week extension was supposedly granted beginning on 1/21/21, and ending on 2/2/21. (Note: At no time was this extension or any extension thereof read into the record, and Petitioner was never notified of such at the hearing, as the hearing transcript will clearly note its absence on the record.)

20. Petitioner was eventually notified by F-Block A-Man, C.O. Todriff on 1/25/21 that an extension was in place, a blatant violation of Title 7 N.Y.C.R.R. § 251-5.1(A) - as to timeliness - here at Green Haven C.F. the underlying requests for extensions are predominantly due to unavailability of employees, even though the employees are in the facility at requested extension times.

-4-

21. The Petitioner's disciplinary process was flawed because of an invalid, false and defective Unusual Incident Report (U.I.), where this report was created or printed on 1/22/21, not 1/6/21 - as the H.O. erred in claiming, and Tier Assistant VanBlargen became aware of when he was notified while attempting to obtain a copy of the U.I., and other documents related to the same disciplinary matter, that the U.I. did not exist on the date of inquiry - 1/14/21, or that they were documents he was not allowed to access. (See: Appendix)

22. The Unusual Incident (U.I.) Report is not signed or dated by the Superintendent or any of his designees, and Tier Assistant VanBlargen was not given the U.I. Report until 1/28/21 - at which time he was given no other documents Petitioner had initially requested to prepare properly for his disciplinary hearing, even though the U.I. Report received by Petitioner was obviously produced after it was noticed by the administration that one did not exist, as VanBlargan was initially told when he requested it that it was nonexistent.

23. Camera footage and other documents relevant to, and requested by Petitioner to prepare a proper defense previous to his disciplinary hearing were not provided to Petitioner, in violation of his due process and regulatory rights. See: Allaway v. Prack, 139 AD2d 1103; Matter of Davison v. Annucci, 169 AD3d 1318; Hubbard v. Annucci, 62 NYS3d 254; Matter of P.L.S. v. D.O.C.C.S., 98 NYS3d 677 — holding that U.I. reports, Use of Force Reports, and Misbehavior Reports are not "personnel records" and thus cannot be withheld when requested.

24. The Due Process Clause of the 14th Amendment prohibits a State or agency from depriving an individual of life, liberty or property without due process of law, while 7 NYCRR §§ 251 & 254 prohibit correction employees from conducting inmate disciplinary hearings without following regul-

-5-

atory rights in the process and implementation of such discipline. See: ~~Matter of Texeira v. Fischer, 26 NY3d 230; Coleman v. Coombe, 65 NY2d 777;~~ Nance v. Annucci, 147 AD3d 1180; Humphrey v. Venettozzi, 149 AD3d 1435.

25. On 1/21/21, 15 days after the misbehavior report was written, and 14 days after it was issued to Petitioner, Petitioner's hearing was commenced in violation of 7 NYCRR §251-5.1(a) - Timeliness - and the Due Process Clause protections in this instance were evidently ignored, not only by the H.O., but also by the Disciplinary Department at Green Haven C.F., who seemingly intentionally delayed the Petitioner's hearing for no justifyable reason.

26. Petitioner suffered an 8th Amendment violation as well, due to the fact that he has been issued a sanction of 6 months of keeplock confinement time even though the process utilized to find him guilty was obviously flawed, and herein unfair - where failure to follow fair procedures is a clear violation of the 8th Amendment, since ....."[E]very person who, under color of any Statute, Ordinance, Regulation, Custom or Usage of any State, or Territory should not be deprived of any rights, privileges, or immunities secured by the Constitution and Laws". See: Edward v. Baliosk, 520 US 641 (1997).

NOTE: For clarification of all the issues Petitioner has presented herein, he requests that the Court refer to the several pages of the appendix he has attached herein to this Verified Petition. This includes the full process the Petitioner utilized administratively previous to having submitted this Article 78; i.e. Administrative Appeal and affirmed decision, Misbehavior Report, U.I. Report, and all other relevant documents for review herein.

27. When the H.O. denied the witness request the Petitioner required ~~to clarify the record, he violated the Petitioner's regulatory right to~~ call witnesses at a disciplinary hearing. See: Allaway v. Prack, 139 AD3d 1203.

28. The H.O. alleged that "witness information requested was already part of the record ", and Petitioner objected to the regulatory right violation, since witness testimony would not have been redundant, demonstrating a biased H.O., since clarification does not equate redundancy.

29. Confusion existed in clarifying the record further, since the author of the misbehavior report, (Valle, C.O) was not the individual predominantly named in U.I. report - C.O. Palmer, Tennessee, is the C.O. who sprayed Petitioner with pepper spray, and initially, C.O. T. Palmer alleged to have witnessed the altercation between Petitioner and inmate Haywood, not like as it became record that the end of the altercation is the only thing that was actually witnessed, (if he even witnessed that much is questionable).

30. Further clarification should have occurred in regard to the term "objects" that was used in the written misbehavior report, when that term does not define itself as a "weapon" - a vague term requiring proper assessment from witnesses at the hearing, again denying Petitioner his due process and regulatory rights at the hearing. (Note: Tier Assistant VanBlargan could have clarified the matter as Petitioner's witness, but was excluded from making that clarifying testimony by the H.O. arbitrarily).

31. It is noteworthy that C.O. Palmer denied that he saw the altercation between Petitioner and Haywood, as evinced in Haywood's hearing transcript. (See: GreenHaven C.F. Superintendent's Hearing Tape #D-37).

32. If C.O. Palmer did not see a fight as he said in Haywood's hearing transcript, then why did he spray the Petitioner with pepper spray, and why is there contradictions between C.O. Valle's account in misbehavior rep-

ort issued Petitioner and the U.I. Report - other than the fact that the

U.I. Report was falsified after the fact, and the misbehavior report was

suspect as well? (The hearing decision was based in erroneous information).

33. It was the H.O.'s duty to make a proper assessment of the facts, to marshall all evidence and not be biased to Petitioner - to do other than that would result in a due process violation, since a H.O. cannot outright ignore blatant contradictions as we have herein.

34. A hearing officer must be fair and impartial, and a disciplinary process should not be reduced a sham. See: 7 NYCRR § 250; People ex rel Vega v. Smith, 66 NY2d 130.

35. If 2 inmates are implicated in an altercation, the author(s) of the misbehavior report(s) cannot duplicate one another's report(s) - to do so would be a due process violation to Petitioner. See: Jackson v. Annucci, 132 AD3d 994.

36. A H.O. who denies Petitioner a clarifying witness is not fair or impartial, and is already in violation of Petitioner's regulatory rights. See: Adams v. Annucci, 158 AD3d 1091; Allaway v. Prack, supra; Barnes v. LeFevre, 69 NY2d 649; Lopez v. Fischer, 100 AD3d 1069.

37. A prison disciplinary hearing decision must be based on facts, not arbitrary or capriciously made, or based on erroneous information. See: Pell v. Board of Education, 34 NY2d 222.

38. An erroneous U.I. Report is grounds for a reversal of a Tier 3 disciplinary sanction. See: Proctor v. Goord, 10 Misc3d 229, 231.

39. An agency must follow its own rules when making a disciplinary determination. See: Furde v. NYS Dept. of Corrections, 9 Misc3d 268, 274; Liner v. Miles, 133 AD2d 962; Nesbitt v. Goord, 12 Misc3d 702, 705-06.

40. If witnesses requested do not jeopardize the safety and security of the facility, and testimony is not redundant but merely clarifying-the witness should be allowed to testify. See: Coleman v. Coombe, 65 NY2d 777,

41. Disciplinary sanctions meted out must be fair, not disporporti-onate to the offense, in light of the circumstances like these with vague-ness an issue in reports written and contradictions throughout the hear-ing process, the due process and regulatory rights of Petitioner an issue that should but was not be considered. See: <u>Stoltz v. Board of Rhegents</u>, 4 AD2d 361, 364, <u>Pell v. Board of Education</u>, supra.

42. No previous application for the releif sought has been made.

WHEREFORE, Petitioner requests judgment under Article 78 be granted:

1. Reversing the determination of 2/3/21, and administrative appeal of 3/29/21;

2. Ordering Respondent to expunge from Petitioner's records the guilty disposition, and restore his previous status;

3. For such other and further releif as the Court deems just.

Dated: June 18, 2021
       Dannemora, N.Y.

Verification

Anthony Rodriguez
pro se

State of New York   )
County of Dannemora ) ss.:

Anthony Rodriguez, beind duly sworn deposes and says that I am the Petitioner in the foregoing proceeding and have read the foregoing Petition and know the contents thereof, and that the same is true to my knowledge, except as to matters stated to be alleged on information and belief, and as to those matters I believe the to be true.

Anthony Rodriguez

Sworn to before me this
___ day of July , 2021

NOTARY PUBLIC

-9-



BRIAN A LABOMBARD
Notary Public, State of New York
No.01LA6318991
Qualified in Clinton County
Commission Expires December 08, 20__

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

M E M O R A N D U M

TO:   SUPERINTENDENT DONITA E MCINTOSH
      CLINTON CORRECTIONAL FACILITY

FROM:  A. RODRIGUEZ, DIRECTOR
       SPECIAL HOUSING/INMATE DISCIPLINE

DATE:  NOVEMBER 26, 2021

RE:   REVERSAL OF SUPERINTENDENT'S HEARING/EXPUNCTION ORDER

| INMATE/NUMBER | DATE OF HEARING | DATE OF INCIDENT |
|---|---|---|
| RODRIGUEZ, ANTHONY #93A9247 | FEBRUARY 3, 2021 BY SORC CORLEY, E H @ GREEN HAVEN C.F. TAPE #: D-24XXXXXX | JANUARY 6, 2021 |

        THE ABOVE-NOTED SUPERINTENDENT'S HEARING HAS BEEN REVERSED ON
NOVEMBER 26, 2021 , FOR THE FOLLOWING REASON(S):

        REVERSE PER AG REQUEST.

------------------------------------------------------------------------

        RECORDS CONTAINING REFERENCES TO THE ABOVE-NOTED SUPERINTENDENT'S
HEARING ARE TO BE EXPUNGED.

        PLEASE OBTAIN ALL AVAILABLE RECORDS WITHIN 14 DAYS OF RECEIPT OF THIS
MEMORANDUM. AFTER ACCUMULATING SUCH RECORDS, PLEASE FORWARD THEM FOLLOWING
ESTABLISHED PROCEDURES.

        DO NOT SEND TAPES - RETAIN ON FILE AND MARK AS EXPUNGED.

        IF THE RECORDS ARE NOT AVAILABLE AT YOUR FACILITY, PLEASE ADVISE THIS
OFFICE AS SOON AS POSSIBLE.

CC: I.R.C., CLINTON C.F.
    EXPUNGEMENT FILE
    IRC, GREEN HAVEN C.F. (TAPE)

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

REVIEW OF SUPERINTENDENT'S HEARING

NAME: RODRIGUEZ, ANTHONY            NO.  93A9247

HEARING FACILITY:  GREEN HAVEN

ON BEHALF OF THE COMMISSIONER, PLEASE BE ADVISED THAT YOUR
SUPERINTENDENT'S HEARING OF  FEBRUARY 3, 2021,   HAS BEEN REVIEWED AND
ADMINISTRATIVELY REVERSED ON NOVEMBER 26, 2021.


            A. RODRIGUEZ
            DIRECTOR, SPECIAL HOUSING/
            INMATE DISCIPLINARY PROGRAM


CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES


APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.


NOV 3 0 2021

# EXHIBIT



Anthony Rodriguez 93A9247
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, N.Y. 14541

August 15, 2023

Hon. Kenneth M. Karas District Judge
White Plains Courthouse
300 Quarropas Street
White Plains, N.Y. 10601-4150

Re.: 21 Civ. 8087 (KMK)

Dear Hon. Judge Karas;

On July 13, 2023, I submitted a motion to amend the original
claim in the above-entitled matter. That motion was submitted in
response to Defense's motion to Dismiss dated June 23, 2023. In my
motion to amend, I requested that I be given an opportunity to
review my original claim which I never received nor reviewed from
the inmate Law Library clerk who drafted the original complaint.

I am now informing the Court, that I have received and
reviewed for the first time the initial complaint filed. Please
find enclosed the following:

1. the envelope from the Clerk of the U.S. District Court that
the original complaint was sent to me in dated Aug. 14, 2023.
2. the request I made to recdeve the copy of the original
complaint filed to the U.S. District Court Clerk dated 7/13/2023.
3. the original complaint and the original envelope it was sent
in when initially filed in September 2021.

I would like to point out that the original complaint was
filed from Great Meadow Correctional facility which means that the
Law Library clerk must have been transferred to that facility and
took my paperwork with him there. I have never been housed at
Great Meadow Correctional facility in all the years of my current
incarceration.

With this letter to the Court, it is my intention to only make the Court aware that my claim to never having the original complaint filed was and is truthful. Also, I requested an extension of time because I did not have the original complaint and now that I have received it that extension of time is not needed.

If the Court requires any more information from me please feel free to request it and I will make every effort to provided it.

Thank you for your time, patience and assistance with the above matter.

Respectfully,

Anthony Rodriguez
Plaintiff, Pro-Se

To:  Hon. Letitia James, N.Y. Attorney General
Attn.  Jeb Harben, Assistant Attorney General
       Office of the Attorney General
       Dept. of Law, The Capitol
       Albany, N.Y. 12224-0341



Anthony Rodriguez 93A9247
Five Points Correctional Facility
State Route 16, P.O. Box 119
Romulus, N.Y. 14541

July 13, 2023

United States District Court
Southern District of N.Y.
Daniel Patrick Moynihan U.S. Courthouse
Office Of The Clerk
500 Pearl Street
New York, N.Y. 10007-1312

Re.: Case No. 21 Civ. 8078 (KMK)

Dear Sir:

With reference to Your letter of July 10, 2023,
Please find enclosed with this letter a Facility Check
for a Copy of Complaint Doc. #2  7-Pages - $3.50.

Thank You for Your time, patience and assistance
With the above matter.

Respectfully,

Roe

RECEIVED
SDNY PRO SE OFFICE
2021 SEP 28  AM 9: 52

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ

_____
Write the full name of each plaintiff.

No. _____
(To be filled out by Clerk's Office)

-against-

TENNESSEE S. PALMER
A. VALLE

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.   LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a *"Bivens"* action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other:   ASSAULT ON INMATE BY STAFF

## II.   PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

ANTHONY   RODRIGUEZ

First Name              Middle Initial          Last Name

N/A

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

93A9247

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

CLINTON CORRECTIONAL FACILITY

Current Place of Detention

P.O. 2001

Institutional Address

DANNEMORA          N.Y.          12929

County, City                    State          Zip Code

## III.   PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced prisoner

☐ Other: _____

Page 2

## IV.   DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

**Defendant 1:**   TENNESSEE S.                        PALMER

First Name             Last Name                    Shield #

CORRECTIONS OFFICER

Current Job Title (or other identifying information)

GREEN HAVEN CORR. FAC, P.O. BOX 4000

Current Work Address

STORMVILLE          NY          12582

County, City                    State                    Zip Code

**Defendant 2:**   A. VALLE

First Name             Last Name                    Shield #

CORRECTIONS OFFICER

Current Job Title (or other identifying information)

GREEN HAVEN CORR. FAC, P.O. BOX 4000

Current Work Address

STORMVILLE          NY          12582

County, City                    State                    Zip Code

**Defendant 3:**

First Name             Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

**Defendant 4:**

First Name             Last Name                    Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City                    State                    Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:   GREEN HAVEN CORRECTIONAL FACILITY

Date(s) of occurrence:   JANUARY 06, 2021

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

On January 06, 2021, I was employed at "Industry" which is a work program sponsored by Corcraft, at Green Haven Correctional Facility. On this date I Observed Corrections officer, Tennessee S. Palmer assaulting Inmate TYRONE HAYWOOD, 09A2545, and when I tried to intervene by making an inquiry to why this officer was abusing his authority he became enraged and without provocation attack me both physically and with a chemical agent (Pepper Spray) which was administered by C.O.'s Palmer and Valle, which continue their assault even after I passed out from the Pepper Spray. I was then transported to the infirmary and Subsequently to the Outside hospital to treat my injuries and when I returned, was Served with a ticket issued by both Correction officers that Stated Inmate Haywood and Myself were fighting, which is nothing more than a play to cover-up their Misconduct which was not recorded because of their refusal to wear the State

Page 4

issued "BODY CAMERAS", which was implemented to reduce assaults on Inmates by the Staff. Which is the case at hand. Mr Haywood and Myself were found Guilty on all Charges even after C.O. Palmer testified that he did not actually See Mr Haywood and I Physically fighting, Yet and Still I was found Guilty of Fighting (100.13) and Assault On Inmate (100.10) on Mr Haywood, which has clearly testified that C.O.(s) Palmer and Valle assaulted us both.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

I was pepper Sprayed until I passed out and was assaulted before, during and after this incident occurred and had to be treated at the infirmary of the facility and an outside hospital which should reflect the severity of the matter for which both Facility Medical Records reflect.

**VI. RELIEF**

State briefly what money damages or other relief you want the court to order.

I want this matter reversed and expunged from my facility record and I am seeking Monetary Compensation for my injuries that Stemmed from this 8th Amendment Violation and I am requesting an injunction that requires all Corrections officers at Green Haven Correctional facility to wear "Body Cams" until the facility is completely wired with cameras. and/or pay a fine for those which disobeys this Order.

## VII.    PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated    9/22/21                                              Plaintiff's Signature

First Name ANTHONY    Middle Initial    Last Name RODRIGUEZ

Prison Address CLINTON CORRECTIONAL FACILITY, P.O. 2001

County, City DANNEMORA    State NY    Zip Code 12929

Date on which I am delivering this complaint to prison authorities for mailing:    9/22/21

Page 6



GREAT MEADOW CORRECTIONAL FACILITY
BOX 51
COMSTOCK, NEW YORK 12821-0051

NAME: Carlton Rodriguez

RECEIVED
SDNY PRO SE OFFICE
2021 SEP 23 AM

**LEGAL MAIL**

Great Meadow
Correctional Facility

US POSTAGE $001.36
NEOPOST
09/23/2021
ZIP 12821
041M11283103

Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312

Ruby J. Krajick
CLERK

July 10, 2023

Anthony Rodriguez 93A9247
Five Point Correctional Facility
State Route 96, P.O. Box 119
Romulus, NY 14541

Dear Sir/Madam:

With reference to your letter of June 23, 2023, please be advised that copy/copies of the document(s) requested will be furnished to you upon receipt of the statutory fee of **$3.50** in the form of a COMPANY CHECK, CERTIFIED CHECK or MONEY ORDER payable to the Clerk of the Court, SDNY.

Sincerely,

David Ng
Records Management Supervisor

Re: CASE No. 21 cv 8078 (KMK)

XEROX COPIES OF:

Complaint Doc. #2          7 pages - $3.50

**PLEASE RETURN A COPY OF THIS LETTER WITH YOUR REMITTANCE.**
**Thank You.**

Anthony Rodriguez 93A9247
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, N.Y. 14541

June 25, 2023

Hon. Kenneth M. Karas
United States District judge
Southern District of N.Y.
300 Quarropas Street
White Plains, N.Y. 10601

Re; Rodriguez v. Palmer et al.
    21Civ. 8078 (KMK)

Dear Judge Karas;

I would like to first advise the Court of my current address change which is listed above.

Secondly, I would like to humbly request an extension of time because I am having problems with gaining access to the Law Library in this prison. The Dep. of Programs cannot understand the Deadline Order you gave me for 8/23/23. Therefore, I would like to request thirty (30) days more in order to aatempt to put all the documentation together for your consideration by then.

Also, I am researching how to file an Amendedd Complaint using a pamphlet sent to me by P.L.S. explaining the process. I did not file the original complaint, a Jailhouse Lawyer did, when I was confined and did not have access to the Law Library at Green Haven and Clinton C.F. Also, I do not have a copy of the original filed complaint (1983) because I was not given one. I have requested a copy be provided to me by the Clerk of The Court.

The proper forms and Law are not fully represented in the pamphlet P.L.S. sent me so this is why I need the Special Access to the Law Library here at Five Points C.F. Please find enclosed with this letter of the denial of Special Access to the Law library by D.S.P. Hill.

Furthermore, I am well aware that I must request your permission to Amend my Complaint (1983) for the reasons I have mentioned above so I am in the process of researching this method before I proceed. Lastly, I have received the Attorney General's Documents all at the same time from Green Haven C.F. and Clinton C.F. which shouldn't have happened. I want to make you aware of this circumstance the different jails create.

Thank you for your time, patience and assistance with this matter.

Respectfully Submitted,

Anthony Rodriguez
93A9247
Plaintiff - Pro Se

To: Letitia James
    Attorney General of N.Y.
 C/O Jeb Harben
    Assistant Attorney General
    28 Liberty Street, 18th Floor
    New York, N.Y. 10005


CC: File

-2-

# EXHIBIT



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ,

                    Plaintiff,

        v.                                          No. 21-CV-8078 (KMK)

TENNESSEE S. PALMER *and* A. VALLE,                  ORDER OF SERVICE

                    Defendants.

KENNETH M. KARAS, United States District Judge:

Plaintiff, currently incarcerated in Clinton Correctional Facility, brings this pro se action

under 42 U.S.C. § 1983, alleging that correction officers at Green Haven Correctional Facility

violated his constitutional rights. By order dated September 29, 2021, Judge Swain granted

Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1]

## I. DISCUSSION

### A. Order of Service

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119,

123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

serve all process . . . in [IFP] cases."); FED. R. CIV. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the

summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is

proceeding IFP and could not have served the summons and complaint until the Court reviewed

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B.  Local Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## II.  CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, along with an information package.

The Clerk of Court is further directed to issue summonses, complete the USM-285 forms with the addresses for Correction Officers Tennessee S. Palmer and A. Valle, and to deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:   October 6, 2021
         White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

---

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

## DEFENDANTS AND SERVICE ADDRESSES

1.    Corrections Officer Tennessee S. Palmer
       Green Haven Correction Facility
       594 NY-216
       Stormville, N.Y. 12582

2.    Corrections Officer A. Valle
       Green Haven Correction Facility
       594 NY-216
       Stormville, N.Y. 12582

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ,

                    Plaintiff,                          21-CV-8078 (UA)

          -against-                            ORDER GRANTING IFP
                                            APPLICATION IN PRISONER CASE
TENNESSEE S. PALMER, et al.,

                    Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff's application for leave to proceed without prepayment of fees is granted. A

prisoner bringing a civil action is required to pay the full $350 filing fee even when proceeding

*in forma pauperis* (IFP), that is, without prepayment of fees. *See* 28 U.S.C. § 1915(b)(1). The

Court must collect, when funds exist in a prisoner's account, an initial partial filing fee[1] plus

monthly payments. The agency having custody of the prisoner shall forward payments from the

prisoner's account to the Clerk of Court each time the amount in the account exceeds $10, until

the filing fees are paid. 28 U.S.C. § 1915(b)(2); *see also* In the Matter of the Prison Litigation

Reform Act, Second Amended Standing Order, M10-468 (S.D.N.Y. May 26, 2010) (requiring

agencies to calculate and remit the statutory fees for litigants in their custody).

Plaintiff has executed a prisoner authorization that authorizes the agency having custody

of Plaintiff, or any agency to which Plaintiff is transferred, to send a certified copy of Plaintiff's

prison trust fund account for the past six months to this Court. The prisoner authorization further

authorizes the agency to calculate the amounts specified by 28 U.S.C. § 1915, to deduct those

---

[1] The initial partial filing fee is 20 percent of the greater of – (A) the average monthly
deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account
for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C
§ 1915(b)(1)(A).

amounts from Plaintiff's prison trust fund account (or institutional equivalent), and to disburse those amounts to this Court.

## CONCLUSION

The Clerk of Court is directed to send a copy of this order and the prisoner authorization to the agency having custody of Plaintiff. That agency is directed to forward copies of Plaintiff's prison trust fund account for the past six months and to disburse the payments required under 28 U.S.C. § 1915 to the United States District Court for the Southern District of New York and to include the above docket number on the disbursement before sending it to the Court. If Plaintiff is transferred to another facility, the current facility shall provide a copy of this order to the facility to which Plaintiff is transferred. The Clerk of Court is also directed to send a copy of this order to Plaintiff and note service on the docket.

Finally, it is Plaintiff's obligation to promptly submit a written notification to the Court if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

SO ORDERED.

Dated:    September 29, 2021
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

RECEIVED
~~SDNY PRO SE OFFICE~~

UNITED STATES DISTRICT COURT 2021 SEP 28  AM 9: 52
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ
(full name of the plaintiff/petitioner)

-against-

TENNESSEE S. PALMER
A. VALUE
(full name(s) of the defendant(s)/respondent(s))

CV _____  (   )(   )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1)  because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2)  the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1)  send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2)  calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

9/22/01
Date

Signature

RODRIGUEZ  ANTHONY
Name (Last, First, MI)

93A9247
Prison Identification #

Clinton C.F.     DANNEMORA     NY     12929
Address          City          State   Zip Code

---

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16

# EXHIBIT





RECEIVED
NOV 15 2021
U.S.D.C.
W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ,

                  Plaintiff,

   .v.

TENNESSEE S. PALMER AND A. VALLE,

                  Defendants.

Case No. 21-CV-8078 (KMK)

**MEMO ENDORSED**

## DECLARATION

### INCIDENT WHICH OCCURRED AT GREEN HAVEN C.F. ON JAN. 6, 2021 INVOLVING PLAINTIFF

I, Anthony Rodriguez, declare under penalty of perjury that the following facts are true and correct:

On Jan. 6, 2021, I, Anthony Rodriguez 93A9247, did witness C.O. T. Palmer, yelling at inmate, T. Haywood 09A2545, to go back to his assigned program area of the Corcraft Industry at G.H.C.F. Inmate Haywood tried to explain to C.O. Palmer, he was instructed to empty all wood scraps bins and ready that garbage for disposal. C.O. Palmer then became irate because inmate Haywood wasn't moving fast enough. At this time, C.O. Palmer pulled out his mase cannister and threatened to spray inmate Haywood if he didn't comply. C.O. Valle, began inching slowly towards the exchange transpiring between the two individuals. When inmate Haywood put his hands up in a surrendering gesture, C.O. Plamer discharged the mase cannister. I was standing about five feet away from this incident at my work station. Myself and a few other inmates began saying how C.O.

Palmer's actions were uncalled for and I also mentioned that I could not be around discharged pepperspray because of a medical condition. As I began to move away from the area, C.O. Palmer sprayed me in the face. I was affected immediately and became very disoriented. I began violently sneezing, coughing uncontrollably, nauseous and my eyesight began becoming more and more blurry. I continued to express the maladies I was experiencing until I completely lost the ability to see. Suddenly, I was bearhugged from behind and violently thrown to the ground and this was when I blacked out.

I was jolted awake when C.O. Palmer jumped on my chest with his knees and he sprayed me again while he was yelling: "Stop resisting!" I began complaining of chest pains I was now experiencing and not being able breath properly made the pain worse. C.O. Palmer remained on top of me, pinning me to the floor keeping me face down.

Shortly thereafter, I was handcuffed and yanked to my feet by another C.O. who then shoved me violently against the nearby wall. I kept complaining of my chest pains, trouble breathing and the loss of my eyesight. I was then forced to walk stumblingly while being dragged still handcuffed to the infirmary. I was being painfully held up by my handcuffed hands behind my back and was told I should not have been fighting. I was never in a fight before all this occurred and had no idea who I was supposedly in an altercation with. During the Clinic staff's ministrations, I began experiencing increasing heart problems but a Sgt. and LT. kept interrupting the Clinic Staff to ask me what happened. The

blackouts and heart problems I was experiencing then are a result

of the stroke I had back in 2012. The resurgence of these medical

problems were caused due to C.O. Palmer's violent conduct and the

pepperspray I was subjected to. After the nurses completed cleaning

and bandaging all the bloody wounds throughout my body due to C.O.

Palmer's violent conduct, I was rushed to Vassar Hospital for

further medical assistance because I was experiencing increased

heart problems.

When I returned to Green Haven C.F., I was placed in an

isolation room on the infirmary's 2nd floor for the night. There

was no explanation as to why this was required. The very next day,

6/7/2021, I was issued a Misbehavior Report for: Fighting, Assault

on inmate, direct order and Weapon use. Inmate T. Haywood 09A2545,

was the individual I was being accused of having the altercation

with. Wholeheartedly, I believe the Misbehavior Reports were

written to cover-up C.O. T. Palmer's misconduct, unprofessionlism

and criminal acts. Furthermore, C.O. Palmer admitted he did not

see me nor inmate Haywood fighting during his testimony at inmate

Haywood's disciplinary hearing, (See - Green Haven C.F.'s Hearing

Tape #D-34/d inmate T. Haywood 09A2545) -- Tier III Hearing).

These events are true to the best of my recollection. They

(Correctional Staff) are also claiming that camera footage does

not exist of any part of the incident. Some kind of Body Camera

footage should exist of any portion of this occurance but strangely

it does not.

-3-

In conclusion, none of the contentions brought against me within the Misbehavior Report, the fabricated Unusual Incident Report and the Tier III disciplinary hearing, (See - Green Haven's Hearing Tape #D-24), were truthful or proper in any form or fashion. I should not have been attacked nor brutally treated by C.O. Palmer and all other Correctional staff involved in this incident.

Executed on 1/12/21

Respectfully,
Anthony Rodriguez
93A9247

Clinton Correctional Facility,
P.O. Box 2001
Dannemora, N.Y. 12929

The Court will consider this Declaration as annexed to Plaintiff's Complaint.

Plaintiff's Motion To Award Damages, (Dkt. No. 9), is denied without prejudice as premature. The Court will consider this Motion as annexed to Plaintiff's Complaint.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 9), and mail a copy of this Order to Plaintiff.

SO ORDERED

KENNETH M. KARAS U.S.D.J.

11/19/21

-4-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Rodriguez
_____

Write the full name of each plaintiff or petitioner.

-against-

Tennessee S. Palmer and
A. Valle
_____

Write the full name of each defendant or respondent.

Case No. 21 CV 8078 (KMK)(JCM)

NOTICE OF MOTION

PLEASE TAKE NOTICE that Plaintiff          Anthony Rodriguez

plaintiff or defendant          name of party who is making the motion

requests that the Court: Award Compensatory Damages- Pain & Suffering and
mental anguish of $150,000 and Punitive Damages due to Defendant's
reckless, callous and evil motive and intent to violate Plaintiff's Federal Rights
and Human Rights.. 42 U.S.C. §1983; 28 U.S.C. §1331 and 14th Amendment
Violation of Equal Protection Clause.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or
the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐ a memorandum of law

☒ my own declaration, affirmation, or affidavit

☐ the following additional documents: Rodriguez v. Palmer et al

21-cv-08078

11/18/21
Dated

Anthony Rodriguez
Name

Clinton Correctional Facility, P.O.Box 2001,   Dannemora, N.Y.   12929
Address                                                          City                   State        Zip Code

Signature

93A9247
Prison Identification # (if incarcerated)

_____          _____
Telephone Number (if available)                   E-mail Address (if available)

## AFFIDAVIT OF SERVICE

RECEIVED
NOV 15 2021
U.S.D.C.
W.P.

STATE OF NEW YORK    )
                     )
COUNTY OF DANNEMORA  )


Rodriguez v. Palmer et al
21-CV-08078
District Judge: Kenneth M. Karas
Magistrate Judge: Judith C. McCarthy


    Anthony Rodriguez, being duly sworn, deposes and says:

    I am the above-mentioned Plantiff, and I have served the

following documents: 42 U.S.C subsection 1983 Declaration and

Notice Of Motion, upon the following party(ies):

White Plains Courthouse
300 Quarropas Street
White Plains, N.Y. 10601-4150


by placing the above in a post-paid envelope and depositing it in

a United States Postal Service mailbox located at: Clinton

Correctional Facility, P.O. Box 2001, Dannemora, N.Y. 12929, on

the 12 day of November , 2021, as due and sufficient

service.


                              Respectfully,

                              Anthony Rodriguez
                              93A9247


SWORN TO BEFORE ME THIS

12 DAY OF November , 2021


          NOTARY PUBLIC
          Michael Miller
     Notary Public State of New York
        No. 01MI6424453
     Qualified in Clinton County
     Commission Expires 11-1-2025

# EXHIBIT



Case 7:21-cv-08078-KMK-JCM    Document 34    Filed 01/17/24    Page 74 of 186
Case 7:21-cv-08078-KMK    Document 15    Filed 04/13/23    Page 1 of 1
Case 7:21-cv-08078-KMK    Document 14    Filed 04/12/23    Page 1 of 1



**STATE OF NEW YORK**
**OFFICE OF THE ATTORNEY GENERAL**

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6185

April 12, 2023

**Via ECF**

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:    **Rodriguez v. Palmer**, 21 Civ. 8078 (KMK)

Dear Judge Karas:

I have been advised that Chambers contacted this Office regarding the above-captioned action and the lack of a response submitted to date. I am the attorney assigned by this Office to represent defendant Correction Officers Tennessee Palmer and Anthony Valle in a different, albeit factually related, action, Haywood v. Palmer, 21 Civ. 7277, which was recently dismissed without prejudice by Judge Roman. Based on my preliminary investigation, it appears that both actions were commenced and served within a few weeks of each other in 2021, and because the defendants are the same, there was likely confusion, and the existence of the instant lawsuit was overlooked. We apologize for this oversight. The docket currently does not reflect any request by Plaintiff for a default. [1]

At this time, we do not yet represent Officers Palmer and Vale in the instant action and are processing their requests for representation, which we expect to be completed shortly. It is respectfully requested that these defendants be allowed until May 12, 2023 to file a response to the Complaint. Again, we apologize for any oversights.

We thank the Court for its consideration in this matter.

Granted. The Clerk is to mail a copy of this
document to Plaintiff.

So Ordered.

[signature]    4/12/23

cc: Plaintiff pro se (regular mail)

Respectfully submitted,
*/s/ Jeb Harben*
Jeb Harben, Assistant Attorney General
Jeb.harben@ag.ny.gov

---

[1]  I was not the attorney initially assigned to Haywood v. Palmer and was not involved when it was received by this Office.

28 Liberty Street, New York, New York 10005 ● Tel.: (212) 416-8610 ● Fax: (212) 416-6075 (Not For Service of Papers)
http://www.ag.ny.gov

# EXHIBIT





### STATE OF NEW YORK
### OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

DIRECT DIAL: (212) 416-6185

**By ECF**                                                          May 12, 2023
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Rodriguez v. Palmer, et al., 21 Civ. 8078 (KMK)

Dear Judge Karas:

This Office represents defendant New York State Department of Corrections and Community Supervision ("DOCCS") Correction Officers Tennessee S. Palmer and Anthony Valle ("Defendants") in the above referenced action involving a claim of excessive force. Pursuant to Your Honor's Individual Practices, I write to respectfully request a pre-motion conference regarding Defendants' anticipated Fed. R. Civ. P. 12(b)(1) and (6) partial motion to dismiss the injunctive claims raised in this action as well as any state law claims that may be read into the *pro se* complaint.

**Plaintiff's Allegations**

Plaintiff alleges that on January 6, 2021, while incarcerated at Green Haven Correctional Facility ("Green Haven"), he was assaulted by Defendants. Plaintiff further alleges that he was subsequently found guilty of several disciplinary violations.

**Plaintiff's Equitable Claims Must Be Dismissed**

Plaintiff seeks two forms of equitable relief: (1) an expungement of certain disciplinary sanctions stemming from the events of January 6, 2021[1] and (2) an order that all security staff at Green Haven wear body cameras at all times.

Preliminarily, the two Correction Officers sued do not have the authority and capacity to carry out the relief sought (expungement and ordering all staff at Green Haven to wear body cameras), and thus the claims against them should be dismissed. *See Blackburn v. Goodwin*, 608

---

[1] The Complaint does not raise a claim for monetary damages regarding the prison discipline, just the claim for equitable relief. In any event, an allegedly false misbehavior report is not actionable here (*Dukes v. Schuck*, 637 Fed.Appx. 37, 39 (2d Cir. 2016)) and Plaintiff has not sued the official who conducted his disciplinary hearing.

Case 7:21-cv-08078-KMK    Document 17    Filed 03/12/23    Page 2 of 2

Page 2

F.2d 919, 925 (2d Cir. 1979) (official defendant must have the "the official capacity necessary to enable him to comply with the injunctive relief sought"). In addition, as evidenced by the Complaint in this action, which lists his address as Clinton Correctional Facility, Plaintiff has since been transferred out of Green Haven, mooting his equitable claims regarding Green Haven. *See McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020) (transfer moots claim).

**Any State Law Claims are Barred**

Any state law claims that the Court may read into the pleadings are not properly brought before this Court as Corrections Law § 24 bars any such claims against DOCCS personnel such as Defendants. *See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) (discussing Corrections Law § 24).

For all the foregoing reasons, Defendants respectfully request a pre-motion conference to discuss their anticipated partial motion to dismiss

We thank the Court for its consideration.

Respectfully submitted,

*/s/ Jeb Harben*
Jeb Harben
Assistant Attorney General
Jeb.harben@ag.ny.gov

cc:    Pro se plaintiff (via First Class mail)

*Defense motion to Dismiss is due 6/23/23. Plaintiff's response is due 7/23/23 Defense reply is due 8/23/23. The Clerk is to mail this document to Plaintiff.*

*So Ordered*

*5/24/23*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ANTHONY RODRIGUEZ,                              :
                                                :
                              Plaintiff,        :
                                                :         **NOTICE OF APPEARANCE**
           - against -                          :
                                                :         21 Civ. 8078 (KMK)
TENNESSEE S. PALMER AND A. VALLE,               :
                                                :
                              Defendants.       :
-----------------------------------------------------------------X

      PLEASE TAKE NOTICE that the undersigned attorney, duly admitted to practice in this

Court, hereby appears as counsel on behalf of LETITIA JAMES, Attorney General of the State of

New York, representing defendants Tennessee S. Palmer and Anthony Valle in the above-

captioned action. Please serve all papers and direct all further correspondence and/or electronic

notices to the undersigned.


Dated: New York, New York
      May 12, 2023

                                       Respectfully submitted,
                                       LETITIA JAMES
                                       Attorney General
                                       State of New York
                                       <u>Attorney for Defendants Palmer and Valle</u>

                                       <u>*/s/Jeb Harben*</u>
                                       Jeb Harben
                                       Assistant Attorney General
                                       28 Liberty Street
                                       New York, New York 10005
                                       (212) 416-6185
                                       jeb.harben@ag.ny.gov


TO:    Anthony Rodriguez, DIN 93-A-9247
        Plaintiff Pro Se
        Clinton Correctional Facility
        P.O. Box 2001
        Dannemora, NY 12929



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY RODRIGUEZ,

                                Plaintiff,

     - against -                                              21 Civ. 8078 (KMK)

TENNESSEE S. PALMER AND ANTHONY
VALLE,

                                Defendants.
------------------------------------------------------------X

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that, upon the motion filed herein, the accompanying

memorandum of law, and all other pleadings and papers filed herein, Defendants, by their attorney,

Letitia James, the Attorney General of the State of New York, will move this Court before the

Honorable Kenneth M. Karas, United States District Judge, at the United States Courthouse, 300

Quarropas Street, White Plains, New York 10601, at a time designated by the Court, for an Order

pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure partially dismissing the

Complaint.

Dated: New York, New York          Respectfully submitted,
       June 23, 2023

                                   LETITIA JAMES
                                   Attorney General State of New York
                                   Attorney for Defendant Dr. Kim
                                   By:/s/ Jeb Harben
                                   Jeb Harben, Assistant Attorney General
                                   28 Liberty Street, 18th Floor
                                   New York, New York 10005
                                   212-416-6185/Jeb.harben@ag.ny.gov

To: Plaintiff Pro Se

# EXHIBIT



FORM 3105A (7/11)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
                                      **AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name RODRIGUEZ, Anthony | DIN 93A9247 | Date of Birth 11/13/1972 | Facility Name 080. |
|---|---|---|---|

**Subjective:** Pt was seen in clinic after having a 1:1 physical altercation with another inmate. After fight Pt began having chest pain. (bside mm radiating) pt. wax-wane presentation.

**Objective:**

**Assessment:** Nonpositional, Non-exertional.

EKG: RBBB ⊕ axis dev. tachycardic

**Plan:** Pt given NTG with some mild resol(u)n of P. but still active.

Last Name _____
DIN _____   Location _____
Date 01/04/2021   Time 1845

Provider Orders: Pt has hx of Biotronic implant. in place.
Sp. Sp. — Isenberg at Vassar.

Signature/Provider # ___ MD-#193   SANCHEZ       RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** Im here flu DTC IPC 1/7 8|P. Chest pain after physical altercation. Hx Loop recorder 2019, CVA 2012. At OSH 1/6 CXR, L Humerus xray, EKG Negative. c/o muscular pain to (R) chest shoulder.

**Objective:** In NAD, wt 178 lbs. Good Rom to upper extremities. c 3" healing linear wound noted to (R) under forearm.

**Assessment:**

Asp — DTC IPC.
  — Informed all tests OSH negative.
  — Encouraged to use Rx IBP pain for pain.
  — OTC Bacitracin (8) given.
       Flu pain —

Last Name Rodriguez
DIN 93A9247   Location F 1-1 39
Date 1/12/21   Time —

Provider Orders:

**Plan:**

Signature/Provider # Mackay 341.    RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** BSC — C/O pain in neck, (R) clavicle, B/L shoulders — more (R) side — constantly.

**Objective:** NAD, A & O x 3 able to move all extremities

**Assessment:** would like to flu c Ashaug "for further testing"

**Plan:** alteration in comfort request PCP flu.

Last Name Rodriguez
DIN 93A9247   Location 7 1 139
Date 2/16/21   Time _____

Provider Orders: OTC
         TOH-9

Signature/Provider # _____    RN Transcribing Order/Provider #/Date/Time _____

Continue entry into next box if necessary.

FORM 3105A (7/11)   STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name Rodriguez, A | DIN 93A9247 | Date of Birth 11/13/72 | Facility Name O80 |
|---|---|---|---|

**Subjective:** Im had Ling monitor placed 6/25/17.

**Objective:** Last CAR f/u 10/23/17

**Assessment:**

**Plan:**

Last Name Rodriguez
DIN 93A9247   Location F1-139
Date 10/22/20   Time —

Provider Orders:
Labs
CBC, CmP, Lipids, UA.

Signature/Provider # mashang 841    RN Transcribing Order/Provider #/Date/Time ___

---

**Subjective:** IM here re ling monitor. ~~denies dizziness, black outs~~ error mR. Denies blackouts, rare episodes of dizziness. No (R) shoulder pain. Injury @ 2019? 16?

**Objective:** In r190, wght 182 lbs. 98%, 80P. CVRRR S₁ S₂ 132/100 Good Rom to RUE

**Assessment:** App — Ling monitor.
— CAR f/u.
— (R) shoulder pain.

**Plan:**
— xray (R) shoulder. Continue IBP Rx. Consider PHH after xray.
Flu pm.

Last Name Rodriguez
DIN 93A9247   Location F1-139
Date 10/23/20   Time —

Provider Orders:

Signature/Provider # mashang 841    RN Transcribing Order/Provider #/Date/Time ___

---

**Subjective:** pt. involved in 2-Man-Fight. c/o of pain in chest caused from Heart monitor. c/o that right clavicle hurts.

**Objective:** OC spray used. Hx of loop monitor.

**Assessment:** (1) 2 in x 1 1/2 in abrasion to lateral R upper chest. (2) 2 in x 1 1/2 in abrasion to lateral (R) chest. (3) 1 in x 1/2 in abrasion below (L) knee.

abrasion below (L) knee.

(5) 1 in x 1 1/2 in abrasion @ forearm.

**Plan:** Nitrogiven x 1. Seen by provider.
Send pt to Vassar Hospital via Ambulance due to Abnormal EKG.
Pt washed eyes c cold water and Dawn dishsoap. Wounds cleansed c NS, bacitracin applied.
Non Sterile Dsg applied.

Last Name Rodriguez
DIN 93A9247   Location Clinic
Date 1/6/21   Time 1:10 pm

Provider Orders:
NAD, A&Ox3, NSS, EKG done as per provider BP-154/83   P-114
R/R 16, T 98.4 @ 1:40PM (4) 1 in x 1/2 in
abrasion @ forearm @ 1:28pm.   I - 98.2   R - 17

O2 - 98% RA

O2 - 98% RA

Signature/Provider # R. Stacey RN #5    RN Transcribing Order/Provider #/Date/Time ___

(7) 1 1/2 in x 1 1/2 in abrasion to upper (L) arm. (8) 1 in x 1 1/2 in abrasion to upper (R) arm.
O2 4L via NC as per provider since pt now close O2 - 93% RA - 150pm

Continue entry into next box if necessary.

FORM 3180 (12/11)

**STATE OF NEW YORK**
**DIVISION OF HEALTH SERVICE**

## HEALTH PROVIDER ORDER SHEET

DIAGNOSIS C - P. S/P 2 man fight

Drug Sensitivity  yes / (no)  Specify  NKDA

Patient Name Rodriguez, Anthony

DIN 93A9247    Date of Birth 11/13/72

Facility Name GHCF

| Order Date & Time | ORDERS | Medication Start Date | Stop Date | Nurse attending to order |
|---|---|---|---|---|
| 1/6/21 920pm | VO Dr Sanchez  Admit to IPC; VS q Shift, Regular Diet. ① ASA, EC, 81g po Daily ② Ibuprofen 600 po TID PRN Pain. read by Linderman RN T ✓ NOTED 1/6/21 | | | |

Sheet # _____

**STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**PATIENT REFERRAL FORM**

Date of Appt _1/6/21_

Name: _Rodriguez, Anthony_ DIN: _93A9247_ DOB: _11/13/72_ Facility: _O80_

**Type of Encounter:** ☐ Telemedicine: If this is a telemedicine encounter, has the inmate given informed consent to the telemedicine encounter?   ☐ Yes  ☑ No (If "No", obtain consent)

☐ Specialty Clinic Type: _____ Location: _____

☑ Hospital/ER Name: _VBMC_   Contact Name/Number: _____

☐ Check here if inmate requires language or sign language interpreter services (specify) _____

| Date of Vitals | Temp | Pulse | Resp | BP | O₂ Sat | Height | Weight |
|---|---|---|---|---|---|---|---|
| 1/6/21 | 98² | 114 | 17 | 154/83 | 98% | | |

**Reason for Referral:** (include history of present illness, symptoms, and other specific abnormal findings)
_See attached_

**Significant Medical History**: (check all that apply) ☐ History and Physical Attached ☐ Consults attached

| | | | |
|---|---|---|---|
| Asthma/COPD | Cardiovascular/HTN | Infectious Disease | Pregnancy |
| Bleeding disorder | Diabetes | Mental Health dx | Vision/hearing impaired |
| Cancer | Gastrointestinal | Orthopedic | Other: |

**Medication/Treatments:** _See attached_

☐ Inmate is **not** currently taking any medications

Has the inmate had any of these symptoms within the last week? ☐ Cough ☐ Fever ☐ Night sweats

☐ Hemoptysis ☐ Severe Fatigue ☐ Weight loss over 10 lbs. in last 3 months (explain all symptoms)

**Allergies**: ☑ No known allergies ☐ Allergies to: (food and/or medications) _____

**Implants/Medical Devices/Metal in Body**: ☐ No ☑ Yes (specify): _____

**Additional Medical History**: _____

**Psychiatric diagnosis?** ☐ No ☐ Yes (if yes, specify medications): _____

| | Specific Test(s) | Result(s) |
|---|---|---|
| Lab | | |
| X-Ray/CT/MRI | | |
| EKG Results | _Attached._ | |
| Other: (specify) | | |

**Review of Diagnostic Testing** (check all that apply) ☐ Test results attached

**Additional information on diagnostic testing/results:** _____

~~PPD Information:~~ _TB Quantiferon_ Latest test date: _05-07-20_ Result: ☑ Negative ☐ Positive_____ mm
Previous date: _03-07-19_ Result: ☑ Negative ☐ Positive_____ mm

**Other comments:** _Covid #9 negative 07-29-20_

**Referred by:** _Dr Sanchez_

**Correctional Facility Contact Name/Phone** _Green Haven_ _____

**Form Completed by:** _S. H____ LR_     _384_     _01-06-21 @17_
                         Signature                  Provider #          Date/time

Form 3275 (6/2017)   Original: Hospital/Consultant   Copy: Consults Section



Rodriguez, Anthony
ID: 83af247

11/13/1972
48 Years

Male

01/06/2021 14:32:41
green haven cf
rt 216
stormville

VR         :
PR Interval  :  100 bpm
QRS Duration :  164 ms
QT / QTc-Baz :  138 ms
P-R-T Axes   :  376 / 485 ms
RR Interval  :  41 / -39 / 18 degrees
PP Interval  :  602 ms
PP           :  600 ms
             mmHg

Normal sinus rhythm
Left axis deviation
Right bundle branch block
Inferior infarct , age undetermined
Abnormal ECG

Location     :
Room         :
Order Number :
Indication   :
Medication 1 :
Medication 2 :
Medication 3 :

Technician   :
Ordering Ph  :
Referring Ph :
Attending Ph :

FORM 3194 (7/11)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION

## NYSDOCCS REQUEST & REPORT OF CONSULTATION

Name _Rodriguez_    DIN _93A9247_    DOB _11/13/72_

Referral Date _1/6/21_    Facility _080_

Consult Requested By _Sanchez, MD._    Specialist _____

Referral # _____
CCP Decision Required? Yes ___ No ___
Referral Type:   Initial _____   F/U _____
Procedure _____   Telemed _____
TOS Code _____   POS Code _____
Date _____   Time _____

Reason for consultation (include diagnostic test results, current meds and treatments)

Chest pain R/O ACS. Known hx of arrhythmias
Was Biotronic Loop implanted @ chest.
EKG: RBBB Ⓐ axis dev.    RBBB is old.
Desat on RA → on O₂ 4L.
tachycardic 110-120.

~~~ (signature) MD #193.

| **Urgency of Care** | Emergency ✓ | Urgent ___ | Soon ___ | Routine ___ | Assigned ___ |
|---|---|---|---|---|---|
| | 24 HOURS | 5 DAYS | 14 DAYS | 30 DAYS | MORE THAN 30 DAYS |

**Transportation**    Ambulatory ____ WC ___ WC Van ____ Ambulance/Ambulette ____ Healthcare Staff ____

**Medical Hold**    NO ___ YES ___ Type Code _____ Reason Code _____ Exp. Date _____

**Interpreter**    NO ___ YES ___ Language _____ Sensorially Impaired: Hearing ____ Vision ____

## CONSULTANT REPORT

\* Consultant treatment plan is a recommendation and final determination is made by the inmate's NYSDOCCS physician. **ATTENTION DO NOT INFORM INMATE OF FUTURE APPOINTMENTS.**

S:

O:

A:

P:

CONSULTANT
(Signature) _____    DATE _____    Request F/U by ___/___/___

**Procedure Time Frame (check one):**    (Within) 5 days ___ 14 days ___ 30 days ___ 2 months ___ 3 months ___ 6 months ___

**Facility Physician Review** _____    (Signature / provider # / date)

Dist.: **WHITE** - Inmate Health Record/Consultation Divider    **CANARY** - Consultant    **PINK** - Clinic Record    **GOLDENROD** - Pending Consult Copy



**Nuvance Health**

**MR#: 111219210**

Account #: 9558131
RODRIGUEZ, ANTHONY
DOB: 11/13/1972  48 years     Male
LOCATION: .Emergency VB; MC06; .
ADMIT: 1/6/2021               DISCHARGE:

Vassar Brothers Medical Center
45 Reade Place
Poughkeepsie, NY 12601-
(845) 454-8500

DOCUMENT NAME:                     Discharge Instructions
SERVICE DATE/TIME:                 1/6/2021 20:27 EST
RESULT STATUS:                     Auth (Verified)

# Discharge Instructions

We would like to thank you for allowing us to assist you with your healthcare needs. The following includes information regarding your visit. Please review these instructions when you return home in order to better understand your diagnosis, necessary further treatment, and precautions related to your condition. If your care team has recommended any change in your normal routine or activity, please follow these instructions closely.
**IF YOUR SYMPTOMS RETURN, OR IF THE CONDITION WORSENS OR NEW SYMPTOMS CALL YOUR DOCTOR OR RETURN TO THE EMERGENCY DEPARTMENT IMMEDIATELY.**

## Diagnosis from Today's Visit
1:Chest pain

**Your last documented Blood Pressure was:148 mmHg/90 mmHg**

If your blood pressure is higher than 120/80, we recommend that you call your primary care provider or the physician listed on your discharge instructions this week to arrange follow up for further evaluation of possible pre-hypertension or Hypertension. High blood pressure is associated with strokes, heart disease, and other serious illnesses, so it is very important that you discuss this finding with your primary doctor

# What To Do Next

You were treated today on an emergency basis; contact your primary care provider to notify them of your visit today. You may have been referred to your regular doctor or a specialist, please follow up as instructed. If your condition worsens or you can't get in to see the doctor, contact the Emergency Department.

## You Need to Schedule the Following Appointments

**Follow Up with** H99991 -NONE,
PCPONLY
**When:** Within 3 to 5 days

**RODRIGUEZ, ANTHONY**

DOB        11/13/1972

MR#   **111219210**

Account # 9558131

# Medications

Below are new medications prescribed during your Emergency Room Visit. A review of your medications has been completed. Unless otherwise noted, please continue to take medications as prescribed prior to your Emergency Room visit. Any specific questions regarding your chronic medications and dosages should be discussed with your physician(s) and pharmacist.

A side effect is usually regarded as an undesirable secondary effect which occurs in addition to the desired therapeutic effect of a drug or medication. For new medications, please refer to the medication leaflets provided for information on side effects.

**NEW PRESCRIPTIONS**
None

# Medications and Immunizations Administered in the ED

## Given
ibuprofen, 800 mg, Oral
No immunizations given this visit.

# Test Results

If you have had imaging studies performed during your visit, the results are included in these discharge papers. Some of these results may be preliminary and will be finalized tomorrow. You will be notified of any additional findings. Your primary care provider should review all final reports to ensure no further testing is required. X-rays do not always show injury or disease. Fractures (breaks in the bones), or other abnormalities are not always revealed on initial x-rays but may be revealed on subsequent x-rays. Your X-ray may have been read on a preliminary basis by the emergency department doctor. The final reading will be made by the radiologist. You will be notified of any additional findings.

## Tests Performed
Lab

| Test Name | Test Result | Date/Time |
|---|---|---|
| WBC | 11.8 x10(3)/mcL (High) | 01/06/2021 15:20 EST |
| RBC | 4.89 x10(6)/mcL | 01/06/2021 15:20 EST |
| Hgb | 14.8 gm/dL | 01/06/2021 15:20 EST |
| Hct | 43.4 % | 01/06/2021 15:20 EST |
| MCV | 89 fL | 01/06/2021 15:20 EST |
| MCH | 30.3 pg | 01/06/2021 15:20 EST |
| MCHC | 34.2 gm/dL | 01/06/2021 15:20 EST |
| RDW | 13.2 % | 01/06/2021 15:20 EST |
| Platelet | 185 x10(3)/mcL | 01/06/2021 15:20 EST |
| MPV | 8.9 fL | 01/06/2021 15:20 EST |

**RODRIGUEZ, ANTHONY**

DOB        11/13/1972

**MR#  111219210**

Account #  9558131

| Test Name | Test Result | Date/Time |
|---|---|---|
| Neut Auto | 86.5 % (High) | 01/06/2021 15:20 EST |
| Lymph Auto | 6.3 % (Low) | 01/06/2021 15:20 EST |
| Mono Auto | 6.2 % | 01/06/2021 15:20 EST |
| Eos Auto | 0.6 % | 01/06/2021 15:20 EST |
| Baso Auto | 0.4 % | 01/06/2021 15:20 EST |
| Neut Absolute | 10.2 x10(3)/mcL (High) | 01/06/2021 15:20 EST |
| Lymph Absolute | 0.7 x10(3)/mcL | 01/06/2021 15:20 EST |
| Mono Absolute | 0.7 x10(3)/mcL | 01/06/2021 15:20 EST |
| Eos Absolute | 0.1 x10(3)/mcL | 01/06/2021 15:20 EST |
| Baso Absolute | 0.0 x10(3)/mcL | 01/06/2021 15:20 EST |
| D-Dimer | 249.0 ng/mL D-DU (High) | 01/06/2021 15:20 EST |
| Glucose Lvl | 93 mg/dL | 01/06/2021 15:20 EST |
| BUN | 15.0 mg/dL | 01/06/2021 15:20 EST |
| Creatinine | 1.20 mg/dL | 01/06/2021 15:20 EST |
| eGFR-AA | 78 mL/min/1.73m2 | 01/06/2021 15:20 EST |
| eGFR-NAA | 64 mL/min/1.73m2 | 01/06/2021 15:20 EST |
| BUN/Creat Ratio | 12.5 ratio | 01/06/2021 15:20 EST |
| Sodium Lvl | 142 mmol/L | 01/06/2021 15:20 EST |
| Potassium Lvl | 4.2 mmol/L | 01/06/2021 15:20 EST |
| Chloride | 107 mmol/L | 01/06/2021 15:20 EST |
| CO2 | 25 mmol/L | 01/06/2021 15:20 EST |
| AGAP | 10 | 01/06/2021 15:20 EST |
| Calcium Lvl | 9.3 mg/dL | 01/06/2021 15:20 EST |
| ALT | 30 IU/L | 01/06/2021 15:20 EST |
| AST | 24 IU/L | 01/06/2021 15:20 EST |
| Alk Phos | 83 IU/L | 01/06/2021 15:20 EST |
| Total Protein | 7.0 gm/dL | 01/06/2021 15:20 EST |
| Albumin Lvl | 4.4 gm/dL | 01/06/2021 15:20 EST |
| Glob | 2.6 gm/dL | 01/06/2021 15:20 EST |
| A/G Ratio | 1.7 ratio | 01/06/2021 15:20 EST |
| Bili Total | 1.1 mg/dL | 01/06/2021 15:20 EST |
| BNP | 23 pg/mL | 01/06/2021 15:20 EST |
| Troponin-I | <0.03 ng/mL | 01/06/2021 19:10 EST |
| Rapid COVID-19 | Negative. | 01/06/2021 15:31 EST |
| Rapid COVID-19 Interp | Negative results should be treated as presumptive and, if inconsistent with clinical signs and symptoms or necessary for patient management, should be tested | 01/06/2021 15:31 EST |

**RODRIGUEZ, ANTHONY**

DOB    11/13/1972

MR#  **111219210**

Account #  9558131

| Test Name | Test Result | Date/Time |
|---|---|---|
| | with an alternative molecular assay. Negative results do not preclude SARS-CoV-2 infection and should not be used as the sole basis for patient management decisions. Negative results should be considered in the context of a patient's recent exposures, history, presence of clinical signs and symptoms consistent with COVID-19. | |
| COVID Source | NP Swab | 01/06/2021 15:31 EST |

**Radiology**
XR Chest (CXR) Portable 01/06/2021 16:28 EST
XR Humerus 2+ Views Left 01/06/2021 16:29 EST

**EKG/Cardiovascular**
EKG, 01/06/21 15:12:00 EST, Stat, Stop Date 01/06/21 15:12:00 EST, Dyspnea

**EKG:** If an EKG was performed as part of your evaluation and was read preliminarily, it will be reviewed within 24 hours by a Cardiologists.

**Tests Pending**
HIV Antibody/Antigen 4th generation

**RODRIGUEZ, ANTHONY**

DOB    11/13/1972

**MR#   111219210**

Account # 9558131

# Education Materials

Uncertain Causes of Chest Pain



Chest pain can happen for a number of reasons. Sometimes the cause can't be determined. If your condition does not seem serious, and your pain does not appear to be coming from your heart, your healthcare provider may recommend watching it closely. Sometimes the signs of a serious problem take more time to appear. Many problems not related to your heart can cause chest pain. These include:

- Musculoskeletal. Costochondritis is an inflammation of the tissues around the ribs that can occur from trauma or overuse injuries, or a strain of the muscles of the chest wall

- Respiratory. Pneumonia, collapsed lung (pneumothorax), or inflammation of the lining of the chest and lungs (pleurisy)

- Gastrointestinal. Esophageal reflux, heartburn, ulcers, or gallbladder disease

- Anxiety and panic disorders

- Nerve compression and inflammation

- Rare miscellaneous problems such as aortic aneurysm (a swelling of the large artery coming out of the heart) or pulmonary embolism (a blood clot in the lungs)

**Home care**

After your visit, follow these recommendations:

- Rest today and avoid strenuous activity.

- Take any prescribed medicine as directed.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anthony Rodriguez
_____ Plaintiff,

(In the space above enter the full name(s) of the plaintiff(s).)

-against-

Tennessee S. Palmer, Correction Officer

And Anthony Valle, Correction Officer,
_____ Defendant.

(In the space above enter the full name(s) of the defendant(s). If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an additional
sheet of paper with the full list of names. The names listed in the above
caption must be identical to those contained in Part I. Addresses should
not be included here.)

**COMPLAINT**
under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial:  ☒ Yes   ☐ No
(check one)

Hon. Judge Kenneth M. Karas

21 Civ. 8078 (KMK)

**I.      Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of
confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as
necessary.

Plaintiff      Name    Anthony Rodriguez
               ID #    93A9247
               Current Institution    Five Points Correctional Facility
               Address    State Route 96, P.O. Box 119
                          Romulus, N.Y. 14541

B.    List all defendants' names, positions, places of employment, and the address where each defendant
may be served. Make sure that the defendant(s) listed below are identical to those contained in the
above caption. Attach additional sheets of paper as necessary.

Defendant No. 1    Name _Tennessee S. Palmer_    Shield # _____

Where Currently Employed _Green Haven Correctional Facility_

Address _594 NY-216_

_Stormville, N.Y. 12582_

Defendant No. 2    Name _Anthony Valle_    Shield # _____

Where Currently Employed _Green Haven Correctional Facility_

Address _594 NY-216_

_Stormville, N.Y. 12582_

Defendant No. 3    Name _____    Shield # _____

Where Currently Employed _____

Address _____

Defendant No. 4    Name _____    Shield # _____

Where Currently Employed _____

Address _____

Defendant No. 5    Name _____    Shield # _____

Where Currently Employed _____

Address _____

## II.    Statement of Claim:

State as briefly as possible the _facts_ of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    In what institution did the events giving rise to your claim(s) occur?  _Green Haven_
_Correctional Facility, 594 NY 216, Stormville, NY 12582_

B.    Where in the institution did the events giving rise to your claim(s) occur?  _Corcraft_
_Industry- Panel Systems Shop_

C.    What date and approximate time did the events giving rise to your claim(s) occur?  _____
_January 6th, 2021 on or about 12:50 P.M._

## PROCEDURAL HISTORY

1. Plaintiff Anthony Rodriguez, brings this action Pro Se under 42 U.S.C.A. §1983, which was first filed with this Court on or about September 28, 2023, for Eighth Amendment Excessive Force claims against Defendants, Correction Officer Tennessee S. Palmer and Correction Officer Anthony Walle, regarding an incident which occurred on January 6, 2021, at Green Haven Correctional Facility, 594 Rt. 216, P.O. Box 4000, Stormville, N.Y. 12582, (See Misbehavior Report-Exhibit A).

2. On February 3, 2021, Plantiff was found guilty during a Tier III Superintendent's hearing for a Misbehavior Report authored by Defendants Tennessee S. Palmer and Anthony Walle which charged Plaintiff with the following: 106.10 Disobey Direct Order, 100.13 Fighting, 100.10 Assault on Inmate and 113.10 Weapon, (See Hearing Disposition Sheet-Exhibit B).

3. On or about February 2021, Plaintiff filed an  Administrative Appeal with D. Venetozzi, Director of Special Housing/Inmate Disciplinary Program. On March 29, 2021, this appeal was denied. On April 23, 2021, Plaintiff filed a Reconsideration Administrative Appeal with Mr. Anthony Rodriguez, Director of Special Housing/Inmate Disciplinary Program. This reconsideration of the appeal was denied on May 14, 2021. Plaintiff filed both of the appeal pleadings while being housed at Green Haven Correctional Facility on Keeplock Confinement status, (These documents were illegally disposed of by Clinton C.F. Correction Officers, See Grievance-Exhibit C).

4. On March 9, 2021, Plaintiff filed a facility grievance at Green Haven C.F. concerning the Excessive Force Claim. The grievance was denied by the Superintendent of Green Haven C.F. on April 29, 2021. Plaintiff then filed an Appeal to the C.O.R.C. on May 5, 2021, which was also denied on December 2, 2021, (See Exhibit D).

5. On June 18, 2021, Plaintiff filed an Article 78 with the Attorney General of N.Y. appealing the guilty disposition of Feb. 3, 2021 mentioned in #2 above. On November 26, 2021, the Attorney General of N.Y., Ordered that the guilty disposition of Feb. 3, 2021, be Dismissed and Expunged from Plaintiff's institutional record. Subsequently, Mr. Anthony Rodriguez, Director of Special Housing/Inmate Disciplinary Program, filed a Reversal Order with Central Office of D.O.C.C.S. and Green Haven C.F.'s Superintendent. Plaintiff filed the Article 78 while being housed at Clinton Correctional Facility, P.O. Box 2001, Dannemora, N.Y. 12929, while on keeplock confinement status, (See Exhibit E).

6. On or about September 28, 2021, the Original 42 U.S.C.A. §1983 concerning Plaintiff's Excessive Force claims constructed by a Law Library Clerk at Green Haven C.F. while Plaintiff was housed at Clinton C.F. on keeplock confinement status. Plaintiff later discoved through a F.O.I.L. request, that the Law Library Clerk in question was transferred to Great Meadow Correctional Facility, P.O. Box 51, 11739 State Rt. 22, Comstock, N.Y. 12821, where the §1983 was actually filed from, (See Exhibit F).

7. On or about June 23, 2023, Plaintiff submitted a request to the Clerk of the Court of the Southern District of New York for a copy of the original complaint filed. Plaintiff was not forwarded the original complaint filed at issue here by the Law Library Clerk from Green Haven C.F. who assisted Plaintiff with the construction of §1983 when plaintiff was on keeplock status and transferred to Clinton Correctional Facility. Subsequently, plaintiff submitted a request for a thirty day Extension of Time on June 25, 2023, to U.S. District Court Judge Hon. Kenneth M. Karas. Then, on July 13, 2023, plaintiff paid for the copies he requested from the clerk of the court and then sometime after plaintiff received the original complaint and the envelope it was sent to the Court for filing, (see Exhibit F).

8. On August 15, 2023, plaintiff wrote the Court explaining that he no longer needed the requested extension of time because he received the original complaint, (See Exhibit F).

9. On or about October 2021, Plaintiff received the Order of Service dated October 6, 2021, from the Clerk of the Court of the U.S. District and Southern District Court of New York. Plaintiff also received U.S. District Judge Hon. Kenneth M. Karas and Magistrate Judge Hon. Judith C. McCarthy's Individual Rules and Practice, Declaration Form and Notice of Motion. Furthermore, Plaintiff received the Order Granting I.F.P. Application in the Prisoner Case from Chief Judge Hon. Laura T. Swain and the Prisoner Authorization Form stamped "Received September 28, 2021," (See Exhibit G).

10. On November 12, 2021, Plaintiff filed the Declaration and Notice of Motion with the U.S. District Court, Southern District of New York. On or about November 25, 2021, the Declaration and Notice of Motion was returned to the Plaintiff from the U.S. District Court, Southern District of N.Y., designating both documents as premature and were annexed to Plaintiff's complaint, so Ordered by U.S. District Judge Hon. Kenneth M. Karas on November 19, 2021. The Declaration was stamped "Received on Nov. 15, 2021 and Memo Endorsed," (See Exhibit H).

11. On April 12, 2023, the Attorney General of N.Y. requested an Extension of Time and admitted to a default by failing to respond within the alloted time. Plaintiff did not know a default occurred because he did not possess the initial complaint filed. The A.G.'s request for an Extension of Time was granted on April 12, 2023, (See Exhibit I).

12. On May 12, 2023, the Attorney General of N.Y. submitted a request for Dismissal of Plaintiff's Complaint and a Notice of Appearance, introducing Assistant Attorney General Jeb Harben as Council for the Defendants - Tennessee S. Palmer and Anthony Valle, (See Exhibit J ).

13. Defendant's filed a Partial Motion to Dismiss on June 23, 2023. Plaintiff filed his response on July 25, 2023. The same day, Plaintiff also filed a Motion for Leave to Amend to which he attached a proposed amended complaint. On Sept. 8, 2023, Defendants filed a response to that request. Finally, U.S. District Court, Southern District of N.Y. Judge Hon. Kenneth M. Karas, issued an Opinion and Order dated December 12, 2023,

giving Plaintiff 30 days to file a second amended complaint to replace the instant complaint (FAC). If Plaintiff fails to abide by the 30-day deadline, the Court will deem the FAC to be the operative complaint.

Dated: January _4_, 202_4_

Respectfully Submitted

Anthony Rodriguez
93A9247
Plaintiff Pro Se


To:  Letetia James, Attorney General of N.Y.
Attn: Jeb Harben, Assistant Attorney General
      Office of the Attorney General
      Dept. of Law, The Capitol
      Albany, N.Y. 12224-0341

## FACTS

14. On January 6, 2021, I, Anthony Rodriguez 93A9247, (Plaintiff Herein), did witness C.O. Tennessee S. Palmer, yelling at inmate, T. Haywood 09A2545, to go back to his assigned program area of the Corcraft Industry at Green Haven Correctional Facility. Inmate Haywood, tried to explain to C.O. Palmer, he was instructed to empty all wood-scrap bins and ready that garbage for disposal. C.O. Palmer then became irate because inmate Haywood was not moving fast enough. At this time, C.O. Palmer pulled out his mace canister and threatened to spray inmate Haywood if he didn't comply. C.O. Valle, began inching slowly towards the exchange transpiring between the two individuals. When inmate Haywood put his hands up in a surrendering gesture, C.O. Palmer discharged the mace canister. Plaintiff was standing about five feet away from this incident at his work station. Plaintiff and a few other inmates began saying how C.O. Palmer's action were uncalled for and Plaintiff also informed the C.O.'s that he could not be around discharged pepper spray because of a medical condition. As Plaintiff began to move away from the area, C.O. Palmer sprayed him in the face. Plaintiff also believes C.O. Valle sprayed him several times. Plaintiff was affected by the pepper spray immediately and became very disoriented. Plaintiff began violently sneezing, coughing uncontrollably, nauseous and his eyesight began becoming more and more blurry.

15. Plaintiff was jolted awake, after blacking out, when C.O. Palmer jumped on Plaintiff's chest with his knees and he sprayed

Plaintiff again while C.O. Palmer was yelling: "Stop resisting!"
Plaintiff began complaining of chest pains he was now experiencing
and not being able to breath properly which made the pain worse.
C.O. Palmer remained on top of Plaintiff, pinning him down facing
the floor.

16. Shortly thereafter, Plaintiff was handcuffed, yanked to
his feet and then violently shoved against a wall by another C.O.
Plaintiff kept complaining of chest pains, trouble breathing and
the loss of his eyesight. Plaintiff was forced to then walk
stumblingly while being dragged along, still handcuffed, to the
facility infirmary. Plaintiff being handcuffed behind his back,
was constantly told he should not have been fighting while his
his arms were being painfully lifted upwards. Plaintiff was never
in a fight for all this to occur and had no idea who he was
supposedly fighting at that moment.

17. During the Clinic Staff's ministrations, Plaintiff began
experiencing increasing heart problems but a Sgt. and Lt. kept
interrupting the Clinic Staff to ask me what happened. The
blackouts and heart problems Plaintiff was experiencing then,
are a result of this altercation, stemming from a stroke
Plaintiff had back in 2012 while at Green Haven. The resurgence
of these medical problemss were caused due to Correction Officers
Palmer and Valle's violent conduct and the pepper spray Plaintiff
was subjected to. After the nurses completed cleaning and bandaging
all the bloody wounds throughout my body due to C.O. Palmer's
violent conduct, I was rushed to Vassar Hospital for further
medical assistance because Plaintiff was experiencing increased

increased heart problems, (See <u>Exhibit K</u>).

18. When Plaintiff returned to Green Haven C.F., Plaintiff was placed in an isolation room on the second floor of the infirmary for the night. Plaintiff was given no explanation as to why this was required. The very next day 6/7/2021, Plaintiff was issued a MIsbehavior Report for - Fighting, Assault on inmatee, Disobeying Direct Order and Weapon use. Inmate T. Haywood 09A2545, was the individual Plaintiff was now being accused of having the altercation with, (See <u>Exhibit A</u>).

19. Wholeheartedly, Plaintiff believes the Misbehavior Report was fabricated to cover-up C.O. Palmer and C,O, Valle's misconduct, unprofessionalism and criminal acts. Furthermore, C.O. Palmer admitted he did not see Plaintiff nor inmate Haywood fighting during his testimony at inmate Haywood's disciplinary hearing, (See - <u>Green Haven C.F.'s Hearing Tape #D-34, inmate T. Haywood 09A2545 - Tier III hearing</u>).

20. These events are true to the best of Plaintiff's recollection. They (Correctional Staff) are also claiming that camera footage does not exist of any part of the incident. Some kind of Body Camera footage should exist of any portion of this occurance but strangely it does not. The Hearing Officer in Plaintiff's Tier III disciplinary hearing denied Plaintiff the right to call an improtant witness to verify no documentation existed to prove an incident had occurred other than the made-up Misbehavior Report. Plaintiff was also denied important exculpatory material to present a proper defense and denied the Plaintiff a fair and impartial hearing when the hearing was not

conducted properly by not starting the hearing on time nor did the hearing officer finish the hearing on time. Plaintiff logged all the objections needed to be considered by the hearing officer but they were all ignored and Plaintiff was found guilty of all charges, (See <u>Exhibit B and Green Haven C.F.'s Hearing Tape #D-24, Inmate A. Rodriguez 93A9247 - Tier III Hearing</u>).

In Conclusion, none of the contentions brought against the Plaintiff within the Misbehavior Report, the fabricated Unusual Incident Report and the Tier III disciplinary hearing were truthful or proper in any form or fashion. Plaintiff should not have been attacked nor brutally treated by Correctional Staff involved in this incident. Moreover, it is an unmistakable fact that the Defendants acted outside scope of their employment when Plaintiff was victimized during the unprovoked assault complained of in the instant case.

In 1974, it was also clear that this prohibition against excessive force applied to the use of tear gas. The leading cases stated then, and still state now, that where the actions of a prisoner pose no danger to the safety of guards, or other prisoners, or the general security of the prison, and where there is no need to move physically a recalcitrant prisoner, the use of tear gas on inmates constitutes a form of corporal punishment that violates the eighth amendment. <u>Landman v. Royster, 333 F.Supp. 621, 649 (E.D. Va. 1971)</u>, also, <u>Landman v. Peyton, 370 F.2d 135 (1966)</u>, absolute power is corrupting, whether it lies in the hands of prison guards, or other men. id. at 140. It is the responsibility of the courts to ensure that unnecessarily violent prison

practices do not pass unchecked. Although prison officials must have have some discretion over the application of punitive measures to protect themselves and other inmates, carte blanche use of tear gas has never been, and should never be, included in those protective or disciplinary measures. Were we to permit such a practice the door would be opened to routine infliction of excessive and unnecessary corporal punishment.

Saucier v. Katz, 533 U.S. 194, 201 states: "The right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevent, sense: The contours of the right must sufficiently clear that a reasonable official would understand that what he is doing violates that right." In resolving the issue of qualified immunity, the court must view the evidence in the light most favorable to plaintiff and resolve all material factual disputes in favor of plaintiff. Martinez v. Stanford, 323 F.3d 1178.

With respect to excessive force claims, the "inquiry... is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, at 7, The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, whether or not significant injury is evidence. id. at 9. No reasonable officer would have believed that spraying an inmate with two full canisters of pepper spray in the face, nor shooting an argumentative inmate in the face, was force "applied in a good-faith effort to maintain or restore discipline..." id. at 7.

In Ramirez v. Scribner, 2008 WL 4792541, Correctional

Officials were not entitled to qualified immunity on a prisoner's claim of excessive force. Prisoner alleged and presented evidence that he was not threatening or attacking either the Correctional Officials or another inmate, and that pepper spray was unnecessarily applied when prisoner was only attempting to speak with two Correctional Officials..." These facts were sufficient to show that Correctional Officials violated prisoner's rights under the Eighth Amendment because no reasonable Officer would have believed that spraying an inmate with two full canisters of pepper spray...was force applied in good-faith effort to maintain or restore discipline."   U.S.C.A. Const. Amend. 8; 42 U.S.C.A. §1983; Rivera v. State of New York, 34 N.Y.3d 383, 390 (2019).

In the instant case, Plaintiff's contentions are parallel to those mentioned above. Correctional Officials unnecessarily applied pepper spray over 10 times while plaintiff only wanted to extricate himself from the altercation transpiring between inmate T. Haywood and C.O. Palmer.

I declare under penalty of perjury that the foregoing is true and correct.

Wherefore, plaintiff respectfully submits this complaint for this Honorable Court's review.

Respectfully,

Anthony Rodriguez
93A9247
Plaintiff Pro Se

D.  Facts:  *See Attached*

III.  **Injuries:**

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Black out Allergic Reaction, bruised chest Cavity, Distended Clavicle, Extreme Shoulder Pain (Right Side, Minor Cardiac arrest, Cuts and bruises on both arms and lower legs.

IV.  **Exhaustion of Administrative Remedies:**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.    Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes  ✓   No ____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).   Green Haven Correctional Facility, P.o. Box 2000,
_____ Stormville, N.Y. 12582

B.    Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes  ✓   No ____   Do Not Know ____

C.    Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes  ✓   No ____   Do Not Know ____

If YES, which claim(s)?  Exessive Use of Force

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes  ✓   No ____

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No ____

E.    If you did file a grievance, about the events described in this complaint, where did you file the grievance?  Green Haven C.F. I.G.R.C., Superintendent's Appeal and C.O.R.C.

1.    Which claim(s) in this complaint did you grieve?  Excessive Use of Force

2.    What was the result, if any?  All Grievances and Appeals were denied

3.    What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process.  After the C.O.R.C. decision the 42 U.S.C. §1983 was Cited

F.    If you did not file a grievance:

1.    If there are any reasons why you did not file a grievance, state them here: ____

2.   If you did not file a grievance but informed any officials of our claim, state who you informed, when and how, and their response, if any:

_____

_____

_____

_____

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies. _____

_____

_____

_____

_____

_____

_____

_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

V.   Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). Award Compensatory Damages — Pain and Suffering and Mental Anguish of $150,000.00, Punitive Damages due to Defendant's reckless, callous, evil motives and intent to violate Plaintiff's person and Federal Rights, Human Rights — $50,000.00 Violations protected under 42 U.S.C. §1983, 28 U.S.C.

_____

_____

_____

_____

_____

_____

_____

_____

**Previous lawsuits:**

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes  ✓   No ____

B.  If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff  _Anthony Rodriguez_

Defendants  _The State Of New York_

2.  Court (if federal court, name the district; if state court, name the county)  _Court of Claims, State Of New York, Box 7344, Capitol Station, Albany, NY 12224_

3.  Docket or Index number  _Claim No. 137995 / OAG No. 22-013753-L1_

4.  Name of Judge assigned to your case  _Hon. Judge W. Brooks De Boul_

5.  Approximate date of filing lawsuit  _July 19, 2022_

6.  Is the case still pending?  Yes  ✓   No ____
   If NO, give the approximate date of disposition  _____

7.  What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?)  _____

C.  Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?
   Yes ____   No  ✓

D.  If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.  Parties to the previous lawsuit:

Plaintiff  _____

Defendants  _____

2.  Court (if federal court, name the district; if state court, name the county)  _____

3.  Docket or Index number  _____

4.  Name of Judge assigned to your case  _____

5.  Approximate date of filing lawsuit  _____

6.  Is the case still pending?  Yes ____   No ____
   If NO, give the approximate date of disposition  _____

**AFFIDAVIT OF SERVICE**

State of New York )
County of Seneca  )ss.:

I, _Anthony Rodriguez, Plaintiff_, being duly sworn deposes and says:

1. That on _1/5/24_, I did in fact place the designated copies of the following papers in the Mailbox at Five Points Corr. Fac.

   a. _Complaint and Exhibits_

   b. _____

   c. _____

2. Said papers were addressed to the following parties:

**Original and Duplicate(s)**
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

Copy  Letitia James, Attorney General      Copy
Attn: Jeb Harben, Assistant A.G.
Office of the Attorney General
Department of Law, The Capitol
Albany, N.Y. 12224-0341

Very Truly Yours,

Five Points Corr. Fac.
State Route 96, P.O. Box 119
Romulus, New York 14541

Sworn to before me this

_4_ day of _Jan_, 2024

NOTARY PUBLIC
Jonathan M. Hall
Notary Public, State of New York
Registration No. 01HA6241732
Qualified in Monroe County
Commission Expires July 16, 2027

# EXHIBIT



FORM 2171B (4/09)
Side 2

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONAL SERVICES

Green Haven _____ **Correctional Facility**

## INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Rodriguez, A | 93A9347 | -139 |

| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
|---|---|---|
| Panel Systems | 01/6/21 | Approx 12:50p |

3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES

06.10 Direct order          113.10 weapon
100.13 Fighting
100.0 Assault on inmate

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

On the above date and approximate time I C.O A.V observed Inmate Rodriguez Din # 93A9347 and Inmate Jewood Din # 09A2545 Fighting and swinging objects at each other. I gave a Direct order to stop fighting and drop the weapon. Both Inmates did not comply. After several direct orders to stop fighting I applied one application of oc pepper spray consisting of two one second burst to the face of inmate Rodriguez. Both Inmates continued to strike each other with the objects, I gave several direct orders to stop fighting and applied an additional four applications of oc pepper spray consisting of two one second burst to Inmate Rodriguez face which did not achieve the desired effect. Officer T. Palmer applied a body hold on the upper body of Inmate Rodriguez and gave a direct order to drop the weapon and forced him to the ground. Inmate then became compliant. Mechanical restraints applied and Inmate was taken to the clinic for medical evaluation.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 01/6/21 | A Valle | A.V.V | C.O |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)      SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)      FIRMAS:    1. _T. Palmer_

2. _____      3. _____

**NOTE: Fold back Page 2 on dotted line before completing below.**

DATE AND TIME SERVED UPON INMATE ____ 1/7/21 ____      NAME AND TITLE OF SERVER ____

FECHA Y HORA DADO AL RECLUSO      NOMBRE Y TÍTULO DEL QUE ENTREGA

You are hereby advised that no statement made by you in response to the charges or information derived therefrom may be used against you in a criminal proceeding. ♦ Por este medio se le informa que no se puede usar ninguna declaración hecha por usted como respuesta al cargo o la información derivada de ella en una demanda criminal.

## NOTICE ♦ AVISO

REVIEWING OFFICER (DETACH BELOW FOR VIOLATION HEARING ONLY)

You are hereby notified that the above report is a formal charge and will be considered and determined at a hearing to be held. ♦ Por este medio se le notifica que el informe anterior es un cargo formal el cual se considerará y determinará en una audiencia a celebrarse.

The inmate shall be permitted to call witnesses provided that so doing does not jeopardize institutional safety or correctional goals. ♦ Se le permitirá al recluso llamar testigos con tal de que al hacerlo no pondrá en peligro la seguridad de la institución o los objetivos del Departamento.

If restricted pending a hearing for this misbehavior report, you may write to the Deputy Superintendent for Security or his/her designee prior to the hearing to make a statement on the need for continued prehearing confinement. ♦ Si está restringido pendiente a una audiencia por este informe de mal compartamiento, puede escribirle al Diputado del Superintendente para Seguridad o su respresentante antes de la audiencia para que haga una declaración acerca de la necesidad de continuar bajo confinamiento, previo a la audiencia.

Distribution: WHITE - Disciplinary Office    CANARY - Inmate (After review) ♦ Distribucion: BLANCA - Oficina Disciplinaria    AMARILLA - Recluso (despues de la resion)

# EXHIBIT



01/07/2021          NYS DEPT OF CORRECTIONS & COMMUNITY SUPERVISION          PAGE ①
DCP004                   SUPERINTENDENT  HEARING DISPOSITION RENDERED

                    GRN HAVN GEN                        TAPE NUMBER  D-24

DIN: 93A9247 NAME: RODRIGUEZ, ANTHONY              LOCATION: OF-11-39S

INCIDENT DATE & TIME:      01/06/2021    12:50 PM    TIER 3

REVIEW DATE:               01/07/2021            BY:  LT  VANCOOTEN, A M

DELIVERY DATE & TIME:      01/07/21     09:00 AM BY:  CO  RODRIGUEZ, J A

HEARING START DATE & TIME:  1/20/20 1:30   BY:  E. Conley, SORC

HEARING END DATE & TIME:   2/3/20 2:30    BY:  E Corley SORC
WAS THERE NEED FOR A FORMAL MENTAL HEALTH/INTELLECTUAL CAPACITY ASSESSMENT? Y /(N)

| CHARGE NUMBER | DESCRIPTION OF CHARGES | REPORTED BY | DISPOSITION |
|---|---|---|---|
| 100.10 | ASSAULT ON INMATE | CO  VALLE, A | G |
| 100.13 | FIGHTING | | G |
| 113.10 | WEAPON | | G |
| 106.10 | REFUSING DIRECT ORDER | | G |

ANY GUILTY DISPOSITION WILL RESULT IN A MANDATORY DISCIPLINARY SURCHARGE IN THE
AMOUNT OF FIVE($5.00) DOLLARS BEING ASSESSED AUTOMATICALLY AGAINST THE INMATE.
SANCTION DATES BELOW ARE SUBJECT TO REVIEW/CHANGE, AND WILL BE CONSECUTIVELY ADDED TO
ANY SIMILAR CURRENT SANCTION. IN ADDITION, WHENEVER A CONFINEMENT PENALTY IS BEING
SERVED AND A MORE RESTRICTIVE CONFINEMENT PENALTY IS IMPOSED AS A RESULT OF ANOTHER
HEARING, THE MORE RESTRICTIVE PENALTY SHALL BEGIN TO BE SERVED IMMEDIATELY, AND ANY
TIME OWED ON THE LESS RESTRICTIVE PENALTY SHALL BE SERVED AFTER COMPLETION OF THE
MORE RESTRICTIVE PENALTY PERIOD.

| PENALTY CODE | DESCRIPTION | PENALTY MO DAYS | START DATE | RELEASE DATE | SUSPEND MO DAYS | DEFERRED MO DAYS | RESTITUTION $$$$ . ¢¢ |
|---|---|---|---|---|---|---|---|
| B400 | Pre Hearing KL | 28 | 1/6/21 | 2/3/21 | | | |
| B000 | K.L. | 180 | 2/3/21 | 8/2/21 | | | |
| E000 | Packages | 180 | 2/3/21 | 8/2/21 | | | |
| F000 | Commissary | 180 | 2/3/21 | 8/2/21 | | | |
| U000 | Confiscate | 180 | | | | | |

# EXHIBIT



To: Superintendent McIntosh

From: Anthony Rodriguez 93A9247  U4-8-38

Date: 5/16/23

On 5/9/23 I was placed in the Upper H SHU. My property was packed up that night when I finally was given the items allowed in this Unit on 5/15/23 I was missing the following personal items:

Legal work shred in several black storage folders
Fan
Lamp
Storage Container
T.V. & Cable
Small Cooking Pot & Spatula
2 Green Sweatpants w/pockets
2 Polo Style Shirts
10 New Hanes White Boxer Shorts
10 New Hanes Black socks

Personal Cards & letters from loved ones
$25.00 worth of food
Several black storage folders
Various non-legal paper work
Various Cosmetic Items
Personal Family Photos
Plastic Bucket
2 Cups

I had the commissary receipts from Clinton C.F. to verify some of the items purchased, I-64's from when I arrived at this facility to prove that I owned some of the above items and Invoices I received through Clinbos package room. Now all these items are gone (probably thrown away.) I have the 5/9/23 I-64 of the items taken out of C-1-39 cell (my holding location then) but the items listed above are not listed on the I-64. The box "I am not leaving Active Legal Gas Material Behind" is marked along with Incarcerated Individual did not have Opportunity to check boxes. The officer's signature is illegible as well. There is a Camera & Mic directly in front of C-1-39 so the malfeasance that occurred can be seen & heard.

I now believe my life is in serious danger. These actions of throwing out personal photos, letters, items and legal work are a precursor to physical abuse that could lead to me being crippled or result in my untimely death.

Obviously, when I file a facility claim, I will be denied because I won't have documentary proof since all my paperwork has been thrown out during this 5/4/23 pick up of C-1-39. Furthermore, a food package arrived at Clinton C.F. sometime before 5/13/23 and it is still being held in the package room. The catalog Company Ms. Lakisha Nash purchased it from confirmed it's arrival here before 5/13/23. The package room should have sent the package back to the Company because I cannot receive the package. Now the perishable food items have spoiled. I'm filing a facility claim but the Invoice is with the package and I can only use the Phone once a week on Saturday. I have forwarded this letter to my attorneys:

Julie E. Cohen, esq. — Maura Barry Grinalds, esq.

Ashley P. Grolig, esq. — Hope B. O'Leary, esq.

Isaiah C. Strong, esq. — One Manhattan West, NY, NY, 10001

Elliot Slosar, esq. — Exoneration Project, 311 N. Aberdeen Street 3rd Floor, Chicago, IL 60607

I don't deserve this treatment and any cruel treatment being planned to be subject me to in the near future. I will also inform my family & friends who have been calling Clinton C.F. to inquire as to my well-being. It is with great hope & expectations that you can assist me with these serious matters. I humbly await your reply.

Thank you for your time, patience and assistance in this matter.

Respectfully,

-2-

# EXHIBIT



TO: I.G.R.C.

From: Anthony Rodriguez 93A9249 F1-15T

Date: 3/6/21

Subj: Unnecessary & Excessive Use of Force

On 1/6/21, I was written up for an incident which occurred. An argument was occurring near between C.O. Palmer & an inmate. C.O. Palmer sprayed this inmate. After which I stated that was uncalled for & tried to inform C.O. Palmer I can't be in direct vacinity of Pepper spray due to my medical conditions. C.O. Palmer then sprayed me. I black out at the moment but felt arms around my upper body, I was slammed to the ground and was jolted awake by C.O. Palmer dropping his knees on my upper body. I immediately saying I couldn't breath and I'm experiencing chest Pains. Every thing was a blur from that moment on because I couldn't see any thing. My clavicle is protruding and I'm having constant pain in my chest & clavicle & neck areas. Medical Provider is refusing to help because of the above reasons.

I'm afraid of retaliation from all correction staff as well as O.S.I. I'm reluctant to write this but conduct such as this must stop.

<u>Action Requested</u>

1) disciplinary action & permanent notation in personal file.

2) No retaliation of any Kind for the filing of this grievance.

Respectfully,

| NEW YORK STATE Corrections and Community Supervision | GRIEVANCE NO. GH-0295-21 | | DATE FILED 3.9.21 |
|---|---|---|---|
| | FACILITY Green Haven Correctional Facility | | POLICY DESIGNATION I |
| INMATE GRIEVANCE PROGRAM | TITLE OF GRIEVANCE Assault/Sprayed with Pepper Spray | | CLASS CODE 49 |
| SUPERINTENDENT | SUPERINTENDENT'S SIGNATURE *J. Johnson* | | DATE 4/29/21 |
| GRIEVANT Rodriguez, Anthony | | DIN 93A9247 | HOUSING UNIT F1-139 |

The grievant complains being sprayed with "pepper spray" 1/6/21.

According to the investigation the grievant received a Tier 3 Misbehavior Report for incident 1/6/21 for charges of 100.10 Assault on Inmate, 100.13 Fighting, 113.10 Weapon, and 106.10 Direct Order. That disciplinary hearing was completed 2/3/21 and appeal was affirmed by Central Officer on 3/29/21. There is a fully investigated and documented UI for incident 1/6/21.

The grievant was interviewed by Sgt. J. R. The grievant alleges he was never in a fight and the ticket was fabricated. The grievant alleges he was assaulted. Disciplinary has an appeal mechanism (Directive #4932) that the grievant utilized as stated above. The grievant was found guilty.

The Officer named in this complaint (CO T. P.) has provided a written, signed statement. This Officer states that at no time did he use excessive force upon the grievant.

According to the investigation the grievant's allegations could not be substantiated.


*** Grievance is denied.



**APPEAL STATEMENT**

If you wish to refer the above decision of the Superintendent please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please state why you are appealing this decision to C.O.R.C.

See Attached

_____
GRIEVANT'S SIGNATURE                                    May 5, 2021
                                                                                DATE

_____
GRIEVANCE CLERK'S SIGNATURE                          _____
                                                                                DATE

*An exception to the time limit may be requested under Directive #4040, section 701.6 (g)
Form 2133 (02/15)

## Grievance Appeal Statement

Grievance No.: GH-0295-21

On 1/14/21, Tier 3 assistant Mr. VanBlargan was told by Correctional Staff that U.I. Report, To-Froms and Camera Footage (Body Cams) did not exist. Mr. VanBlargan made note of these answers to his inquiries for the documents he sought on the Tier Assistance Form. The U.I. report did not exist until 1/22/21 and is invalid because it was not signed nor endorsed by the Superintendent or his designees.

A disciplinary hearing and all it's appeal processes are not the proper vehicles to address C.O. misconduct. When a C.O. assaults an "inmate" the Inmate Grievance Program must be utilized. My grievance is about C.O. excessive use of force and assault on an "inmate" not about the fabricated misbehavior report. Sgt. J.R.'s investigation and report only further shows a cover-up of the heinous act committed by C.O. T.P. by trying to place focus on a misbehavior report in order to <u>justify</u> C.O. T.P.'s unprofessional and heinous actions.

The misbehavior report does not have anything to do with this grievance and trying to place focus on the events of that fictitious report and nothing pertaining to this grievance is arbitrary and capricious. This also further sheds lights on the attempted cover-up being perpetrated.

Furthermore, whatever statement C.O. T.P. provided is just another way Correctional Staff utilize to cover-up, justify and undermine the inexcusable, unnecessary, abusive, criminal, unprofessional and heinous treatment of the incarcerated.

Dated: May 5, 2021

Respectfully Submitted,

A. Rodriguez 93A9247

CC: File

RoDRiguEz 93A9247

| NEW YORK STATE Corrections and Community Supervision | Grievance Number GH-0295-21 | Desig./Code I/49 | Date Filed 03/09/21 |
|---|---|---|---|
| | Associated Cases | | Hearing Date 12/02/21 |
| KATHY HOCHUL Governor    ANTHONY J. ANNUCCI Acting Commissioner | Facility Green Haven Correctional Facility | | |
| INCARCERATED GRIEVANCE PROGRAM CENTRAL OFFICE REVIEW COMMITTEE | Title of Grievance Assault By CO/OC Spray Used | | |

## GRIEVANT'S REQUEST UNANIMOUSLY DENIED

Upon full hearing of the facts and circumstances in the instant case, the action requested herein is hereby denied. CORC upholds the determination of the Superintendent for the reasons stated.

CORC notes that the grievant was involved in an appropriately documented Unusual Incident (UI) and Use of Force (UOF) on 1/6/21 resulting from an altercation with another incarcerated individual. The grievant was decontaminated following the use of chemical agents. In addition, the grievant was examined by medical staff following the incident for abrasions to the arms and legs and redness to the eyes. They were sent to the outside hospital for additional evaluation. CORC further notes that staff involved in the UI/UOF deny assaulting the grievant and indicate that only the force necessary to gain their compliance was used. In addition, CO P... denies falsifying the 1/6/21 misbehavior report. CORC has not been presented with sufficient evidence of malfeasance by staff and advises the grievant to address security concerns to area supervisory staff, at that time, for the most expeditious means of resolution.

CORC notes that the grievant was issued a Tier III misbehavior report for their actions on 1/6/21, which was upheld upon appeal by the Office of Special Housing/Incarcerated Individual Disciplinary Programs on 3/29/21. CORC asserts that there is no provision in Directive #4040 for the grievance program to be used as an additional or secondary appeal mechanism for a misbehavior report. In addition, CORC advises the grievant that incarcerated individuals are solely responsible for their actions while in the Department's custody.

CORC notes that the grievance program is not intended to support an adversary process and that no reprisals of any kind shall be taken against an incarcerated individual or employee for good faith utilization of this grievance procedure. An incarcerated individual may pursue a complaint that a reprisal occurred through the grievance mechanism. Further, no copies of grievance documents may go into an employee's file without their direct written consent in accordance with Directive #4040, § 701.6 (k) (1).

With regard to the grievant's appeal, CORC notes that the investigation was conducted in accordance with Directive #4040 and their concerns have been appropriately addressed. CORC further notes that they have since been transferred.

RAL/smm

-----------------------------------------------------------------

-----------------------------------------------------------------

This document has been electronically signed by Shelley M. Mallozzi





SUPREME COURT OF STATE OF NEW YORK
COUNTY OF ALBANY : SPECIAL TERM

------------------------------------------

In the Matter of the Application of
ANTHONY RODRIGUEZ,
                    Petitioner,

                                                VERIFIED PETITION

For a Judgment Pursuant to Article 78           Index # 6200-21
of the Civil Practice Law and Rules,

       -against-


D. VENETTOZZI, Director, Special Housing/
Inmate Discipline,
                    Respondent.

------------------------------------------

        The petition of Anthony Rodriguez, specifically alleges:

        1. This is a special proceeding pursuant to Article 78 of the
Civil Practice Law and Rules.

        2. Pursuant to CPLR §§ 7804 and 506(b), venue of this proceed-
ing is Albany County because this action was concluded at N.Y.S.
Department of Corrections and Community Supervision, State Office
Building #2, Albany, New York 12226-2050.

        3. This petition challenges an administrative appeal determination,
rendered by Respondent D. Venettozzi, Director of Inmate Discipline for
the New York State Department of Corrections, on the date of March 29th,
2021. ( SEE: Appendix - Exhibit "1" )

        4. As an initial matter, an appendix of exhibits has been annexed
to this Verified Petition for convenience and clarification of all the
issues put forth herein.

## PRELIMINARY STATEMENT

5. This appeal stems from a misbehavior report written on 1/6/21, issued on 1/7/21, under hearing tape # D-24, at Green Haven Correctional Facility, and the hearing was commenced on 1/21/21 and concluded on 2/3/21. ( SEE: Appendix of Exhibits annexed )

## GROUNDS FOR APPEAL ( CAUSES OF ACTION)

6. The misbehavior report is defective, in that charge 113.10 - Weapon, is not detailed, no description and/or specific nature of a weapon is given in the written report (i.e. razor, knife, etc.), the hearing officer having erroneously relied upon the U.I. (Unusual Incident) Report - which was falsified when created on 1/22/21 - in direct violation of petitioner's regulatory rights pursuant to 7 N.Y.C.R.R. § Chapter 5. ( See: Appendix).

7. There was no evidence number present on the misbehavior report, nor on the U.I. Report, further supporting the overall defective nature of the misbehavior report. (See: Chapter 5 of Title 7)(NYCRR)

8. The hearing officer began the hearing without the petitioner being offered completed tier 3 assistance, though such assistance was begun on 1/14/21, the petitioner's hearing assistant did not finally complete his tier assistance until 1/28/21 - though the petitioner's hearing started on 1/21/21, and he should not have had his hearing started until after tier assistance was complete. (See: Appendix)

9. Petitioner's due process rights were violated when the hearing officer commenced his hearing before tier assistance was completed, in violation of 7 NYCRR, Chapter 5, see also: Wolff v. McDonnel, 418 US §39. Thus, as a matter of law, the petitioner's hearing was invalid.

-2-

10. Petitioner's due process rights were violated when documents he requested to prepare a defense were not provided, as Tier 3 Assistant VanBlargan was told that the U.I. Report did not exist as of the date of 1/14/21. (Note: The To/Froms and Camera Footage, did not exist as of 1/14/21 either) The U.I. report was actually created and printed on 1/22/21 - a document falsified after the fact, and thereafter given to petitioner on 1/28/21 - the same day it was submitted to hearing assistant VanBlargan, and to/froms or camera footage do not exist at the present as noted on the tier assistance form.

11. Petitioner was denied a copy of the misbehavior report of the inmate also implicated in the aforementioned misbehavior, inmate Haywood, though petitioner required access to inmate Haywood's misbehavior report to clarify and determine whether one was duplicative of the other, also in violation of 7 NYCRR, Chapter 5 and petitioner's due process rights, since each misbehavior report written must be written in a manner that describes the individual actions of the inmate it was issued to therein.

12. The hearing officer was not fair and impartial, because he relied on a false U.I. Report, and a U.I. Report cannot correct a misbehavior report. (Note: The hearing officer also wrote that U.I. Report was written on 1/6/21, even in his disposition paperwork, after hearing assistant VanBlargan was told the U.I. Report did not exist on 1/14/21, and Tier Assistant VanBlargan clearly noted this fact on the tier assistance form, though petitioner never gave incriminating testimony to warrant a guilty disposition, and no substantial evidence existed in and of itself to find or to warrant a guilty disposition).

13. Since no substantial evidence supported a guilty disposition, the matter should now be dismissed and annulled. See: Matter of Cintron v. Kirkpatrick, 43 NY3d 182 (3rd Dept. 2016).

-3-

14. Furthermore, the hearing officer denied the Petitioner the right to call his Tier Assistant as a witness, when Tier Assistant Van Blargan would have testified that the Unusual Incident Report, To/Froms, and Camera Footage did not exist as of January 14, 2021.

15. As noted, the hearing officer erroneously wrote on his 2/3/21 disposition: "[T]he Unusual Incident Report was written on January 6, 2021."

16. In this instance, the hearing officer made an attempt to cover up a false document. and violating the Petitioner's due process rights and his regulatory right to a fair and impartial hearing.

17. On the Witness Interview Notice Form (#2176), the Hearing Officer (H.O.) also erroneously stated that the information requested was already part of the record, when in point of fact, the correct information was not part of the record.

18. Tier Assistant VanBlargan should have been called as a witness to clarify this discrepancy, and verify the errors herein. See: Nance v. Annucci, 46 NYS3d 717; Cody v. Goord, 794 NYS2d 149.

19. The hearing officer violated the Petitioner's due process rights by never properly procuring hearing extensions, wherein a two (2) week extension was supposedly granted beginning on 1/21/21, and ending on 2/2/21. (Note: At no time was this extension or any extension thereof read into the record, and Petitioner was never notified of such at the hearing, as the hearing transcript will clearly note its absence on the record.]

20. Petitioner was eventually notified by F-Block A-Man, C.O. Todriff on 1/25/21 that an extension was in place, a blatant violation of Title 7 N.Y.C.R.R. § 251-5.1(A) - as to timeliness - here at Green Haven C.F. the underlying requests for extensions are predominantly due to unavailability of employees, even though the employees are in the facility at requested extension times.

-4-

21. The Petitioner's disciplinary process was flawed because of an invalid, false and defective Unusual Incident Report (U.I.), where this report was created or printed on 1/22/21, not 1/6/21 - as the H.O. erred in claiming, and **Tier Assistant VanBlargan** became aware of when he was notified while attempting to obtain a copy of the U.I., and other documents related to the same disciplinary matter, that the U.I. did not exist on the date of inquiry - 1/14/21, or that they were documents he was not allowed to access. (See: Appendix)

22. The Unusual Incident (U.I.) Report is not signed or dated by the Superintendent or any of his designees, and Tier Assistant VanBlargan was not given the U.I. Report until 1/28/21 - at which time he was given no other documents Petitioner had initially requested to prepare properly for his disciplinary hearing, even though the U.I. Report received by Petitioner was obviously produced after it was noticed by the administration that one did not exist, as VanBlargan was initially told when he requested it that it was nonexistent.

23. Camera footage and other documents relevant to, and requested by Petitioner to prepare a proper defense previous to his disciplinary hearing were not provided to Petitioner, in violation of his due process and regulatory rights. See: Allaway v. Prack, 139 AD2d 1203; Matter of Davison v. Annucci, 169 AD3d 1318; Hubbard v. Annucci, 62 NYS3d 254; Matter of P.L.S. v. D.O.C.C.S., 98 NYS3d 677 - holding that U.I. reports, Use of Force Reports, and Misbehavior Reports are not "personnel records" and thus cannot be witheld when requested.

24. The Due Process Clause of the 14th Amendment prohibits a State or agency from depriving an individual of life, liberty or property without due process of law, while 7 NYCRR §§ 251 & 254 prohibit correction employees from conducting inmate disciplinary hearings without following regul-

atory rights in the process and implementation of such discipline. See: _Matter of Texeira v. Fischer_, 26 NY3d 230; _Coleman v. Coombe_, 65 NY2d 777; _Nance v. Annucci_, 147 AD3d 1180; _Humphrey v. Venettozzi_, 149 AD3d 1435.

25. On 1/21/21, 15 days after the misbehavior report was written, and 14 days after it was issued to Petitioner, Petitioner's hearing was commenced in violation of 7 NYCRR §251-5.1(a) - _Timeliness_ - and the Due Process Clause protections in this instance were evidently ignored, not only by the H.O., but also by the Disciplinary Department at Green Haven C.F., who seemingly intentionally delayed the Petitioner's hearing for no justifyable reason.

26. Petitioner suffered an 8th Amendment violation as well due to the fact that he has been issued a sanction of 6 months of keeplock confinement time even though the process utilized to find him guilty was obviously flawed, and herein unfair - where failure to follow fair procedures is a clear violation of the 8th Amendment, since ....."[E]very person who, under color of any Statute, Ordinance, Regulation, Custom or Usage of any State, or Territory should not be deprived of any rights, privileges, or immunities secured by the Constitution and Laws". See: _Edward v. Baliosk_, 520 US 641 (1997).

NOTE: For clarification of all the issues Petitioner has presented herein, he requests that the Court refer to the several pages of the appendix he has attached herein to this Verified Petition. This includes the full process the Petitioner utilized administratively previous to having submitted this Article 78; i.e. Administrative Appeal and affirmed decision, Misbehavior Report, U.I. Report, and all other relevant documents for review herein.

27. When the H.O. denied the witness request the Petitioner required to clarify the record, he violated the Petitioner's regulatory right to call witnesses at a disciplinary hearing. See: <u>Allaway v. Prack</u>, 139 AD3d 1203.

28. The H.O. alleged that "witness information requested was already part of the record ", and Petitioner objected to the regulatory right violation, since witness testimony would not have been redundant, demonstrating a biased H.O., since clarification does not equate redundancy.

29. Confusion existed in clarifying the record further, since the author of the misbehavior report, (Valle, C.O) was not the individual predominantly named in U.I. report - C.O. Palmer, Tennessee, is the C.O. who sprayed Petitioner with pepper spray, and initially, C.O. T. Palmer alleged to have witnessed the altercation between Petitioner and inmate Haywood, not like as it became record that the end of the altercation is the only thing that was actually witnessed, (if he even witnessed that much is questionable).

30. Further clarification should have occurred in regard to the term "objects" that was used in the written misbehavior report, when that term does not define itself as a 'weapon' - a vague term requiring proper assessment from witnesses at the hearing, again denying Petitioner his due process and regulatory rights at the hearing. (<u>Note</u>: Tier Assistant VanBlargan could have clarified the matter as Petitioner's witness, but was excluded from making that clarifying testimony by the H.O. arbitrarily).

31. It is noteworthy that C.O. Palmer denied that he saw the altercation between Petitioner and Haywood, as evinced in Haywood's hearing transcript. (See: GreenHaven C.F. Superintendent's Hearing Tape #D-37).

32. If C.O. Palmer did not see a fight as he said in Haywood's hearing transcript, then why did he spray the Petitioner with pepper spray, and why is there contradictions between C.O. Valle's account in misbehavior rep-

-7-

~~ort issued Petitioner and the U.I. Report - other than the fact that the~~

U.I. Report was falsified after the fact, and the misbehavior report was

suspect as well? (The hearing decision was based in erroneous information).

33. It was the H.O.'s duty to make a proper assessment of the facts,

to marshall all evidence and not be biased to Petitioner - to do other

than that would result in a due process violation, since a H.O. cannot out-

right ignore blatant contradictions as we have herein.

34. A hearing officer must be fair and impartial, and a disciplinary

process should not be reduced to a sham. See: 7 NYCRR § 250; People ex rel

Vega v. Smith, 66 NY2d 130.

35. If 2 inmates are implicated in an altercation, the author(s) of

the misbehavior report(s) cannot duplicate one another's report(s) - to

do so would be a due process violation to Petitioner. See: Jackson v. Ann-

ucci, 132 AD3d 994.

36. A H.O. who denies Petitioner a clarifying witness is not fair or

impartial, and is already in violation of Petitioner's regulatory rights.

See: Adams v. Annucci, 158 AD3d 1091; Allaway v. Prack, supra; Barnes v.

LeFevre, 69 NY2d 649; Lopez v. Fischer, 100 AD3d 1069.

37. A prison disciplinary hearing decision must be based on facts, not

arbitrary or capriciously made, or based on erroneous information. See:

Pell v. Board of Education, 34 NY2d 222.

38. An erroneous U.I. Report is grounds for a reversal of a Tier 3

disciplanary sanction. See: Proctor v. Goord, 10 Misc3d 229, 231.

39. An agency must follow its own rules when making a disciplinary

determination. See: Furde v. NYS Dept. of Corrections, 9 Misc3d 268, 274;

Liner v. Miles, 133 AD2d 962; Nesbitt v. Goord, 12 Misc3d 702, 705-06.

40. If witnesses requested do not jeopardize the safety and security

of the facility, and testimony is not redundant but merely clarifying-the

witness should be allowed to testify. See: Coleman v. Coombe, 65 NY2d 777,

41. Disciplinary sanctions meted out must be fair, not disporporti-
onate to the offense, in light of the circumstances like these with vague-
ness an issue in reports written and contradictions throughout the hear-
ing process, the due process and regulatory rights of Petitioner an issue
that should but was not be considered. See: <u>Stoltz v. Board of Rhgents</u>,
4 AD2d 361, 364, <u>Pell v. Board of Education</u>, supra.

42. No previous application for the releif sought has been made.


WHEREFORE, Petitioner requests judgment under Article 78 be granted:

1. Reversing the determination of 2/3/21, and administrative appeal
of 3/29/21;

2. Ordering Respondent to expunge from Petitioner's records the
guilty disposition, and restore his previous status;

3. For such other and further releif as the Court deems just.

Dated: June 18, 2021
       Dannemora, N.Y.

<u>Verification</u>

State of New York )
County of Dannemora ) ss.:

        Anthony Rodriguez, beind duly sworn deposes and says that I am the Petitioner
in the foregoing proceeding and have read the foregoing Petition and know the contents
thereof, and that the same is true to my knowledge, except as to matters stated to be
alleged on information and belief, and as to those matters I believe the to be true.

                                            Anthony Rodriguez

Sworn to before me this
12th day of July , 2021

N O T A R Y   P U B L I C

Anthony Rodriguez
pro se



BRIAN A LABOMBARD
Notary Public, State of New York
No.01LA6311991
Qualified in Clinton County
Commission Expires December 08, 2023

-9-

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

M E M O R A N D U M

TO:   SUPERINTENDENT DONITA E MCINTOSH
      CLINTON CORRECTIONAL FACILITY

FROM: A. RODRIGUEZ, DIRECTOR
      SPECIAL HOUSING/INMATE DISCIPLINE

DATE: NOVEMBER 26, 2021

RE:   REVERSAL OF SUPERINTENDENT'S HEARING/EXPUNCTION ORDER

| INMATE/NUMBER | DATE OF HEARING | DATE OF INCIDENT |
|---|---|---|
| RODRIGUEZ, ANTHONY<br>#93A9247 | FEBRUARY 3, 2021<br>BY SORC CORLEY, E H<br>@ GREEN HAVEN C.F.<br>TAPE #: D-24XXXXXX | JANUARY 6, 2021 |

    THE ABOVE-NOTED SUPERINTENDENT'S HEARING HAS BEEN REVERSED ON
NOVEMBER 26, 2021 , FOR THE FOLLOWING REASON(S):

        REVERSE PER AG REQUEST.

-----------------------------------------------------------------------
    RECORDS CONTAINING REFERENCES TO THE ABOVE-NOTED SUPERINTENDENT'S
HEARING ARE TO BE EXPUNGED.

    PLEASE OBTAIN ALL AVAILABLE RECORDS WITHIN 14 DAYS OF RECEIPT OF THIS
MEMORANDUM. AFTER ACCUMULATING SUCH RECORDS, PLEASE FORWARD THEM FOLLOWING
ESTABLISHED PROCEDURES.

    DO NOT SEND TAPES - RETAIN ON FILE AND MARK AS EXPUNGED.

    IF THE RECORDS ARE NOT AVAILABLE AT YOUR FACILITY, PLEASE ADVISE THIS
OFFICE AS SOON AS POSSIBLE.

CC: I.R.C., CLINTON C.F.
    EXPUNGEMENT FILE
    IRC, GREEN HAVEN C.F. (TAPE)
    A. GILLIGAN, AG/ ALBANY

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

REVIEW OF SUPERINTENDENT'S HEARING

NAME:  RODRIGUEZ, ANTHONY               NO.  93A9247

HEARING FACILITY:  GREEN HAVEN

ON BEHALF OF THE COMMISSIONER, PLEASE BE ADVISED THAT YOUR
SUPERINTENDENT'S HEARING OF  FEBRUARY 3, 2021,   HAS BEEN REVIEWED AND
ADMINISTRATIVELY REVERSED ON NOVEMBER 26, 2021.

_____A. RODRIGUEZ_____
DIRECTOR, SPECIAL HOUSING/
INMATE DISCIPLINARY PROGRAM

CC: FACILITY SUPERINTENDENT
    CENTRAL OFFICE FILES

APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

NOV 3 0 2021

# EXHIBIT



Anthony Rodrigues 93A9247
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, N.Y. 14541

August 15, 2023

Hon. Kenneth M. Karas District Judge
White Plains Courthouse
300 Quarropas Street
White Plains, N.Y. 10601-4150

Re.: 21 Civ. 8087 (KMK)

Dear Hon. Judge Karas;

On July 13, 2023, I submitted a motion to amend the original claim in the above-entitled matter. That motion was submitted in response to Defense's motion to Dismiss dated June 23, 2023. In my motion to amend, I requested that I be given an opportunity to review my original claim which I never received nor reviewed from the inmate Law Library clerk who drafted the original complaint.

I am now informing the Court, that I have received and reviewed for the first time the initial complaint filed. Please find enclosed the following:

1.   the envelope from the Clerk of the U.S. District Court that the original complaint was sent to me in dated Aug. 14, 2023.
2.   the request I made to recieve the copy of the original complaint filed to the U.S. District Court Clerk dated 7/13/2023.
3.   the original complaint and the original envelope it was sent in when initially filed in September 2021.

I would like to point out that the original complaint was filed from Great Meadow Correctional facility which means that the Law Library clerk must have been transferred to that facility and took my paperwork with him there. I have never been housed at Great Meadow Correctional facility in all the years of my current incarceration.

With this letter to the Court, it is my intention to only make the Court aware that my claim to never having the original complaint filed was and is truthful. Also, I requested an extension of time because I did not have the original complaint and now that I have received it that extension of time is not needed.

If the Court requires any more information from me please feel free to request it and I will make every effort to provided it.

Thank you for your time, patience and assistance with the above matter.

Respectfully,

Anthony Rodriguez
Plaintiff, Pro-Se

To:  Hon. Letitia James, N.Y. Attorney General
Attn.  Jeb Harben, Assistant Attorney General
       Office of the Attorney General
       Dept. of Law, The Capitol
       Albany, N.Y. 12224-0341

Anthony Rodriguez #93X9024
Five Points Correctional Facility
State Route 96
P.O. Box 119
Romulus, NY 14541

Anthony Rodriguez 93A9247
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, N.Y. 14541

June 25, 2023

Hon. Kenneth M. Karas
United States District judge
Southern District of N.Y.
300 Quarropas Street
White Plains, N.Y. 10601

Re; Rodriguez v. Palmer et al,
21Civ. 8078 (KMK)

Dear Judge Karas;

    I would like to first advise the Court of my current address
change which is listed above.

    Secondly, I would like to humbly request an extension of time
because I am having problems with gaining access to the Law Library
in this prison. The Dep. of Programs cannot understand the Deadline
Order you gave me for 8/23/23. Therefore, I would like to request
thirty (30) days more in order to attempt to put all the
documentation together for your consideration by then.

    Also, I am researching how to file an Amendedd Complaint using
a pamphlet sent to me by P.L.S. explaining the process. I did
not file the original complaint, a Jailhouse Lawyer did, when I was
confined and did not have access to the Law Library at Green Haven
and Clinton C.F. Also, I do not have a copy of the original filed
complaint (1983) because I was not given one. I have requested a
copy be provided to me by the Clerk of The Court.

    The proper forms and Law are not fully represented in the
pamphlet P.L.S. sent me so this is why I need the Special Access
to the Law Library here at Five Points C.F. Please find enclosed
with this letter of the denial of Special Access to the Law library
by D.S.P. Hill.

Furthermore, I am well aware that I must request your permission to Amend my Complaint (1983) for the reasons I have mentioned above so I am in the process of researching this method before I proceed. Lastly, I have received the Attorney General's Documents all at the same time from Green Haven C.F. and Clinton C.F. which shouldn't have happened. I want to make you aware of this circumstance the different jails create.

Thank you for your time, patience and assistance with this matter.

Respectfully Submitted,

Anthony Rodriguez
93A9247
Plaintiff - Pro Se

To: Letitia James
    Attorney General of N.Y.
  C/O Jeb Harben
    Assistant Attorney General
    28 Liberty Street, 18th Floor
    New York, N.Y. 10005

CC: File

-2-

RECEIVED
SDNY PRO SE OFFICE

UNITED STATES DISTRICT COURT
2021 SEP 28  AM 9: 52
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ

_____
Write the full name of each plaintiff.

No. _____
(To be filled out by Clerk's Office)

-against-

TENNESSEE S. PALMER
A. VALLE

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes    ☐ No

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

Rev. 5/6/16

## I.    LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other:    ASSAULT ON INMATE BY STAFF

## II.    PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

ANTHONY                          RODRIGUEZ

First Name              Middle Initial            Last Name

N/A

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

93A9247

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

CLINTON CORRECTIONAL FACILITY

Current Place of Detention

P.O. 2001

Institutional Address

DANNEMORA              N.Y.          12929

County, City              State          Zip Code

## III.    PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee

☐   Civilly committed detainee

☐   Immigration detainee

☑   Convicted and sentenced prisoner

☐   Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:    TENNESSEE S.                              PALMER
_____
First Name              Last Name              Shield #

CORRECTIONS OFFICER
_____
Current Job Title (or other identifying information)

GREEN HAVEN CORR. FAC, P.O. BOX 4000
_____
Current Work Address

STORMVILLE              NY              12582
_____
County, City              State              Zip Code

Defendant 2:    A. VALLE
_____
First Name              Last Name              Shield #

CORRECTIONS OFFICER
_____
Current Job Title (or other identifying information)

GREEN HAVEN CORR. FAC, P.O. BOX 4000
_____
Current Work Address

STORMVILLE              NY              12582
_____
County, City              State              Zip Code

Defendant 3:
_____
First Name              Last Name              Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City              State              Zip Code

Defendant 4:
_____
First Name              Last Name              Shield #

_____
Current Job Title (or other identifying information)

_____
Current Work Address

_____
County, City              State              Zip Code

Page 3

## V.    STATEMENT OF CLAIM

Place(s) of occurrence: GREEN HAVEN CORRECTIONAL FACILITY

Date(s) of occurrence: JANUARY 06, 2021

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

On January 06, 2021, I was employed at "Industry" which is a work program sponsored by Corcraft, at Green Haven Correctional Facility. On this date I observed Corrections officer, Tennessee S. Palmer assaulting Inmate TYRONE HAYWOOD, 09A2545, and when I tried to intervene by making an inquiry to why this officer was abusing his authority he became enraged and without provocation attack me both physically and with a chemical agent (Pepper Spray) which was administered by C.O.s Palmer and Valle, which continue their assault even after I passed out from the pepper spray. I was then transported to the infirmary and subsequently to the Outside hospital to treat my injuries and when I returned, was served with a ticket issued by both Correction officers that stated Inmate Haywood and Myself were fighting, which is nothing more than a ploy to cover up their Misconduct which was not recorded because of their refusal to wear the state

Page 4

issued "BODY CAMERAS", which was implemented to reduce assaults on Inmates by the Staff. Which is the case at hand. Mr Haywood and Myself were found Guilty on all Charges even after C.O. Palmer testified that he did not actually See Mr Haywood and I Physically fighting, Yet and Still I was found Guilty of fighting (100.13) and Assault On Inmate (100.10) on Mr Haywood, which has clearly testified that C.O.(s) Palmer and Valle assaulted us both.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

I was pepper Sprayed until I passed out and was assaulted before, during and after this Incident occurred and had to be treated at the Infirmary of the facility and an outside hospital Which should reflect the Severity of the matter for which both Facility Medical Records reflect.

**VI.   RELIEF**

State briefly what money damages or other relief you want the court to order.

I want this matter reversed and expunged from my facility record and I am Seeking Monetary Compensation for my injuries that Stemmed from this 8th Amendment Violation and I am requesting an injunction that requires all Corrections officers at Green Haven Correctional facility to wear "Body Cams" until the facility is completely wired with cameras. and/or pay a fine for those which disobeys this Order

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied in forma pauperis status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

Dated  9/22/21                                   Plaintiff's Signature

First Name  ANTHONY    Middle Initial    Last Name  RODRIGUEZ

Prison Address  CLINTON CORRECTIONAL FACILITY, P.O. 2001

County, City  DANNEMORA          State  NY          Zip Code  12929

Date on which I am delivering this complaint to prison authorities for mailing:  9/22/21



LEGAL MAIL

GREAT MEADOW CORRECTIONAL FACILITY
BOX 51
COMSTOCK, NEW YORK 12821-0051

NAME: Ruben Rodriguez
DIN

RECEIVED
SDNY PRO SE OFFICE
2021 SEP 23 AM

Great Meadow

Correctional Facility

NEOPOST
09/23/2021
US POSTAGE $001.36⁰

ZIP 12821
041M11283103

Clerk
United States District Court
Southern District of New York
500 Pearl Street
New York, N.Y. 10007-1312

Anthony Rodriguez 93A4247
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, N.Y. 14541

July 13, 2023

United States District Court
Southern District of N.Y.
Daniel Patrick Moynihan U.S. Courthouse
Office Of The Clerk
500 Pearl Street
New York, N.Y. 10007-1312

Re.: Case No. 21 Civ. 8078 (KMK)

Dear Sir:

With reference to Your letter of July 10, 2023,
Please find enclosed with this letter a Facility Check
for a Copy of Complaint Doc. #2  7-Pages - $3.50.

Thank You for Your time, patience and assistance
With the above matter.

Respectfully,

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
OFFICE OF THE CLERK
500 PEARL STREET
NEW YORK, NEW YORK 10007-1312

Ruby J. Krajick
CLERK

July 10, 2023

Anthony Rodriguez 93A9247
Five Point Correctional Facility
State Route 96, P.O. Box 119
Romulus, NY 14541

Dear Sir/Madam:

With reference to your letter of June 23, 2023, please be advised that copy/copies of the document(s) requested will be furnished to you upon receipt of the statutory fee of **$3.50** in the form of a COMPANY CHECK, CERTIFIED CHECK or MONEY ORDER payable to the Clerk of the Court, SDNY.

Sincerely,

David Ng
Records Management Supervisor

Re: CASE No. 21 cv 8078 (KMK)

XEROX COPIES OF:

Complaint Doc. #2          7 pages - $3.50

**PLEASE RETURN A COPY OF THIS LETTER WITH YOUR REMITTANCE.**
**Thank You.**

# EXHIBIT



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ,

Plaintiff,

v.

TENNESSEE S. PALMER *and* A. VALLE,

Defendants.

No. 21-CV-8078 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff, currently incarcerated in Clinton Correctional Facility, brings this pro se action

under 42 U.S.C. § 1983, alleging that correction officers at Green Haven Correctional Facility

violated his constitutional rights. By order dated September 29, 2021, Judge Swain granted

Plaintiff's request to proceed without prepayment of fees, that is, in forma pauperis ("IFP").[1]

I. DISCUSSION

A. Order of Service

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to rely

on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119,

123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and

serve all process . . . in [IFP] cases."); FED. R. CIV. P. 4(c)(3) (the court must order the Marshals

Service to serve if the plaintiff is authorized to proceed IFP).

Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the

summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is

proceeding IFP and could not have served the summons and complaint until the Court reviewed

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date that the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

B. Local Rule 33.2

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled "Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents." Within 120 days of

service of the complaint, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[2]

## II.  CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, along with an information package.

The Clerk of Court is further directed to issue summonses, complete the USM-285 forms with the addresses for Correction Officers Tennessee S. Palmer and A. Valle, and to deliver to the U.S. Marshals Service all documents necessary to effect service.

SO ORDERED.

Dated:    October 6, 2021
          White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

_____

[2] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Court's Pro Se Intake Unit.

3

**DEFENDANTS AND SERVICE ADDRESSES**

1.    Corrections Officer Tennessee S. Palmer
      Green Haven Correction Facility
      594 NY-216
      Stormville, N.Y. 12582

2.    Corrections Officer A. Valle
      Green Haven Correction Facility
      594 NY-216
      Stormville, N.Y. 12582

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ,

                              Plaintiff,

             -against-

TENNESSEE S. PALMER, *et al.*,

                              Defendants.

21-CV-8078 (UA)

ORDER GRANTING IFP
APPLICATION IN PRISONER CASE

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff's application for leave to proceed without prepayment of fees is granted. A
prisoner bringing a civil action is required to pay the full $350 filing fee even when proceeding
*in forma pauperis* (IFP), that is, without prepayment of fees. *See* 28 U.S.C. § 1915(b)(1). The
Court must collect, when funds exist in a prisoner's account, an initial partial filing fee[1] plus
monthly payments. The agency having custody of the prisoner shall forward payments from the
prisoner's account to the Clerk of Court each time the amount in the account exceeds $10, until
the filing fees are paid. 28 U.S.C. § 1915(b)(2); *see also* In the Matter of the Prison Litigation
Reform Act, Second Amended Standing Order, M10-468 (S.D.N.Y. May 26, 2010) (requiring
agencies to calculate and remit the statutory fees for litigants in their custody).

Plaintiff has executed a prisoner authorization that authorizes the agency having custody
of Plaintiff, or any agency to which Plaintiff is transferred, to send a certified copy of Plaintiff's
prison trust fund account for the past six months to this Court. The prisoner authorization further
authorizes the agency to calculate the amounts specified by 28 U.S.C. § 1915, to deduct those

---

[1] The initial partial filing fee is 20 percent of the greater of – (A) the average monthly
deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account
for the 6-month period immediately preceding the filing of the complaint. 28 U.S.C
§ 1915(b)(1)(A).

amounts from Plaintiff's prison trust fund account (or institutional equivalent), and to disburse

those amounts to this Court.

## CONCLUSION

The Clerk of Court is directed to send a copy of this order and the prisoner authorization

to the agency having custody of Plaintiff. That agency is directed to forward copies of Plaintiff's

prison trust fund account for the past six months and to disburse the payments required under 28

U.S.C. § 1915 to the United States District Court for the Southern District of New York and to

include the above docket number on the disbursement before sending it to the Court. If Plaintiff

is transferred to another facility, the current facility shall provide a copy of this order to the

facility to which Plaintiff is transferred. The Clerk of Court is also directed to send a copy of this

order to Plaintiff and note service on the docket.

Finally, it is Plaintiff's obligation to promptly submit a written notification to the Court if

Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

SO ORDERED.

Dated:    September 29, 2021
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

2

RECEIVED
SDNY PRO SE OFFICE

UNITED STATES DISTRICT COURT 2021 SEP 28  AM 9: 52
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ
(full name of the plaintiff/petitioner)

CV _____ ( ) ( )
(Provide docket number, if available; if filing this with your complaint, you will not yet have a docket number.)

-against-

TENNESSEE S. PALMER
A. VALLE
(full name(s) of the defendant(s)/respondent(s))

## PRISONER AUTHORIZATION

By signing below, I acknowledge that:

(1) because I filed this action as a prisoner,[1] I am required by statute (28 U.S.C. § 1915) to pay the full filing fees for this case, even if I am granted the right to proceed *in forma pauperis* (IFP), that is, without prepayment of fees;

(2) the full $350 filing fee will be deducted in installments from my prison account, even if my case is dismissed or I voluntarily withdraw it.

I authorize the agency holding me in custody to:

(1) send a certified copy of my prison trust fund account statement for the past six months (from my current institution or any institution in which I was incarcerated during the past six months);

(2) calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from my prison trust fund, and disburse those amounts to the Court.

This authorization applies to any agency into whose custody I may be transferred and to any other district court to which my case may be transferred.

9/22/01
Date

Signature

RODRIGUEZ  ANTHONY
Name (Last, First, MI)

93A9247
Prison Identification #

Clinton C.F.    DANNEMORA    NY    12929
Address              City          State    Zip Code

---

[1] A "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

SDNY Rev. 10/26/16

# EXHIBIT





RECEIVED
NOV 15 2021
U.S.D.C.
W.P.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ,

                    Plaintiff,                      Case No. 21-CV-8078 (KMK)

         .v.

TENNESSEE S. PALMER AND A. VALLE,     **MEMO ENDORSED**

                    Defendants.


                            DECLARATION

              <u>INCIDENT WHICH OCCURRED AT GREEN HAVEN C.F.</u>
                 <u>ON JAN. 6, 2021 INVOLVING PLAINTIFF</u>


        I, Anthony Rodriguez, declare under penalty of perjury that

the following facts are true and correct:

        On Jan. 6, 2021, I, Anthony Rodriguez 93A9247, did witness

C.O. T. Palmer, yelling at inmate, T. Haywood 09A2545, to go back

to his assigned program area of the Corcraft Industry at G.H.C.F.

Inmate Haywood tried to explain to C.O. Palmer, he was instructed

to empty all wood scraps bins and ready that garbage for disposal.

C.O. Palmer then became irate because inmate Haywood wasn't moving

fast enough. At this time, C.O. Palmer pulled out his mase cannister

and threatened to spray inmate Haywood if he didn't comply. C.O.

Valle, began inching slowly towards the exchange transpiring

between the two individuals. When inmate Haywood put his hands up

in a surrendering gesture, C.O. Plamer discharged the mase cannister.

I was standing about five feet away from this incident at my work

station. Myself and a few other inmates began saying how C.O.

Palmer's actions were uncalled for and I also mentioned that I could not be around discharged pepperspray because of a medical condition. As I began to move away from the area, C.O. Palmer sprayed me in the face. I was affected immediately and became very disoriented. I began violently sneezing, coughing uncontrollably, nauseous and my eyesight began becoming more and more blurry. I continued to express the maladies I was experiencing until I completely lost the ability to see. Suddenly, I was bearhugged from behind and violently thrown to the ground and this was when I blacked out.

I was jolted awake when C.O. Palmer jumped on my chest with his knees and he sprayed me again while he was yelling: "Stop resisting!" I began complaining of chest pains I was now experiencing and not being able breath properly made the pain worse. C.O. Palmer remained on top of me, pinning me to the floor keeping me face down.

Shortly thereafter, I was handcuffed and yanked to my feet by another C.O. who then shoved me violently against the nearby wall. I kept complaining of my chest pains, trouble breathing and the loss of my eyesight. I was then forced to walk stumblingly while being dragged still handcuffed to the infirmary. I was being painfully held up by my handcuffed hands behind my back and was told I should not have been fighting. I was never in a fight before all this occurred and had no idea who I was supposedly in an altercation with. During the Clinic staff's ministrations, I began experiencing increasing heart problems but a Sgt. and LT. kept interrupting the Clinic Staff to ask me what happened. The

blackouts and heart problems I was experiencing then are a result of the stroke I had back in 2012. The resurgence of these medical problems were caused due to C.O. Palmer's violent conduct and the pepperspray I was subjected to. After the nurses completed cleaning and bandaging all the bloody wounds throughout my body due to C.O. Palmer's violent conduct, I was rushed to Vassar Hospital for further medical assistance because I was experiencing increased heart problems.

When I returned to Green Haven C.F., I was placed in an isolation room on the infirmary's 2nd floor for the night. There was no explanation as to why this was required. The very next day, 6/7/2021, I was issued a Misbehavior Report for: Fighting, Assault on inmate, direct order and Weapon use. Inmate T. Haywood 09A2545, was the individual I was being accused of having the altercation with. Wholeheartedly, I believe the Misbehavior Reports were written to cover-up C.O. T. Palmer's misconduct, unprofessionlism and criminal acts. Furthermore, C.O. Palmer admitted he did not see me nor inmate Haywood fighting during his testimony at inmate Haywood's disciplinary hearing, (See - Green Haven C.F.'s Hearing Tape #D-34 inmate T. Haywood 09A2545)--Tier III Hearing).

These events are true to the best of my recollection. They (Correctional Staff) are also claiming that camera footage does not exist of any part of the incident. Some kind of Body Camera footage should exist of any portion of this occurance but strangely it does not.

-3-

In conclusion, none of the contentions brought against me within the Misbehavior Report, the fabricated Unusual Incident Report and the Tier III disciplinary hearing, (See - Green Haven's Hearing Tape #D-24), were truthful or proper in any form or fashion. I should not have been attacked nor brutally treated by C.O. Palmer and all other Correctional staff involved in this incident.

11/12/21
_____
Executed on

Respectfully,

Anthony Rodriguez
93A9247

Clinton Correctional Facility,
P.O. Box 2001
Dannemora, N.Y. 12929

The Court will consider this Declaration as annexed to Plaintiff's Complaint.

Plaintiff's Motion To Award Damages, (Dkt. No. 9), is denied without prejudice as premature. The Court will consider this Motion as annexed to Plaintiff's Complaint.

The Clerk of Court is respectfully directed to terminate the pending Motion, (Dkt. No. 9), and mail a copy of this Order to Plaintiff.

SO ORDERED

_____
KENNETH M. KARAS U.S.D.J.

11/19/21

-4-

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Anthony Rodriguez

---

Write the full name of each plaintiff or petitioner.

Case No. 21 CV 8078 (KMK)(JCM)

-against-

Tennessee S. Palmer and

A. Valle

**NOTICE OF MOTION**

Write the full name of each defendant or respondent.

PLEASE TAKE NOTICE that ___Plaintiff___  ___Anthony Rodriguez___

  plaintiff or defendant          name of party who is making the motion

requests that the Court: Award Compensatory Damages - Pain & Suffering and
mental anguish of $150,000 and Punitive Damages due to Defendant's
reckless, callous and evil motive and intent to violate Plaintiff's Federal Rights
and Human Rights.. 42 U.S.C. § 1983; 28 U.S.C. § 1331 and 14th Amendment
violation of Equal Protection Clause.

Briefly describe what you want the court to do. You should also include the Federal Rule(s) of Civil Procedure or
the statute under which you are making the motion, if you know.

In support of this motion, I submit the following documents (check all that apply):

☐  a memorandum of law

☒  my own declaration, affirmation, or affidavit

☐  the following additional documents:  Rodriguez v. Palmer et al

21-cv-08078

11/18/21
Dated

Anthony Rodriguez
Name

Signature

93A9247
Prison Identification # (if incarcerated)

Clinton Correctional Facility, P.O.Box 2001, Dannemora, N.Y. 12929
Address                                      City          State        Zip Code

Telephone Number (if available)            E-mail Address (if available)

<u>AFFIDAVIT OF SERVICE</u>



STATE OF NEW YORK    )
                     )
COUNTY OF DANNEMORA  )

Rodriguez v. Palmer et al
21-CV-08078
District Judge: Kenneth M. Karas
Magistrate Judge: <u>Judith C. McCarthy</u>

     Anthony Rodriguez, being duly sworn, deposes and says:

     I am the above-mentioned Plantiff, and I have served the

following documents: 42 U.S.C subsection 1983 Declaration and

Notice Of Motion, upon the following party(ies):

White Plains Courthouse
300 Quarropas Street
White Plains, N.Y. 10601-4150

by placing the above in a post-paid envelope and depositing it in

a United States Postal Service mailbox located at: Clinton

Correctional Facility, P.O. Box 2001, Dannemora, N.Y. 12929, on

the  12  day of  November  , 2021, as due and sufficient

service.

                                        Respectfully,

                                        Anthony Rodriguez
                                        93A9247

SWORN TO BEFORE ME THIS

 12  DAY OF  November  , 2021


          NOTARY PUBLIC
          Michael Miller
     Notary Public State of New York
        No. 01MI6424453
      Qualified in Clinton County
   Commission Expires  11-1-2025

# EXHIBIT





## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-6185

April 12, 2023

**Via ECF**
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re:    <u>Rodriguez v. Palmer</u>, 21 Civ. 8078 (KMK)

Dear Judge Karas:

I have been advised that Chambers contacted this Office regarding the above-captioned action and the lack of a response submitted to date. I am the attorney assigned by this Office to represent defendant Correction Officers Tennessee Palmer and Anthony Valle in a different, albeit factually related, action, <u>Haywood v. Palmer</u>, 21 Civ. 7277, which was recently dismissed without prejudice by Judge Román. Based on my preliminary investigation, it appears that both actions were commenced and served within a few weeks of each other in 2021, and because the defendants are the same, there was likely confusion, and the existence of the instant lawsuit was overlooked. We apologize for this oversight. The docket currently does not reflect any request by Plaintiff for a default.

At this time, we do not yet represent Officers Palmer and Vale in the instant action and are processing their requests for representation, which we expect to be completed shortly. It is respectfully requested that these defendants be allowed until May 12, 2023 to file a response to the Complaint. Again, we apologize for any oversights.

We thank the Court for its consideration in this matter.

Granted. The Clerk is to mail a copy of this
document to Plaintiff.

So Ordered.

/s/ KMK                    4/12/23

cc: Plaintiff pro se (regular mail)

Respectfully submitted,
<u>/s/ Jeb Harben</u>
Jeb Harben, Assistant Attorney General
Jeb.harben@ag.ny.gov

---

[1] I was not the attorney initially assigned to <u>Haywood v. Palmer</u> and was not involved when it was received by this Office.

28 Liberty Street, New York, New York 10005 ● Tel.: (212) 416-8610 ● Fax: (212) 416-6075 (Not For Service of Papers)
http://www.ag.ny.gov

# EXHIBIT



Case 7:21-cv-08078-KMK    Document 19    Filed 05/24/23    Page 1 of 2



## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIRECT DIAL: (212) 416-6185

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

May 12, 2023

**By ECF**
Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Rodriguez v. Palmer, et al., 21 Civ. 8078 (KMK)

Dear Judge Karas:

This Office represents defendant New York State Department of Corrections and Community Supervision ("DOCCS") Correction Officers Tennessee S. Palmer and Anthony Valle ("Defendants") in the above referenced action involving a claim of excessive force. Pursuant to Your Honor's Individual Practices, I write to respectfully request a pre-motion conference regarding Defendants' anticipated Fed. R. Civ. P. 12(b)(1) and (6) partial motion to dismiss the injunctive claims raised in this action as well as any state law claims that may be read into the *pro se* complaint.

### Plaintiff's Allegations

Plaintiff alleges that on January 6, 2021, while incarcerated at Green Haven Correctional Facility ("Green Haven"), he was assaulted by Defendants. Plaintiff further alleges that he was subsequently found guilty of several disciplinary violations.

### Plaintiff's Equitable Claims Must Be Dismissed

Plaintiff seeks two forms of equitable relief: (1) an expungement of certain disciplinary sanctions stemming from the events of January 6, 2021[1] and (2) an order that all security staff at Green Haven wear body cameras at all times.

Preliminarily, the two Correction Officers sued do not have the authority and capacity to carry out the relief sought (expungement and ordering all staff at Green Haven to wear body cameras), and thus the claims against them should be dismissed. *See Blackburn v. Goodwin*, 608

---

[1] The Complaint does not raise a claim for monetary damages regarding the prison discipline, just the claim for equitable relief. In any event, an allegedly false misbehavior report is not actionable here (*Dukes v. Schuck*, 637 Fed.Appx. 37, 39 (2d Cir. 2016)) and Plaintiff has not sued the official who conducted his disciplinary hearing.

Page 2

F.2d 919, 925 (2d Cir. 1979) (official defendant must have the "the official capacity necessary to enable him to comply with the injunctive relief sought"). In addition, as evidenced by the Complaint in this action, which lists his address as Clinton Correctional Facility, Plaintiff has since been transferred out of Green Haven, mooting his equitable claims regarding Green Haven. *See McCray v. Lee*, 963 F.3d 110, 117 (2d Cir. 2020) (transfer moots claim).

**Any State Law Claims are Barred**

      Any state law claims that the Court may read into the pleadings are not properly brought before this Court as Corrections Law § 24 bars any such claims against DOCCS personnel such as Defendants. *See Baker v. Coughlin*, 77 F.3d 12, 15 (2d Cir. 1996) (discussing Corrections Law § 24).

      For all the foregoing reasons, Defendants respectfully request a pre-motion conference to discuss their anticipated partial motion to dismiss

      We thank the Court for its consideration.

                                Respectfully submitted,

                                /s/Jeb Harben
                                Jeb Harben
                                Assistant Attorney General
                                Jeb.harben@ag.ny.gov

cc:      Pro se plaintiff (via First Class mail)

Defence motion to Dismiss is due 6/23/23. Plaintiff's response is due 7/23/23 Defence reply is due 8/23/23. The Clerk is to mail this document to Plaintiff.

So Ordered

5/24/23

28 LIBERTY ST., NEW YORK N.Y. 10005 • PHONE (212) 416-8610 • FAX (212) 416-6075 •NOT FOR SERVICE OF PAPERS
HTTP://WWW.AG.NY.GOV

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANTHONY RODRIGUEZ,                                     :
                                                       :
                          Plaintiff,                   :
                                                       :       **NOTICE OF APPEARANCE**
        - against -                                    :
                                                       :       21 Civ. 8078 (KMK)
TENNESSEE S. PALMER AND A. VALLE,                      :
                                                       :
                          Defendants.                  :
------------------------------------------------------------X

        PLEASE TAKE NOTICE that the undersigned attorney, duly admitted to practice in this

Court, hereby appears as counsel on behalf of LETITIA JAMES, Attorney General of the State of

New York, representing defendants Tennessee S. Palmer and Anthony Valle in the above-

captioned action. Please serve all papers and direct all further correspondence and/or electronic

notices to the undersigned.


Dated: New York, New York
       May 12, 2023

                                        Respectfully submitted,
                                        LETITIA JAMES
                                        Attorney General
                                        State of New York
                                        Attorney for Defendants Palmer and Valle

                                        /s/Jeb Harben
                                        Jeb Harben
                                        Assistant Attorney General
                                        28 Liberty Street
                                        New York, New York 10005
                                        (212) 416-6185
                                        jeb.harben@ag.ny.gov

TO:     Anthony Rodriguez, DIN 93-A-9247
        Plaintiff Pro Se
        Clinton Correctional Facility
        P.O. Box 2001
        Dannemora, NY 12929



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY RODRIGUEZ,

                        Plaintiff,

          - against -                                    21 Civ. 8078 (KMK)

TENNESSEE S. PALMER AND ANTHONY
VALLE,

                        Defendants.
----------------------------------------------------------X

## <u>NOTICE OF MOTION</u>

**PLEASE TAKE NOTICE** that, upon the motion filed herein, the accompanying

memorandum of law, and all other pleadings and papers filed herein, Defendants, by their attorney,

Letitia James, the Attorney General of the State of New York, will move this Court before the

Honorable Kenneth M. Karas, United States District Judge, at the United States Courthouse, 300

Quarropas Street, White Plains, New York 10601, at a time designated by the Court, for an Order

pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure partially dismissing the

Complaint.

Dated: New York, New York             Respectfully submitted,
          June 23, 2023

                                       LETITIA JAMES
                                       Attorney General State of New York
                                       <u>Attorney for Defendant Dr. Kim</u>
                                       By:<u>/s/ Jeb Harben</u>
                                       Jeb Harben, Assistant Attorney General
                                       28 Liberty Street, 18th Floor
                                       New York, New York 10005
                                       212-416-6185/Jeb.harben@ag.ny.gov

To: Plaintiff Pro Se

# EXHIBIT



FORM 3105A (7/11)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name RODRIGUEZ, Anthony | DIN 93A9247 | Date of Birth 11/13/1972 | Facility Name 080. |
|---|---|---|---|

**Subjective:** Pt was seen in clinic after having a 1:1 physical altercation with another inmate. After fight Pt began having chest

**Objective:** pain. Dside nonradiating. + wax-wane presentation. Nonpositional, Nonexertional.

Last Name _____
DIN _____ Location _____
Date 01/04/2021 Time 1845

**Assessment:**

Provider Orders: Pt has hx of Biotronic implant in place.

EKG: RBBB Daxis dev. tachycardia

**Plan:** Pt given NTG with some mild resolution of P- but still active.

Sonia E
Dr. Isenberg
at vassa?

**Signature/Provider #** [initials] MD#1193. SANCHEZ    **RN Transcribing Order/Provider #/Date/Time** _____

---

**Subjective:** IM here f/u OTC IPC 1/7 8/P chest pain after physical altercation. Hx Loop recorder 2017, CVA 2012. At OBH 1/6 CXR, L thoracic x-ray, EKG Negative. C/o muscular pain to (R) chest/shoulder.

**Objective:** In NAD, W/lt 178lbs. Good Rom to upper extremities. c 3" healing linear wound - healed to (L) under forearm.

Last Name Rodriguez
DIN 93A9247 Location F 1-139
Date 1/12/21 Time _____

Provider Orders:

**Assessment:**

App — OTC IPC.

**Plan:**
— Informed all tests OBH negative.
— Encouraged to use Rx IBP prn for pain.
— OTC Bacitracin (3) given.
Flu prn -

**Signature/Provider #** matthew 341.    **RN Transcribing Order/Provider #/Date/Time** _____

---

**Subjective:** BJC — C/O pain in neck, (R) clavicle, B/C shoulders - more (R)side - constantly.

**Objective:** NAD A&O x 3. able to move all extremities

**Assessment:** would like to f/u c Ashany "for further testing"

**Plan:** Raso alteration in content request PCP f/u.

Last Name Rodriguez
DIN 93A9247 Location 71139
Date 7/16/21 Time _____
Provider Orders: OTC
IBU-9

**Signature/Provider #** [signature]    **RN Transcribing Order/Provider #/Date/Time** _____

Continue entry into next box if necessary.

FORM 3105A (7/11)    STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
**AMBULATORY HEALTH RECORD PROGRESS NOTE**

| Name | DIN | Date of Birth | Facility Name |
|---|---|---|---|
| Rodriguez, A | 93A9247 | 11 | 13 | 72 | 080 |

**Subjective:** Im had Ling monitor placed 6/28/17.

**Objective:** Last CAR f/u 10/23/17

**Assessment:**

**Plan:**

Last Name: Rodriguez
DIN: 93A9247    Location: F1-139
Date: 10/22/20    Time: —

Provider Orders:

Labs
CBC, CmP, Lipids, UA.

Signature/Provider # maShong 841    RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** Im here re ling monitor. ~~denies~~ ~~dizziness, black outs~~ error MR. Denies blackouts, rare episodes of dizziness. No ℞ shoulder pain, Surgery @ 2013? 16?

**Objective:** In NAD, wght 182 lbs, 98%, 80P. CVRRR S, S₂ 132/100. Good ROM to RUE.

**Assessment:** App — Ling monitor.
— CAR f/u.

**Plan:** — ℞ shoulder pain.
— xray ℞ shoulder. Continue IBP Rx. Consider PHH after xray.
— Flu pm.

Last Name: Rodriguez
DIN: 93A9247    Location: F1-139
Date: 10/23/20    Time: —

Provider Orders:

Signature/Provider # maShong 841    RN Transcribing Order/Provider #/Date/Time _____

---

**Subjective:** Pt. involved in 2-man-fight. C/o of pain in chest caused from Heart monitor. C/o that right clavicle hurts. OC spray used. Hx of loop monitor.

**Objective:** ① 2 in x 1/2 in abbrasion to ① upper ⓇArm. ② 1" x 1/2 in abbrasion below ⓇKnee. ③ 6" x 1/2 in. abbrasion below ⓇKnee. ④ 1 in x 1/2 in abbrasion to Ⓛforearm. ⑤ 1 in x 1/2 in abbrasion to Ⓛ forearm.

**Assessment:** NAD, A to x3, VSS, EKG done as per provider. B/P-154/83  P-114  T-98.2  R-17  O2-98% RA

**Plan:** Nitro given @ 1:28 pm. Seen by provider.
Send pt. to Vassar Hospital via Ambulance due to Abnormal EKG
Pt washed eyes c cold water and Dawn dish soap. Wounds cleansed c NS, bacitracin applied.
Non steroid Dsg applied.

Last Name: Rodriguez
DIN: 93A9247    Location: Clinic
Date: 1/6/21    Time: 1:10 pm

Provider Orders: B/P-154/83  P-114  T-98.2  R-17  O2-98% RA

Signature/Provider # ____ c Heady RN #3 ____    RN Transcribing Order/Provider #/Date/Time _____

---

Continue entry into next box if necessary.

⑥ 1 1/2 in x 1 1/2 in abbrasion to upper Ⓛ arm, ⑦ 1 in x 1 1/2 in abbrasion to upper Ⓡ arm.
O2 4L via NC as per provider's, accept now Close O2-93%, RA-150 pm

FORM 3180 (12/11)

**STATE OF NEW YORK**
**DIVISION OF HEALTH SERVICE**

## HEALTH PROVIDER ORDER SHEET

DIAGNOSIS C.P. S/P 2 man fight

Drug Sensitivity  yes (no) Specify NKDA

Patient Name Rodriguez, Anthony

DIN 93A9247      Date of Birth 11/13/72

Facility Name GHCF

| Order Date & Time | V/O Dr Sanchez    ORDERS | Medication Start Date | Stop Date | Nurse attending to order |
|---|---|---|---|---|
| 1/6/21 920pm | Admit to IPC; VS g Shift, Regular Diet. | | | |
| | ① ASA, EC, 81g po Daily | | | |
| | ② Ibuprophen 600 po TID PRN Pain. | | | |
| | redose ③ Linderman RN V | | | |
| | ✓ NOTED 1/6/21 | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

Sheet # _____

**STATE OF NEW YORK DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION**
**PATIENT REFERRAL FORM**

Date of Appt. _1/6/21_

Name: _Rodriguez, Anthony_ DIN: _93A9247_ DOB: _11/13/72_ Facility: _080_

**Type of Encounter:** ☐ Telemedicine: If this is a telemedicine encounter, has the inmate given informed consent to the telemedicine encounter? ☐ Yes ☑ No (If "No", obtain consent)

☐ Specialty Clinic Type: _____ Location: _____

☑ Hospital/ER Name: _VBMC_ Contact Name/Number: _____

☐ Check here if inmate requires language or sign language interpreter services (specify) _____

| Date of Vitals | Temp | Pulse | Resp | BP | O₂ Sat | Height | Weight |
|---|---|---|---|---|---|---|---|
| 1/6/21 | 98² | 114 | 17 | 159/83 | 98% | | |

**Reason for Referral:** (include history of present illness, symptoms, and other specific abnormal findings)

_See attached_

**Significant Medical History:** (check all that apply) ☐ History and Physical Attached ☐ Consults attached

| | | | |
|---|---|---|---|
| ☐ Asthma/COPD | ☐ Cardiovascular/HTN | ☐ Infectious Disease | ☐ Pregnancy |
| ☐ Bleeding disorder | ☐ Diabetes | ☐ Mental Health dx | ☐ Vision/hearing impaired |
| ☐ Cancer | ☐ Gastrointestinal | ☐ Orthopedic | ☐ Other: |

**Medication/Treatments:** _See attached_

☐ Inmate is **not** currently taking any medications

Has the inmate had any of these symptoms within the last week? ☐ Cough ☐ Fever ☐ Night sweats
☐ Hemoptysis ☐ Severe Fatigue ☐ Weight loss over 10 lbs. in last 3 months (explain all symptoms)

**Allergies:** ☑ No known allergies ☐ Allergies to: (food and/or medications) _____

**Implants/Medical Devices/Metal in Body:** ☐ No ☑ Yes (specify): _____

**Additional Medical History:** _____

**Psychiatric diagnosis?** ☐ No ☐ Yes (if yes, specify medications): _____

| | Specific Test(s) | Result(s) |
|---|---|---|
| Lab | | |
| X-Ray/CT/MRI | | |
| EKG Results | attached. | |
| Other: (specify) | | |

**Review of Diagnostic Testing** (check all that apply) ☐ Test results attached

**Additional information on diagnostic testing/results:** _____

**PPD Information:** _TB Quantiferon_ Latest test date: _05-07-20_ Result: ☑ Negative ☐ Positive _____ mm

Previous date: _03-07-19_ Result: ☑ Negative ☐ Positive _____ mm

**Other comments:** _Covid test negative 07-29-20_

**Referred by:** _Dr Sanchez_

**Correctional Facility Contact Name/Phone** _Green Haven_

**Form Completed by:** _S.H___ R_    _384_    _01-06-21 @_
Signature                Provider #        Date/time

Form 3275 (6/2017)    Original: Hospital/Consultant    Copy: Consults Section



Rodriguez, Anthony
ID: R06627
11/13/1972
48 Years

Male

01/06/2021  14:32:41
green haven cf
rt 216
stormville

VR :        100 bpm
PR Interval :    164 ms
QRS Duration :   138 ms
QT / QTcBaz :    376 / 485 ms
P-R-T Axes :     41 / -39 / 18 degrees
RR Interval :    602 ms
PP Interval :    600 ms
BP :          / —  mmHg

Normal sinus rhythm
Left axis deviation
Right bundle branch block
Inferior infarct , age undetermined
Abnormal ECG

Location :
Order Number :
Room :
Indication :
Medication 1 :
Medication 2 :
Medication 3 :

Technician :
Ordering Ph :
Referring Ph :
Attending Ph :

FORM 3194 (7/11)      STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
## NYSDOCCS REQUEST & REPORT OF CONSULTATION

Name _Rodriquez_     DIN _93A9247_   DOB _11/13/72_     Referral # _____

Referral Date _1/6/21_   Facility _080_ _____     CCP Decision Required? Yes ___ No ___

Consult Requested By _Sanchez MD._  Specialist _____     Referral Type:   Initial ___   F/U ___

Reason for consultation (include diagnostic test results, current meds and treatments)     Procedure _____   Telemed _____

TOS Code _____   POS Code _____

Date _____   Time _____

Chest pain R/o. AcS. Known hx of Arrhythmias
Was Bitronic loop implanted @ chest.
EKG: RBBB @ axis dev.    RBBB is old.
Desat on RA → on O₂ 4L.
tachycardic 110-120.

                                    ⑧ MD
                                    #195.

---

**Urgency of Care**     Emergency _✓_ Urgent ___ Soon ___ Routine ___ Assigned ___
                        24 HOURS        5 DAYS      14 DAYS     30 DAYS    MORE THAN 30 DAYS

**Transportation**      Ambulatory ____ WC ____ WC Van ____ Ambulance/Ambulette ____ Healthcare Staff ____

**Medical Hold**        NO ___ YES ___ Type Code _____ Reason Code _____ Exp. Date _____

**Interpreter**         NO ___ YES ___ Language _____ Sensorially Impaired: Hearing ____ Vision ____

## CONSULTANT REPORT      * Consultant treatment plan is a recommendation and final determination is made by the inmate's
                          NYSDOCCS physician. **ATTENTION DO NOT INFORM INMATE OF FUTURE APPOINTMENTS.**

S:



O:



A:



P:



CONSULTANT
(Signature) _____ DATE _____ Request F/U by ____/____/____
**Procedure Time Frame (check one):**   (Within) 5 days ___ 14 days ___ 30 days ___ 2 months ___ 3 months ___ 6 months ___
Facility Physician Review _____ (Signature / provider # / date)

Dist.: WHITE - Inmate Health Record/Consultation Divider   CANARY - Consultant   PINK - Clinic Record   GOLDENROD - Pending Consult Copy

 **Nuvance Health.**

MR#: 111219218

Account #:  9558131
RODRIGUEZ, ANTHONY
DOB:   11/13/1972  48 years      Male
LOCATION:   .Emergency VB; MC06; .
ADMIT:  1/6/2021              DISCHARGE:

Vassar Brothers Medical Center
45 Reade Place
Poughkeepsie, NY 12601-
(845) 454-8500

DOCUMENT NAME:                    Discharge Instructions
SERVICE DATE/TIME:               1/6/2021 20:27 EST
RESULT STATUS:                    Auth (Verified)

# Discharge Instructions

We would like to thank you for allowing us to assist you with your healthcare needs. The following includes information regarding your visit. Please review these instructions when you return home in order to better understand your diagnosis, necessary further treatment, and precautions related to your condition. If your care team has recommended any change in your normal routine or activity, please follow these instructions closely.
**IF YOUR SYMPTOMS RETURN, OR IF THE CONDITION WORSENS OR NEW SYMPTOMS CALL YOUR DOCTOR OR RETURN TO THE EMERGENCY DEPARTMENT IMMEDIATELY.**

## Diagnosis from Today's Visit

1:Chest pain

**Your last documented Blood Pressure was:148 mmHg/90 mmHg**

If your blood pressure is higher than 120/80, we recommend that you call your primary care provider or the physician listed on your discharge instructions this week to arrange follow up for further evaluation of possible pre-hypertension or Hypertension. High blood pressure is associated with strokes, heart disease, and other serious illnesses, so it is very important that you discuss this finding with your primary doctor

# What To Do Next

You were treated today on an emergency basis; contact your primary care provider to notify them of your visit today. You may have been referred to your regular doctor or a specialist, please follow up as instructed. If your condition worsens or you can't get in to see the doctor, contact the Emergency Department.

## You Need to Schedule the Following Appointments

**Follow Up with** H99991 -NONE,
PCPONLY
**When:** Within 3 to 5 days

RODRIGUEZ, ANTHONY

DOB        11/13/1972

MR#    111219210

Account # 9558131

# Medications

Below are new medications prescribed during your Emergency Room Visit. A review of your medications has been completed. Unless otherwise noted, please continue to take medications as prescribed prior to your Emergency Room visit. Any specific questions regarding your chronic medications and dosages should be discussed with your physician(s) and pharmacist.

A side effect is usually regarded as an undesirable secondary effect which occurs in addition to the desired therapeutic effect of a drug or medication. For new medications, please refer to the medication leaflets provided for information on side effects.

**NEW PRESCRIPTIONS**
None

# Medications and Immunizations Administered in the ED

## Given
ibuprofen, 800 mg, Oral
No Immunizations given this visit.

# Test Results

If you have had imaging studies performed during your visit, the results are included in these discharge papers. Some of these results may be preliminary and will be finalized tomorrow. You will be notified of any additional findings. Your primary care provider should review all final reports to ensure no further testing is required. X-rays do not always show injury or disease. Fractures (breaks in the bones), or other abnormalities are not always revealed on initial x-rays but may be revealed on subsequent x-rays. Your X-ray may have been read on a preliminary basis by the emergency department doctor. The final reading will be made by the radiologist. You will be notified of any additional findings.

## Tests Performed
Lab

| Test Name | Test Result | Date/Time |
|---|---|---|
| WBC | 11.8 x10(3)/mcL (High) | 01/06/2021 15:20 EST |
| RBC | 4.89 x10(6)/mcL | 01/06/2021 15:20 EST |
| Hgb | 14.8 gm/dL | 01/06/2021 15:20 EST |
| Hct | 43.4 % | 01/06/2021 15:20 EST |
| MCV | 89 fL | 01/06/2021 15:20 EST |
| MCH | 30.3 pg | 01/06/2021 15:20 EST |
| MCHC | 34.2 gm/dL | 01/06/2021 15:20 EST |
| RDW | 13.2 % | 01/06/2021 15:20 EST |
| Platelet | 185 x10(3)/mcL | 01/06/2021 15:20 EST |
| MPV | 8.9 fL | 01/06/2021 15:20 EST |

RODRIGUEZ, ANTHONY

DOB    11/13/1972

MR#  111219210

Account # 9558131

| Test Name | Test Result | Date/Time |
|---|---|---|
| Neut Auto | 86.5 % (High) | 01/06/2021 15:20 EST |
| Lymph Auto | 6.3 % (Low) | 01/06/2021 15:20 EST |
| Mono Auto | 6.2 % | 01/06/2021 15:20 EST |
| Eos Auto | 0.6 % | 01/06/2021 15:20 EST |
| Baso Auto | 0.4 % | 01/06/2021 15:20 EST |
| Neut Absolute | 10.2 x10(3)/mcL (High) | 01/06/2021 15:20 EST |
| Lymph Absolute | 0.7 x10(3)/mcL | 01/06/2021 15:20 EST |
| Mono Absolute | 0.7 x10(3)/mcL | 01/06/2021 15:20 EST |
| Eos Absolute | 0.1 x10(3)/mcL | 01/06/2021 15:20 EST |
| Baso Absolute | 0.0 x10(3)/mcL | 01/06/2021 15:20 EST |
| D-Dimer | 249.0 ng/mL D-DU (High) | 01/06/2021 15:20 EST |
| Glucose Lvl | 93 mg/dL | 01/06/2021 15:20 EST |
| BUN | 15.0 mg/dL | 01/06/2021 15:20 EST |
| Creatinine | 1.20 mg/dL | 01/06/2021 15:20 EST |
| eGFR-AA | 78 mL/min/1.73m2 | 01/06/2021 15:20 EST |
| eGFR-NAA | 64 mL/min/1.73m2 | 01/06/2021 15:20 EST |
| BUN/Creat Ratio | 12.5 ratio | 01/06/2021 15:20 EST |
| Sodium Lvl | 142 mmol/L | 01/06/2021 15:20 EST |
| Potassium Lvl | 4.2 mmol/L | 01/06/2021 15:20 EST |
| Chloride | 107 mmol/L | 01/06/2021 15:20 EST |
| CO2 | 25 mmol/L | 01/06/2021 15:20 EST |
| AGAP | 10 | 01/06/2021 15:20 EST |
| Calcium Lvl | 9.3 mg/dL | 01/06/2021 15:20 EST |
| ALT | 30 IU/L | 01/06/2021 15:20 EST |
| AST | 24 IU/L | 01/06/2021 15:20 EST |
| Alk Phos | 83 IU/L | 01/06/2021 15:20 EST |
| Total Protein | 7.0 gm/dL | 01/06/2021 15:20 EST |
| Albumin Lvl | 4.4 gm/dL | 01/06/2021 15:20 EST |
| Glob | 2.6 gm/dL | 01/06/2021 15:20 EST |
| A/G Ratio | 1.7 ratio | 01/06/2021 15:20 EST |
| Bili Total | 1.1 mg/dL | 01/06/2021 15:20 EST |
| BNP | 23 pg/mL | 01/06/2021 15:20 EST |
| Troponin-I | <0.03 ng/mL | 01/06/2021 19:10 EST |
| Rapid COVID-19 | Negative. | 01/06/2021 15:31 EST |
| Rapid COVID-19 Interp | Negative results should be treated as presumptive and, if inconsistent with clinical signs and symptoms or necessary for patient management, should be tested | 01/06/2021 15:31 EST |

**RODRIGUEZ, ANTHONY**

DOB      11/13/1972

**MR#   111219210**

Account #  9558131

| Test Name | Test Result | Date/Time |
|-----------|-------------|-----------|
| | with an alternative molecular assay. Negative results do not preclude SARS-CoV-2 infection and should not be used as the sole basis for patient management decisions. Negative results should be considered in the context of a patient's recent exposures, history, presence of clinical signs and symptoms consistent with COVID-19. | |
| COVID Source | NP Swab | 01/06/2021 15:31 EST |

**Radiology**
XR Chest (CXR) Portable 01/06/2021 16:28 EST
XR Humerus 2+ Views Left 01/06/2021 16:29 EST

**EKG/Cardiovascular**
EKG, 01/06/21 15:12:00 EST, Stat, Stop Date 01/06/21 15:12:00 EST, Dyspnea

**EKG:** If an EKG was performed as part of your evaluation and was read preliminarily, it will be reviewed within 24 hours by a Cardiologists.

**Tests Pending**
HIV Antibody/Antigen 4th generation

RODRIGUEZ, ANTHONY

DOB      11/13/1972

MR#   111219210

Account # 9558131

# Education Materials

## Uncertain Causes of Chest Pain



Chest pain can happen for a number of reasons. Sometimes the cause can't be determined. If your condition does not seem serious, and your pain does not appear to be coming from your heart, your healthcare provider may recommend watching it closely. Sometimes the signs of a serious problem take more time to appear. Many problems not related to your heart can cause chest pain. These include:

- Musculoskeletal. Costochondritis is an inflammation of the tissues around the ribs that can occur from trauma or overuse injuries, or a strain of the muscles of the chest wall

- Respiratory. Pneumonia, collapsed lung (pneumothorax), or inflammation of the lining of the chest and lungs (pleurisy)

- Gastrointestinal. Esophageal reflux, heartburn, ulcers, or gallbladder disease

- Anxiety and panic disorders

- Nerve compression and inflammation

- Rare miscellaneous problems such as aortic aneurysm (a swelling of the large artery coming out of the heart) or pulmonary embolism (a blood clot in the lungs)

**Home care**

After your visit, follow these recommendations:

- Rest today and avoid strenuous activity.

- Take any prescribed medicine as directed.

Anthony Rodriguez 93A9247
Five Points Correctional Facility
State Rt. 96, P.O. Box 119
Romulus, N.Y. 14541

January 4, 2024

Hon. Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street
White Plains, N.Y. 10601

Re: Rodriguez v. Palmer
21 Civ. 8078 (KMK)

Dear Judge Karas;


Please find enclosed the Complaint and Exhibits
I could find as of now. I'm in the process of filing F.O.I.L.
requests to replace what was lost to me and destroyed by the
Correctional Officers at Clinton Correctional Facility.

Thank you for your time, patience and assistance
in these matters.

Respectfully,

Anthony Rodriguez
93A9247
Plaintiff Pro Se



Anthony Rodriguez 95A9247
Five Points Correctional Facility
State Rt. 96, P.O. Box 119
Romulus, N.Y. 14541

Retail

10007

RDC 03

RECEIVED
JAN 17 2024

p Se
urge
a Cent
New Yor

Legal Mail