UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY RODRIGUEZ,

                        Plaintiff,

    v.

TENNESSEE S. PALMER AND
ANTHONY VALLE,

                        Defendants.

No. 21-CV-8078 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Plaintiff Anthony Rodriguez ("Plaintiff"), proceeding pro se, brings this Action, pursuant to 42 U.S.C. § 1983, against Defendants Tennessee S. Palmer and A. Valle ("Defendants"), alleging Defendants used excessive force in violation of his constitutional rights. (*See generally* Am. Compl. (Dkt. No. 34).) Before the Court is Plaintiff's Application for the Court to request of pro bono counsel on his behalf. (*See* Letter from Anthony Rodriguez to Court ("Application") (Dkt. No. 43).) For the foregoing reasons, the Application is denied.

I. Discussion

    28 U.S.C. § 1915(e)(1) provides, courts "may request an attorney to represent any person unable to afford counsel." Unlike in criminal cases, there is no requirement that courts supply indigent litigants with counsel in civil cases. *See Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek pro bono representation for a civil litigant. *Id.*; *see also Ceara v. Deacon*, No. 13-CV-6023, 2020 WL 8512861, at *1 (S.D.N.Y. Dec. 9, 2020). Even if a court believes a litigant should have a pro bono lawyer, under the IFP statute, a court has no authority to "appoint" counsel, but instead,

may only "request" an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10, (1989); *see also Drayton v. Young*, No. 17-CV-5440, 2020 WL 9458906, at *1 (S.D.N.Y. Nov. 24, 2020). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of pro bono counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit set forth the factors a court should consider in deciding whether to grant a litigant's request for pro bono counsel. *See* 802 F.2d at 61–62. The litigant must first demonstrate he or she is indigent, for example, by successfully applying for leave to proceed IFP. The court must then consider whether the litigant's claim "seems likely to be of substance"—"a requirement that must be taken seriously." *Id.* at 60–61. If the request meets these threshold requirements, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.; see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including the litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application is decided on its own facts. *See Hodge*, 802 F.2d at 61; *see also Norman v. Doe*, No. 17-CV-9174, 2020 WL 6808854, at *1 (S.D.N.Y. Nov. 19, 2020).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris*

2

*v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered.") (internal quotation marks omitted); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered . . . .").

Plaintiff satisfies the threshold requirement of indigency because he filed a request to proceed in forma pauperis ("IFP") on September 28, 2021, which the Court granted the following day.  (*See* Dkt. Nos. 1, 4.)

Additionally, the Court assumes for the purposes of the instant Application that Plaintiff's claims have "some likelihood of merit" such that he satisfies *Hodge*'s threshold requirements.  *See Artis v. Phelps Mem'l Hosp. Ass'n*, No. 23-CV-9827, 2024 WL 1307223, at *2 (S.D.N.Y. Mar. 27, 2024); *see also McCray v. Lee*, No. 16-CV-1730, 2020 WL 4229907, at *2 (S.D.N.Y. July 23, 2020) (assuming for the purpose of the application for pro bono counsel that the plaintiff's claims had "some likelihood of merit"); *Ahmad v. White Plains City Sch. Dist.*, No. 18-CV-3416, 2020 WL 3972274, at *3 (S.D.N.Y. July 14, 2020) (same).

Nevertheless, the remaining *Hodge* factors do not weigh in favor of granting Plaintiff's application.  Plaintiff's core allegations are that he observed Defendants pepper spray another inmate, that Plaintiff stated that he could not be around pepper spray due to a medical condition, and that Defendants responded by pepper spraying Plaintiff and using excessive force to restrain him.  (*See* Am. Compl. ¶¶ 14–15.)  Because the resulting claims largely concern events that happened in Plaintiff's presence, he has "intimate knowledge of the facts and circumstances"

giving rise to his claim, and counsel will likely not assist in further fact-finding and investigation. *See Gill-Drayton v. New York State Educ. Dep't*, No. 23-CV-10259, 2024 WL 1216728, at *2 (S.D.N.Y. Mar. 21, 2024); *Goodson v. Sedlack*, No. 99-CV-10419, 2000 WL 278087, at *2 (S.D.N.Y. Mar. 14, 2000) (declining to appoint counsel where "[the] plaintiff ha[d] an intimate knowledge of the facts and circumstances which [were] the most relevant to [the] action" and did not demonstrate additional facts could be gathered only through the aid of counsel).

Although, Plaintiff claims he "assistance of an experienced attorney well versed in the necessary Civil Law," (Application at 1), a general assertion by Plaintiff as to his lack of expertise or legal skills is insufficient to justify a request for counsel. *See Gill-Drayton*, 2024 WL 1216728, at *2; *see also Culbreth v. Orange Cnty. Jail*, No. 24-CV-75, 2024 WL 1178850, at *2 (S.D.N.Y. Mar. 19, 2024) (stating that a "lack of legal knowledge, without more, does not provide sufficient basis to appoint counsel"); *West v. Brickman*, No. 07-CV-7260, 2008 WL 330373, at *2 (S.D.N.Y. Aug. 6, 2008) (reasoning a general assertion as to "a lack of knowledge in [c]ivil [l]aw" is insufficient to grant a request for counsel). Likewise, Plaintiff's "limited access to the law library" alone does not weigh in favor of granting counsel. *See Bonnie v. Annucci*, No. 20-CV-640, 2020 WL 1643893, at *2 (S.D.N.Y. Apr. 2, 2020). (*See also* Application at 1 (referencing "difficulties" being placed on library callout).)

Further, Plaintiff's claims "are not so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013). Indeed, Plaintiff's "[amended] complaint demonstrates a clear and concise statement of the facts, showing his ability to present his case." *Samet v. Dodrill*, No. 05-CV-8795, 2006 WL 278176, at *2 (S.D.N.Y. Feb. 3,

4

2006); *see also Jackson v. Stewart*, No. 22-CV-7476, 2023 WL 2919036, at *3 (S.D.N.Y. Apr. 12, 2023) (same). And, despite any difficulties, Plaintiff has been able to complete "all the [] work concerning this case," (*see* Application at 1), participate fully in conferences, and make decisions including discovery dates and setting a value for possible settlement, all of which support Plaintiff's ability to proceed pro se. *See Islam v. Fischer*, No. 07-CV-3225, 2008 WL 563462, at *3 (S.D.N.Y. Feb. 27, 2008).

Another factor is Plaintiff's "efforts to obtain counsel." *Mena*, 2013 WL 1165554, at *1. The plaintiff must conduct a thorough search and show more than a "minimal effort." *see Miranda v. City of New York*, No. 14-CV-210, 2016 WL 1317952, at *2 (S.D.N.Y. Apr. 1, 2016). Plaintiff has shown that he reached out to seven law firms by mail, explaining his case and the reasons he believes he needs the help of counsel, none of which have responded to him. (*See* Application at 5–12). Although Plaintiff has shown more than a minimal effort with his search, that search does not itself demonstrate the need to request counsel where other factors weigh against such a request. *See also Wright v Condit*, 13-CV-2849, 2015 WL 127866, at *2 (S.D.N.Y. Jan. 6, 2015) (denying the plaintiff's application for counsel even though he provided information showing he contacted multiple firms and legal agencies). Plaintiff also retains the option to contact to the New York Legal Assistance Group Clinic for Pro Se Litigants, which is a free legal clinic in this District. *See Urena v. City of New York*, 1-22-CV-4758, 2023 WL 5715836, at *2 (S.D.N.Y. Sept. 5, 2023); *see also Hesse v. Sungard Sys. Int'l*, 12-CV-1990, 2013 WL 174403, at *2 (S.D.N.Y. Jan. 14, 2013) (reasoning the plaintiff's search was not exhaustive because he did not try to get counsel through legal clinics or other non-profit organizations).

Accordingly, Plaintiff's Application is denied without prejudice to renewal at later phases of this case and should circumstances materially change. To the extent Plaintiff requires certain

documents in this case mailed to him, he may raise those issues in a letter to the Court. (*See* Application at 1 (referencing DOCCS general "tendenc[y]" to "delay" or "ignore" document requests from pro se litigants).)

## II. Conclusion

For the aforementioned reasons, Plaintiff's Application is denied without prejudice.

SO ORDERED.

Dated: June 13, 2024
White Plains, New York

KENNETH M. KARAS
United States District Judge